UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br>APPLICATION OF HORNBEAM CORP. | 14 Misc. 424 (VSB) |

# MEMORANDUM OF LAW IN SUPPORT OF PANIKOS SYMEOU'S MOTION TO INTERVENE

**Reed Smith LLP**
599 Lexington Avenue
New York, New York 10022
(212) 521-5400

and

**Marks & Sokolov, LLC**
1835 Market Street, 28th Floor
Philadelphia, PA 19103
(215)569-8901

*Attorneys for Movant Panikos Symeou*

## TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| I. | SYMEOU SHOULD BE PERMITTED TO INTERVENE | 3 |
| A. | SYMEOU HAS A RIGHT TO INTERVENE UNDER RULE 24(a) | 3 |
| 1. | The Motion Is Timely | 4 |
| a. | Symeou Satisfies General Timeliness | 4 |
| b. | There is No Prejudice to Existing Parties | 5 |
| c. | Symeou Will Be Prejudiced | 5 |
| d. | Unusual Circumstances Support Timeliness | 6 |
| 2. | Symeou Has A Direct Interest In This Proceeding | 6 |
| 3. | Symeou's Interests Will Be Impaired Absent Intervention | 7 |
| 4. | Symeou's Interests Are Not Adequately Represented by the Subpoena Targets or Anyone Else | 9 |
| B. | SYMEOU SHOULD BE PERMITTED TO INTERVENE UNDER RULE 24(b) | 9 |
| CONCLUSION | | 11 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Application of the Coalition to Protect Clifton Bay*,
    2014 WL 5454823 (S.D.N.Y. 2014) ................................................................................. 9

*In re Application of Hornbeam Corp.*,
    No. 14 MISC. 424, 2014 WL 8775453 (S.D.N.Y. Dec. 24, 2014) ..................................... 2

*Arista Records, Inc. v. Dalaba Color Copy Ctr., Inc.*,
    2007 WL 749737 (E.D.N.Y. 2007) ................................................................................... 4

*Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*,
    262 F.R.D. 348 (S.D.N.Y. 2009) ....................................................................................... 3

*Bay Casino, LLC v. M/V Royal Empress*,
    199 F.R.D. 464 (E.D.N.Y. 1999) ....................................................................................... 3

*Berroyer v. United States*,
    282 F.R.D. 299 (E.D.N.Y. 2012) ....................................................................................... 4

*Catanzano by Catanzano v. Wing*,
    103 F.3d 223 (2d Cir. 1996) ............................................................................................... 4

*EEOC v. Rekrem, Inc.*,
    199 F.R.D. 526 (S.D.N.Y. 2001) ....................................................................................... 5

*Gov't of Ghana v. ProEnergy Servs., LLC*,
    2011 WL 2652755 (W.D. Mo. 2011) ................................................................................. 9

*Granny Goose Inc. v. Teamsters*,
    415 U.S. 423 (1974) ........................................................................................................... 7

*In re Grupo Unidos Por El Canal S.A.*,
    2015 WL 1815251 (N.D. Ca. 2015) ................................................................................... 9

*In re Gushlak*,
    2011 WL 3651268 (E.D.N.Y. 2011) *aff'd sub nom. Gushlak v. Gushlak*, 486
    F. App'x 215 (2d Cir. 2012) .............................................................................................. 10

*Gushlak v. Gushlak*,
    486 Fed. Appx. 215 (2d Cir. 2012) .................................................................................... 8

*In re Hanwha Azdel, Inc.*,
    979 F. Supp. 2d 178 (D. Mass. 2013 .................................................................................. 7

*Hnot v. Willis Group Holdings, Ltd.*,
  234 Fed. Appx. 13 (2d Cir. 2007) ............................................................................... 4

*In Re Letter if Request From The Supreme Court of Hong Kong,* 138 F.R.D. 27
  (S.D.N.Y. 1991) ........................................................................................................ 10

*Kuwait Inv. Auth. v. Sarrio S.A. (In re Sarrio, S.A.)*,
  119 F.3d 143 (2d Cir. 1997) .................................................................................. 3, 6

*In re Letter of Request from Crown Prosecution Serv. of United Kingdom*,
  870 F.2d 686 (D.C. Cir. 1989) ............................................................................... 4, 6

*In re Letter of Request from Supreme Court*,
  138 F.R.D. 27 (S.D.N.Y. 1991) .................................................................................. 8

*In re Letters Rogatory from Tokyo Dist. Pros. Off.*,
  16 F.3d 1016 (9th Cir. 1994) ................................................................................... 10

*In re Letters Rogatory Issued by Dir. of Inspection of Gov't of India*,
  385 F.2d 1017 (2d Cir. 1967) .................................................................................... 7

*MASTR Adjustable Rate Mortgages Trust 2006-A3 v. UBS Real Estate Securities*,
  2013 WL 139636 (S.D.N.Y. 2013) ............................................................................ 9

*Matthews v. Eldridge*,
  424 U.S. 319 (1976) ................................................................................................... 7

*In re Merck & Co., Inc.*,
  197 F.R.D. 267 (M.D.N.C. 2000) .............................................................................. 8

*Mortgage Lenders Network, Inc. v. Rosenblum*,
  218 F.R.D. 381 (E.D.N.Y. 2003) ............................................................................... 5

*Southwest Center for Biological Diversity v. Berg*,
  268 F.3d 810 (9th Cir. 2001) ..................................................................................... 3

*Trbovich v. UMW*,
  404 U.S. 528 (1972) ................................................................................................... 9

*United States v. Minker*,
  350 U.S. 179 (1956) ................................................................................................... 7

**Statutes**

28 U.S.C. § 1782 ................................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 24 .................................................................................................... 2, 3

Fed. R. Civ. P. 24(a) .................................................................................................................4, 10

Fed. R. Civ. P. 24(a)(2) ..............................................................................................................3, 4

Fed. R. Civ. P. 24(b) .......................................................................................................................9

Fed. R. Civ. P. 26(c) .....................................................................................................................10

Fed. R. Civ. P. 45 .........................................................................................................................10

Fed. R. Civ. P. 45(a)(1)(D) ..........................................................................................................10

Fed. R. Civ. P. 45(a)(4) ................................................................................................................10

Fed. R. Civ. P. 65 ...........................................................................................................................7

Local Civil Rule 6.1(d) ..............................................................................................................7, 8

**Other Authorities**

Code of Conduct for U.S. Judges, Canon 3 §A(4) (2009) ..........................................................7, 8

Panikos Symeou ("Symeou"), by and through its counsel, respectfully submits this Memorandum of Law in support of its Motion to Intervene (the "Motion").

**PRELIMINARY STATEMENT**

By Order, dated December 24, 2015 ("Order") (ECF 5), this Court granted an *ex parte* Application ("Application") pursuant to 28 U.S.C. §1782, which permits a court to authorize discovery "for use" in foreign proceedings by "interested persons" pursuant to the Federal Rules of Civil Procedure. The Order authorized Hornbeam Corp. ("Hornbeam") to obtain discovery of confidential commercial and personal information relating to several individuals and entities from twelve banks and three professional service providers. Symeou, one of the targets of this discovery seeks to intervene in this proceeding in order to vacate this order and seek related relief.

As discussed in Symeou's motion to vacate and the Cooper Emergency Declaration, Hornbeam misled the Court about the need for, and intended use of, this discovery. In order to conceal its improper Application , Hornbeam deliberately failed to provide *any* notice to the potential defendants of the Application, Order, service of subpoenas on twelve banks (the "Subpoenas"), *or* discovery received from the twelve banks (the "Discovery"). Symeou, one potential defendant, recently discovered the Order and proceedings by happenstance.

The §1782 proceedings were a subterfuge. Although six months have passed since the Court issued the Order, Hornbeam has not initiated any *foreign proceedings*. Instead, on June 15, 2015, Hornbeam's purported successor, Bracha Foundation, and its beneficial owner, Vadim Shulman, initiated an action in Trumbull County, Ohio against Symeou and three other targets of its §1782 discovery. *See* Complaint, *Bracha Foundation et al., v. Warren Steel Holdings LLC et al.,* 2015 cv 1117 (the "Ohio Action"), attached as Exhibit 40 to the Kadosh Declaration.

The Ohio Action concerns the very same allegations that Hornbeam said it would initiate as foreign proceedings in its §1782 Application, and for which it needed the §1782 discovery. Specifically, the Ohio Action alleges that Igor Kolomoisky and Gannady Bogolubov are improperly causing Warren Steel to accept secured loans from "Related Parties" related to these individuals. Similarly, Hornbeam told this Court that "the material Hornbeam seeks to discover is potentially critical to those proceedings because it is relevant to whether Kolomisky and Bogolubov controlled the Related Parties or provided the funds that the Related Parties loaned to Warren Steel." *See In re Application of Hornbeam Corp.*, No. 14 MISC. 424, 2014 WL 8775453, at *3 (S.D.N.Y. Dec. 24, 2014). Thus, Hornbeam (using false representations, including that it was disputed that Kolomoisky and Bogloubov were related to the "Related Parties") initiated the §1782 proceedings to obtain discovery materials for use in domestic—not foreign--proceedings.

Pursuant to Fed. R. Civ. P. 24, to the extent required, Symeou moves to intervene of right and/or permissively in order to make the accompanying Order to Show Cause To Vacate the *Ex Parte Order*, Deny Hornbeam's 28 U.S.C. §1782 Application, And Compel Production of §1782 Subpoenas, Related Communications, and Discovery ("Motion to Vacate").

Intervention should be granted because: (i) the Motion is timely; (ii) Symeou has an undisputable interest in this litigation; (iii) Symeou's interests have been impaired by Hornbeam's apparent use of the §1782 Discovery in the Ohio Action and by Hornbeam's receipt of confidential commercial and personal information to which it is not entitled, including that of Symeou and Halliwel Assets, Inc. (of which Symeou is a shareholder as trustee for Kolomoisky and sole director); and (iv) Symeou's interests will not be adequately represented because all subpoena recipients are third parties and the twelve banks have <u>already</u> produced Discovery.

**FACTS**

The facts relevant to this motion are fully set forth in the accompanying Motion to Vacate and in the Emergency Cooper Declaration. The defined terms used in the Motion to Vacate are used herein.

**ARGUMENT**

Rule 24(c) provides that a motion to intervene must "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." A canvass of the caselaw reflects that such a requirement is not imposed in §1782 matters, perhaps because motions to vacate and/or quash are not pleadings under Rule 7. In any case, Symeou's Motion to Vacate was filed contemporaneously with this Motion.

**I.      SYMEOU SHOULD BE PERMITTED TO INTERVENE**

   **A.      SYMEOU HAS A RIGHT TO INTERVENE UNDER RULE 24(a)**

"A motion to intervene as a matter of right… should not be dismissed unless it appears to a certainty that the intervener is not entitled to relief under any set of facts." *Bay Casino, LLC v. M/V Royal Empress*, 199 F.R.D. 464, 467 (E.D.N.Y. 1999) (granting intervention). "In general, Rule 24 is construed "liberally in favor of potential interveners." *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001). "Courts applying Rule 24 accept as true the non-conclusory allegations of the motion." *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, 262 F.R.D. 348, 352 (S.D.N.Y. 2009) (granting intervention under Rule 24(a)(2)).[1]

---

[1] Many courts hold parties to foreign proceedings have standing to participate in §1782 proceedings *without* intervening. *See e.g. Kuwait Inv. Auth. v. Sarrio S.A. (In re Sarrio, S.A.)*, 119 F.3d 143, 148 (2d Cir. 1997) ("standing to oppose subpoenas issued under § 1782 is [not] limited to the subpoenaed witness. … [P]arties [to foreign proceedings] against whom the

3

Rule 24(a) Provides:

<u>Intervention of Right</u>. On timely motion, the court must permit anyone to intervene who: … (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

For Rule 24(a)(2), an applicant need only: "(1) file a timely motion; (2) claim an interest relating to the property or transaction that is the subject of the action; (3) be so situated that without intervention the disposition of the action may impair that interest; and (4) show that the interest is not already adequately represented by existing parties." *Berroyer v. United States*, 282 F.R.D. 299, 302 (E.D.N.Y. 2012) (granting Rule 24(a)(2) intervention).

### 1. The Motion Is Timely

In determining timeliness, courts consider: "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *Hnot v. Willis Group Holdings, Ltd.*, 234 Fed. Appx. 13, 14 (2d Cir. 2007).

#### a) Symeou Satisfies General Timeliness

The timeliness element is "[a]mong the most important." *Catanzano by Catanzano v. Wing*, 103 F.3d 223, 232 (2d Cir. 1996). Symeou only discovered the *ex parte* proceedings several weeks ago, and brought this motion within weeks of such discovery, after his counsel attempted to resolve the dispute. By any standard, this is timely. *See Arista Records, Inc. v.*

---

requested information will be used may have standing to challenge the lawfulness of discovery orders directed to third parties."); *In re Letter of Request from Crown Prosecution Serv. of United Kingdom*, 870 F.2d 686, 689 (D.C. Cir. 1989) ("a potential target" to foreign proceedings had standing to move to challenge order and quash subpoenas on the basis that "[o]ne against whom information obtained under section 1782 may be used, has standing to assert that, to his detriment, the authority for which the section provides is being abused.").

*Dalaba Color Copy Ctr., Inc.*, 2007 WL 749737, at *3 (E.D.N.Y. 2007) ("motion to intervene is timely, as it was filed just five months after the complaint was filed"); *Mortgage Lenders Network, Inc. v. Rosenblum*, 218 F.R.D. 381, 384 (E.D.N.Y. 2003) (intervention timely despite six month delay and exchange of some discovery); *EEOC v. Rekrem, Inc.*, 199 F.R.D. 526, 528 (S.D.N.Y. 2001) (granting intervention when **"**motion was submitted less than two months after the filing of the … complaint … given the promptness of the application to intervene and the fact that this lawsuit is still in its nascent phase, the original parties will not be prejudiced by the intervention").

### b) There is No Prejudice to Existing Parties

There is no conceivable prejudice to Hornbeam from delay because there are no pending foreign proceedings. *See Mortg. Lenders Network, Inc.*, 218 F.R.D. 381, 384 (E.D.N.Y. 2003) (permitting intervention: "discovery is in the initial stage … there is no basis to conclude that the other parties to this action will be prejudiced by … intervention."). Hornbeam does not suffer cognizable prejudice merely because Symeou exercises his Constitutional due process right to challenge the Order.

### c) Symeou Will Be Prejudiced

As detailed below, absent intervention (or being permitted to participate without intervention, as many cases hold), Symeou will be prejudiced because he will be denied his due process right to oppose the Application in order to oppose and/or participate in discovery and prevent unwarranted discovery and/or improper disclosure of confidential commercial and personal information.

### d) Unusual Circumstances Support Timeliness

The only "unusual circumstances" are Hornbeam proceeding *ex parte* in four different districts to obtain §1782 discovery and deliberately not notifying the Potential Defendants of the applications, orders, service of subpoenas, and receipt of the Discovery. Further, Hornbeam's concealment of these proceedings for months – while secretly preparing the Ohio Action -- strongly supports Symeou's claim that the present application is timely.

### 2. Symeou Has A Direct Interest In This Proceeding

Symeou has a direct interest for multiple reasons. First, Hornbeam's purported successor, Bracha Foundation, and its beneficial owner, Vadim Shulman, initiated the Ohio Action on June 15, 2015 against Symeou and three other targets of its §1782 discovery (Kolomoisky, Bogolubov, and Halliwel) concerning the loans that were the subject of the §1782 discovery. Second, Hornbeam (or another entity) may still file foreign proceedings against him. Third, the subpoenas requested confidential financial information of Symeou and Halliwel, and Symeou has an interest, *inter alia,* in preventing the improper disclosure of his confidential financial information as well as that of Halliwel of which he is a shareholder and sole director.

These interests are more than sufficient to grant Symeou standing to intervene as it is well-settled that "standing to oppose subpoenas issued under §1782 is [not] limited to the subpoenaed witness…parties against whom the requested information will be used may have standing to challenge the lawfulness of discovery orders [obtained pursuant to §1782] directed to third parties." *Kuwait Inv. Auth.,* 119 F.3d at 148 (recognizing foreign proceeding "adverse party's right to challenge the lawfulness of the court's order"). "One against whom information obtained under section 1782 may be used, has standing to assert that, to his detriment, the authority for which the section provides is being abused." *Crown Prosecution Serv.,* 870 F.2d at

689 (target of foreign proceeding had standing to move to quash order and subpoena); *see e.g. In re Letters Rogatory Issued by Dir. of Inspection of Gov't of India*, 385 F.2d 1017 (2d Cir. 1967) (granting motion by party to foreign proceeding to quash §1782 subpoenas directed to third-party bank witness); *In re Hanwha Azdel, Inc.*, 979 F. Supp. 2d 178, 180 (D. Mass. 2013) (granting Rule 24(a)(2) intervenor's motion to quash subpoenas in §1782 proceeding).

### 3. Symeou's Interests Will Be Impaired Absent Intervention

Symeou's due process interests in protecting confidential information and defending himself in the foreign (or U.S.) proceeding will be impaired, absent intervention.

Constitutional due process generally requires notice and "the opportunity to be heard at a meaningful time and in a meaningful manner." *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotations omitted). *Ex parte* proceedings, "untrammeled by the safeguards of a public adversary judicial proceeding, afford too ready opportunities for unhappy consequences to prospective defendants." *United States v. Minker*, 350 U.S. 179, 188 (1956). "Stringent restrictions imposed . . . on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Inc. v. Teamsters*, 415 U.S. 423, 435 (1974).

Further, Local Civil Rule 6.1(d) <u>requires</u>:

> No ex parte order, or order to show cause to bring on a motion, will be granted except upon a clear and specific showing by affidavit of good and sufficient reasons why a procedure other than by notice of motion is necessary, and stating whether a previous application for similar relief has been made.

In accord, absent authorization such as Local Civil Rule 6.1(d) or Rule 65 regarding restraining orders and injunctions, the Code of Conduct for U.S. Judges, Canon 3 §A(4) (2009) provides: "A judge should … not initiate, permit, or consider ex parte communications or

7

consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers."

*In re Merck & Co., Inc.*, 197 F.R.D. 267, 271 (M.D.N.C. 2000) refused *ex parte* consideration of a §1782 application, observing: "Nothing in Section 1782 states that the application is to be made *ex parte*, much less that the Court must entertain the application *ex parte*. Moreover, such a reading would seem to be contrary to the purpose of the statute, which is to help promote evenhanded justice and a sense of fair treatment." *Id.* at 270. *Merck* further noted under §1782, "in absence of any special practice and procedure, the discovery is governed in accordance with the Federal Rules of Civil Procedure. (Those rules require that opposing parties be notified of discovery requests.)" [2]

Absent prior notice by an applicant, the right to intervene and object solidifies. While *Gushlak v. Gushlak*, 486 Fed. Appx. 215, 217 (2d Cir. 2012) observed, "it is neither uncommon nor improper for district courts to grant applications made pursuant to §1782 ex parte," it reasoned "[t]he respondent's due process rights are not violated because he can challenge any [§1782] discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)"). *See In re Letter of Request from Supreme Court*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991) ("[E]x parte applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.").

This Court should permit intervention or otherwise permit Symeou to object to unwarranted discovery and/or improper disclosure of confidential commercial and personal

---

[2] While *Gushlak*, a non-precedential decision, observed, "it is neither uncommon nor improper for district courts to grant applications made pursuant to §1782 ex parte," 486 Fed. Appx. at 217, it did not consider Local Civil Rule 6.1(d) or Canon 3 §A(4), and did not approve granting §1782 petitions *ex parte* and then serving subpoenas and receiving discovery without notice.

information.  Due process is only satisfied if Symeou is "given the opportunity to intervene and voice an objection to [§1782] discovery request" *Gov't of Ghana v. ProEnergy Servs.*, LLC, 2011 WL 2652755, at *6 (W.D. Mo. 2011), or otherwise permitted to participate.

### 4. Symeou's Interests Are Not Adequately Represented by the Subpoena Targets or Anyone Else

"The requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. UMW*, 404 U.S. 528, n. 5 (1972).  Here, there is **no** "existing party" to represent Symeou's interests. All subpoena recipients are third parties not under his control and **twelve banks have already produced the Discovery.**  Absent intervention (or being allowed to participate otherwise), Symeou's interests are not represented at all, let alone adequately.

### B. SYMEOU SHOULD BE PERMITTED TO INTERVENE UNDER RULE 24(b)

Rule 24(b) provides:

Permissive Intervention.  (1) *In General.*  On a timely motion, the court may permit anyone to intervene who … (B) has a claim or defense that shares with the main action a common question of law or fact….  In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

When "exercising its broad discretion under Rule 24(b), a court considers the same factors that it considers for intervention as of right" and "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *MASTR Adjustable Rate Mortgages Trust 2006-A3 v. UBS Real Estate Securities*, 2013 WL 139636, at *2 (S.D.N.Y. 2013).  Numerous courts have granted motions to intervene by parties to foreign proceeding under this standard.  *See In re Grupo Unidos Por El Canal S.A.*, 2015 WL 1815251, at *6 (N.D. Ca. 2015) (granting motion where applicant had not "not credibly identified any prejudice or undue delay it will suffer as a result of … intervention"); *In re Application of the*

9

*Coalition to Protect Clifton Bay*, 2014 WL 5454823, at *2 (S.D.N.Y. 2014) ("parties' ability and standing to intervene can be assumed").

The application of this test warrants Symeou's intervention in this action:

<u>First</u>, the Rule 24(a) factors warrant intervention as set forth above.

<u>Second</u>, similarly, there is no conceivable "undue delay or prejudice" to Hornbeam.

<u>Third</u>, intervention is justified because "Section 1782(a) mandates that discovery under the statute be produced 'in accordance with the Federal Rules of Civil Procedure.' Accordingly, the court is guided by Rules 26 and 45, which govern third-party discovery." *In re Gushlak*, 2011 WL 3651268, at *6 (E.D.N.Y. 2011) (citation omitted) *aff'd sub nom. Gushlak v. Gushlak*, 486 F. App'x 215 (2d Cir. 2012). Rule 26(c) provides for opposing discovery and moving for protective orders. Rule 45(a)(4) requires notice prior to service of subpoenas to permit motions to quash or filing for protective order. Rule 45(a)(1)(D) requires an opportunity to inspect and copy any discovery produced. Rule 26 and Rule 45 protections would have no meaning if Symeou is not permitted to participate.

Rule 45 notice requirements ***unquestionably*** apply when §1782 discovery is granted for use against identified parties to future proceedings. *See e.g. In Re Letter if Request From The Supreme Court of Hong Kong,* 138 F.R.D. 27 (S.D.N.Y. 1991) (suppressing deposition transcripts when future defendant was "technically not yet a party to the Hong Kong criminal proceeding, he was sufficiently identified in the Letters of Request as an adverse party that under the Civil Rules he should have been given notice"); *In re Letters Rogatory from Tokyo Dist. Pros. Off.,* 16 F.3d 1016 (9th Cir. 1994) (recognizing impropriety of taking §1782 discovery without notice to target of future foreign criminal proceedings).

## **CONCLUSION**

For the foregoing reasons, Symeou should be permitted to intervene.

Dated: July 17, 2015
New York, New York

Respectfully submitted,

**REED SMITH LLP**

By: */s/ Steven Cooper*
Steven Cooper
Samuel Kadosh
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
scooper@reedsmith.com
Skadosh@reedsmith.com

*and*

**MARKS & SOKOLOV, LLC**

By: */s/ Bruce Marks*
Bruce Marks
1835 Market Street, 28th Floor
Philadelphia, PA 19103
Telephone: (215)569-8901
Facsimile: (215) 569-8912
*marks@mslegal.com*

*Attorneys for Movant Panikos Symeou*