UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE: | 14 Misc. 424 (VSB) |
| APPLICATION OF HORNBEAM CORP. | |

## MEMORANDUM OF LAW IN SUPPORT OF PANIKOS SYMEOU'S ORDER TO SHOW CAUSE TO VACATE *EX PARTE* ORDER AND DENY 28 U.S.C. §1782 APPLICATION

**Reed Smith LLP**
599 Lexington Avenue
New York, New York 10022
(212) 521-5400

and

**Marks & Sokolov, LLC**
1835 Market Street, 28th Floor
Philadelphia, PA 19103
(215)569-8901

*Attorneys for Movant Panikos Symeou*

# TABLE OF CONTENTS

**Page**

PREMILINARY STATEMENT ................................................................. 1

RELEVANT FACTS ............................................................................. 4

A.    BACKGROUND ............................................................................ 4

    1.    Halliwel Assets, Inc. ...................................................................... 4

    2.    Operation of the Plant ................................................................... 4

    3.    Kolomoisky and Bogolubov Financed the Plant ............................. 5

    4.    The 2014 Loans .......................................................................... 5

B.    HORNBEAM'S FAILED BVI PROCEEDINGS ............................... 6

    1.    The Applications Were Dismissed on The Merits ............................ 6

    2.    The Concealed Awards of Costs and Attorney Fees ........................ 7

C.    HORNBEAM'S SHARE TRANSFER AND CONCEALED DECEMBER 22, 2014 DISSOLUTION ........................................................................... 7

D.    THE §1782 APPLICATION AND ORDER ..................................... 7

    1.    The Alleged Future BVI Section 184I Proceedings ........................ 7

    2.    The Hearing and Order ................................................................ 8

E.    SYMEOU LEARNS OF THESE PROCEEDINGS ........................... 9

F.    HORNBEAM SERVED SUBPOENAS AND RECEIVED DISCOVERY WITHOUT NOTICE ................................................................................. 9

G.    BRACHA AND SHULMAN COMMENCE LITIGATION IN OHIO ON JUNE 15, 2015 BASED UPON THE LOANS .................................................. 9

ARGUMENT ..................................................................................... 10

I.    §1782 APPLICATIONS SHOULD NOT BE DECIDED *EX PARTE* ABSENT COMPLIANCE WITH LOCAL CIVIL RULE 6.1 AND N.Y. RULE OF PROF. COND. 3.3(d) ...................................................................................... 11

    A.    §1782 APPLICATIONS SHOULD NOT BE GRANTED *EX PARTE* ABSENT COMPLIANCE WITH LOCAL CIVIL RULE 6.1(d) ...................... 11

    B.    HORNBEAM VIOLATED ITS DUTY OF DISCLOSURE ................... 12

II.    HORNBEAM SECRETLY TOOK DISCOVERY IN BAD FAITH ......... 14

III.    HORNBEAM DOES NOT SATISFY §1782'S STATUTORY REQUIREMENTS .... 15

    A.    DISCOVERY IS NOT FOR USE BEFORE A FOREIGN TRIBUNAL ................... 16

    1.    Hornbeam Does Not Need Discovery to Establish the "Related Parties" Are Related ..................................................................................... 16

    2.    §1782 Does Not Permit the Discovery Requested by Hornbeam .......... 16

      a.    **§1782 Does Not Permit Pre-Filing Fishing Expeditions** ........................ 16

      b.    **At Most, §1782 Permits Pre-Filing Rule 27 Discovery** ....................... 18

  B.  **HORNBEAM IS NOT AN INTERESTED PERSON** ................................ 18

IV.  **DISCRETIONARY FACTORS DISFAVOR DISCOVERY** ........................ 20

  A.  **DISCOVERY IS AVAILABLE THROUGH THE PARTIES** ................. 20

  B.  **HORNBEAM SEEKS TO CIRCUMVENT BVI PROOF GATHERING RESTRICTIONS AND OTHER POLICIES** .............................................. 21

    1.  **Hornbeam is Discovery Form Shopping to Circumvent BVI Evidence Gathering Procedures and Policies** ........................................................................... 21

    2.  **The Court Should Not Interfere With Policies Implicated in Disputes Over the "Internal Affairs" of A Foreign Corporation** ........................................... 22

  C.  **THE REQUESTS ARE DELIBERATELY UNDULY BURDENSOME AND INTRUSIVE WEIGHING AGAINST DISCOVERY** ................................. 23

V.  **PENDING A DECISION, IMMEDIATE RELIEF SHOULD BE GRANTED TO REMEDY HORNBEAM'S VIOLATION OF RULE 45** ............................... 24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Apotex Inc.*,
2009 WL 618243 (S.D.N.Y. 2009)...........................................................................24

*In re Application of Hornbeam Corp.*,
No. 14 MISC. 424, 2014 WL 8775453 (S.D.N.Y. Dec. 24, 2014)............................2

*Arias-Zeballos v. Tan*,
2007 2007 WL 210112 (S.D.N.Y. 2007).................................................................24

*Ash v. Cort*,
512 F.2d 909 (3d Cir. 1975)....................................................................................18

*Black v. Youngue*,
2014 U.S. Dist. Lexis 175172 (W.D.Pa. Dec. 19, 2014).......................................25

*Black v. Youngue*,
2014 WL 7335030 (W.D. Pa. 2014)........................................................................14

*In re Certain Funds, Accounts and/or Inv. Vehicles Managed by Affiliates of
Fortress Inv. Group.*,
2014 WL 3404955 (S.D.N.Y. 2014)........................................................16, 17, 19

*In re Coffman*,
766 F.3d 1246 (11th Cir. 2014) ..............................................................................19

*Concord Boat Corp. v. Brunswick Corp.*,
169 F.R.D. 44 (S.D.N.Y. 1996) ..............................................................................24

*In re Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra*,
198 F.3d 473 (4th Cir. 1999) ..................................................................................18

*EEOC v. GMC*,
1997 U.S. Dist. LEXIS 21565 (E.D.Mo. Nov. 24, 1997).......................................25

*EEOC v. Tony's Lounge, Inc.*,
2009 WL 2486764 (S.D. Ill. Aug. 13, 2009) ..........................................................14

*El Paso Corp. v. La Comision Ejecutiva Hidroelectrica Del Rio Lempa*,
341 Fed. Appx. 31 (5th Cir. 2009)..........................................................................10

*In re English Seafood (USA), Inc.*,
743 F.Supp. 281 (D. Del. 1990)..............................................................................23

*Friedman v. Revenue Management of New York, Inc.*,
    839 F.Supp. 203 (S.D. N.Y. 1993) ........................................................................... 23

*Granny Goose Inc. v. Teamsters*,
    415 U.S. 423 (1974) ................................................................................................. 11

*Gushlak v. Gushlak*,
    486 Fed. Appx. 215 (2d Cir. 2012) .................................................................... 10, 12

*In re Imanagement Services, Ltd.*,
    2005 WL 1959702 (E.D. N.Y. 2005) ....................................................................... 26

*In Re Letter if Request From The Supreme Court of Hong Kong*,
    138 F.R.D. 27 (S.D.N.Y. 1991) ............................................................................... 15

*Intel v. Advanced Micro Devices, Inc.*
    542 U.S. 241 (2004) ......................................................................................... *passim*

*Jiangsu S.S. Co. v. Success Superior Ltd.*,
    2015 WL3439220 (S.D.N.Y. 2015) .......................................................................... 17

*In re Kreke Immobilien*,
    2013 WL 5966916 (S.D.N.Y. 2013) .................................................................... 21, 22

*Kuwait Inv. Auth. v. Sarrio S.A. (In re Sarrio, S.A.)*,
    119 F.3d 143 (2d Cir. 1997) .................................................................................... 10

*La Comision Ejecutiva Hidroelectrica Del Rio Lempa v. El Paso*,
    617 F. Supp. 2d 481 (S.D. Tx. 2008) ....................................................................... 10

*In re Letters Rogatory from Tokyo Dist. Pros. Off.*,
    16 F.3d 1016 (9th Cir. 1994) ................................................................................... 15

*Maine Audubon Soc. v. Purslow*,
    907 F.2d 265 (1st Cir. 1990) ................................................................................... 12

*Mann v. Univ. of Cincinnati*,
    824 F. Supp. 1190 (S.D. Oh. 1993) ................................................................... 15, 25

*Marshall v. Madoff*,
    2015 WL 218939 (S.D.N.Y. 2015) ........................................................................... 18

*Matthews v. Eldridge*,
    424 U.S. 319 (1976) ................................................................................................. 11

*In re Merck & Co., Inc.*,
    197 F.R.D. 267 (M.D.N.C. 2000) ....................................................................... 11, 12

*In re Microsoft Corp.*,
  428 F. Supp. 2d 188 (S.D.N.Y. April 20 2006) ....................................................21

*Mirra v. Jordan*,
  2014 WL 2511020 (S.D.N.Y. 2014) ...................................................................14

*Murphy v. Board of Educ. of Rochester*,
  196 F.R.D. 220 (W.D.N.Y. 2000) ......................................................................14

*In re OOO Promnefstroy*,
  2009 WL 3335608 (S.D.N.Y. 2009) ..........................................................21, 22, 24

*Pennsylvania v. Williams*,
  294 U.S. 176 (1935) ...........................................................................................23

*Pinchuk v. Chemstar Prods. LLC*,
  2014 WL 2990416 (D. Del. 2014) ......................................................................10

*In re Request for Assistance from Ministry of Legal Affairs of Trinidad & Tobago*,
  848 F.2d 1151 (11th Cir. 1988) .........................................................................17

*RTI Ltd. v. Aldi Marine Ltd.*,
  523 Fed. Appx. 750 (2d Cir. 2013) ....................................................................19

*Schmitz v. Bernstein Liebhard & Lifshitz, LLP*,
  376 F.3d 79 (2d Cir. 2004) ...........................................................................20, 21

*Smith v. Aeolian Co.*,
  53 F.Supp. 636 (D. Conn. 1943) .........................................................................23

*Tradhol Internacional, S.A. v. Colony Sugar Mills Ltd.*,
  2009 WL 2381296 (S.D.N.Y. 2009) ...................................................................12

*United States v. Minker*,
  350 U.S. 179 (1956) ...........................................................................................11

*Vesta Corset Co., Inc. v. Carmen Foundations, Inc.*,
  1999 WL 13257 (S.D.N.Y. Jan 13, 1999) ..........................................................26

**Statutes**

28 U.S.C. § 1782 ....................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 24 ..........................................................................................1, 10

Fed. R. Civ. P. 26 ...............................................................................................25

Fed. R. Civ. P. 26(c) ...........................................................................................25

Fed. R. Civ. P. 27 ...........................................................................................13, 18

Fed. R. Civ. P. 45 ............................................................................................*passim*

Fed. R. Civ. P. 45(a)(1)(D) ................................................................................25

Fed. R. Civ. P. 45(a)(4)..................................................................................14, 25

Fed. R. Civ. P. 45(e)(1)(A) ................................................................................25

Fed. R. Civ. P. 60(b)..........................................................................................10

Fed. R. Civ. P. 65 ..............................................................................................11

Local Civil Rule 1.5.........................................................................................2, 12

Local Civil Rule 6.1(d) ................................................................................2, 11, 12

N.Y. Rule of Prof. Conduct 3.3(d).................................................................2, 12

**Other Authorities**

Code of Conduct for U.S. Judges, Canon 3 §A(4) (2009).....................................11, 12

Panikos Symeou ("Symeou"), by and through its counsel, respectfully submits this Memorandum of Law in support of his Order to Show Cause To Vacate the *Ex Parte Order* and Deny Hornbeam's 28 U.S.C. §1782 Application, and Compel Production of §1782 Subpoenas, Related Communications, and Discovery (the "Motion").[1]

## PREMILINARY STATEMENT

By Order, dated December 24, 2015 ("Order") (ECF 5), this Court granted an *ex parte* Application ("Application") pursuant to 28 U.S.C. §1782, which permits a court to authorize discovery "for use" in foreign proceedings by "interested persons" pursuant to the Federal Rules of Civil Procedure. The Order authorized Hornbeam Corp. ("Hornbeam") to obtain discovery of confidential commercial and personal information from twelve banks and three professional service providers. Symeou, one of the targets of this discovery seeks to vacate this order and seek related relief. As discussed below, among other things, Hornbeam misled the Court about the need for, and intended use of, this discovery. In order to conceal its improper Application, Hornbeam deliberately failed to provide **any** notice to the potential defendants of the Application, Order, service of subpoenas on twelve banks (the "Subpoenas"), **or** discovery received from the twelve banks (the "Discovery"). Symeou, one potential defendant, recently discovered the Order and proceedings by happenstance.

The §1782 proceedings were a subterfuge. Although six months have passed since the Court issued the Order, Hornbeam has not initiated any **foreign proceedings**. Instead, on June 15, 2015, Hornbeam's purported successor, Bracha Foundation, and its beneficial owner, Vadim Shulman, initiated an action in Trumbull County, Ohio against Symeou and three other targets of its §1782 discovery. *See* Complaint, *Bracha Foundation et al., v. Warren Steel Holdings LLC et*

---

[1] Symeou also moves contemporaneously to intervene pursuant to Rule 24, to the extent required.

1

*al.,* 2015 cv 1117 (the "Ohio Action"), attached as Exhibit 40 to the Kadosh Declaration.

The Ohio Action concerns the very same allegations that Hornbeam said it would initiate as foreign proceedings in its §1782 Application, and for which it purportedly needed the §1782 discovery. Specifically, the Ohio Action alleges that Igor Kolomoisky and Gannady Bogolubov are improperly causing Warren Steel to accept secured loans from "Related Parties" related to these individuals. Similarly, Hornbeam told this Court that "the material Hornbeam seeks to discover is potentially critical to those proceedings because it is relevant to whether Kolomisky and Bogolubov controlled the Related Parties or provided the funds that the Related Parties loaned to Warren Steel*." See In re Application of Hornbeam Corp*., No. 14 MISC. 424, 2014 WL 8775453, at *3 (S.D.N.Y. Dec. 24, 2014). Thus, Hornbeam (using false representations, including that it was disputed that Kolomoisky and Bogloubov were related to the "Related Parties") initiated the §1782 proceedings to obtain ***pre-complaint*** discovery for use in domestic—not foreign--proceedings.

The §1782 Application was riddled with several other defects.

***First,*** Hornbeam intentionally moved *ex parte,* despite having all parties' contact information. This violated Local Civil Rule 6.1(d), which prohibits *ex parte* orders absent "a clear and specific showing by an affidavit of good and sufficient reasons why a procedure other than by notice of motion is necessary." <u>Worse</u>, in the application, Hornbeam misrepresented the underlying facts concerning the parties and their prior litigation and did not disclose adverse authority. This violated N.Y. Rule of Prof. Conduct 3.3(d), applicable by Local Civil Rule 1.5, which requires a party moving *ex parte* to disclosure of "all material facts … which will enable the tribunal to make an informed decision, whether or not the facts are adverse."

***Second***, as part of the scheme to obtain improper discovery, Hornbeam concealed the

issuance of its subpoenas and receipt of Discovery in violation of Rule 45.  Further, Hornbeam has not produced the served subpoenas or Discovery, despite Symeou's demand.   Litigating in secret was no accident – Hornbeam filed three other *ex parte* §1782 applications in December, 2014 and ***never*** notified potential defendants of the applications or orders granting them.

**Third**, §1782's statutory requirements are not met.  Hornbeam, as noted, was not truly seeking discovery for use in a foreign proceedings, or even to establish that the "Related Parties" are related to Igor Kolomoisky and Gannady Bogolubov. This was ***undisputed*** in the BVI actions.  Hornbeam is also not an "interested person" because it purported to transfer its shares in Halliwel Assets, Inc.  §1782 does not permit a pre-filing fishing expedition sought by Hornbeam.

**Finally**, §1782's discretionary factors disfavor discovery.  Hornbeam, *inter alia,* is seeking to circumvent foreign evidence gathering procedures and policies to avoid paying a $846,526 BVI costs judgment because it lost there ***on the merits***, which Hornbeam concealed.

Symeou and the other Potential Defendants have already suffered irreparable harm, as Hornbeam appears to have used the Discovery to initiate the Ohio Action and obtain a TRO in that action. Therefore, pending a decision on this motion, the Court should order Hornbeam, and those acting in concert with Hornbeam, to:

A.   provide Symeou with copies of all subpoenas issued pursuant to the Order;

B.   provide Symeou with copies of all communications with subpoena recipients concerning the subpoenas;

C.   provide Symeou with copies of all discovery produced pursuant to the subpoenas;

D.   provide Symeou with a list and contact information of all individuals or entities to whom the discovery and/or information contained therein was disseminated;

E.   refrain from issuing any further subpoenas pursuant to the Order; and

F.   refrain from using, copying, or disseminating in any fashion any of the discovery and information contained therein obtained pursuant to the Order.

# RELEVANT FACTS[2]

## A.    BACKGROUND

### 1.    Halliwel Assets, Inc.

In 2001, entities of Vadim Shulman ("Shulman") purchased a closed steel factory in Warren, Ohio (the "Plant").  Shulman Dec., ¶¶12, 13, 15, ECF 3-1, **EX. 13**.  In November 2007, ownership of the Plant was transferred to Warren Steel Holdings, LLC ("Warren Steel"), a Delaware limited liability company.  Shulman Dec., ¶¶12, 13, ECF 3-1, **EX. 13**.  Warren Steel's beneficial owners were Shulman, Igor Kolomoisky ("Kolomoisky"), and Gannady Bogolubov ("Bogolubov").  In April 2008, Warren Steel's ownership was transferred to Halliwel Assets, Inc. ("Halliwel"), a BVI company, its sole member.  Shulman Dec., ¶21, ECF 3-1, **EX. 13**.  Halliwel's three equal shareholders are (or were) Hornbeam, Symeou (as trustee for Kolomoisky), and Marigold Trust (as trustee for Bogolubov).  Campanile Dec., ¶42, ECF 3-3, **EX. 15**.  Symeou is Halliwel's sole director.  Campanile Dec., ¶59, ECF 3-3, **EX. 15**.

### 2.    Operation of the Plant

In 2006, a Kolomoisky controlled entity opened a $90 million line of credit for the benefit of Warren Steel.  Shulman Dec., ¶16, 17, ECF 3-1, **EX. 13**.  In 2007, Mordecai Korf ("Korf") was appointed president of Warren Steel.  Korf Aff., ¶1, Delaware ("DE") ECF 6, **EX. 6**.  Shulman ceased involvement.  Shulman Dec., ¶25, ECF 3-1, **EX. 13**.

---

[2] Symeou submits the Emergency Declaration of Seven Cooper and the Declaration of Samuel Kadosh, Esq. attaching exhibits, including the Declaration of Symeou and the Declaration of Robert Nader, a BVI attorney.  All **bold face** exhibits are attached to the Kadosh Declaration.  The exhibits to Hornbeam's Fabrizio N. Campanile declaration do not appear on Pacer in this District.  These exhibits appear in the other jurisdictions where Hornbeam commenced §1782 actions, i.e. Delaware on December 31, 2014 (granted on May 4, 2015), Case No. 14-00268 (SLR), **EX. 18**; Florida on December 29, 2014, 2014 (granted on February 11, 2015), Case No. 14-24887(PAS), **EX. 19**; and Ohio on December 23, 2014 (granted on January 6, 2015), Case No. 14-00091(PAG), **EX. 20**.  The Delaware ECF is used for these exhibits.

### 3. Kolomoisky and Bogolubov Financed the Plant

From 2008, companies associated with Kolomoisky and Bogolubov and/or Korf provided over $106 million of additional financing. Campanile Dec., ¶9, ECF 3-3. **EX. 15.** Shulman knew and never complained about this. Shulman's consultants were permitted to review Warren Steel's books and records, including Western Reserve Partners, LLC in 2012, Ronny Pifco in 2012, Dr. Ernst in 2013 and 2014, and provided over 20,000 pages of detailed backup in 2014. Shulman Aff., ¶20, Del. ECF6, p.280, **EX. 7**; Campanile Dec., ¶86-89, 101, ECF 3-3, **EX. 15**.

### 4. The 2014 Loans

Due to deteriorating finances, the Plant closed in March 2014. Korf oversaw negotiations with its electricity provider and creditors to restart the Plant. $25 million of new financing was required. ***It was undisputed in the BVI that the new financing and prior loans (collectively, "Loans") were provided by companies related to Kolomoisky, Bogolubov, and/or Korf – because no third party would lend.*** Korf Aff., ¶5.4, DE ECF 6, **EX. 6.**

Symeou approved new financing as Halliwel's sole Director on August 1, 2014. Korf Aff., ¶6, DE ECF 6, **EX. 6**. Symeou Aff. ¶8, DE ECF 6, **EX. 8.** Nonetheless, although not legally required, it was determined Halliwel's shareholders should approve the new financing through an extraordinary general meeting ("EGM"). Shulman was notified of the EGM on August 1, 2015. His agents requested it be postponed several times because of their holiday schedule. Campanile Dec.,¶100, ECF 3-3, **EX. 13**; Postponement Corresp., DE ECF 6, **EX. 12.** Shulman admitted his approval was not required since Symeou could (and had) approved the new financing, and further since Kolomoisky and Bogolubov's beneficially holding two-thirds of Halliwel's shares was sufficient to approve the new finance. Shulman Aff., Sept. 9, 2014, ¶23, DE ECF 6, **EX. 32.**

## B.   HORNBEAM'S FAILED BVI PROCEEDINGS

On August 29, 2014, Hornbeam filed an *ex parte* application in the BVI to enjoin the EGM.  The injunction was granted and later continued to October 13, 2014, by agreement.  On September 15, 2013, as required by the Court, Hornbeam filed its statement of claim, which asserted claims under Section 184I of the BVI Business Companies Act ("BVI Section 184I").  Statement of Claim, **EX. 22.**  On October 10, 2014, Hornbeam filed applications to appoint a provisional liquidator and to liquidate Halliwel.  Fay Dec., ¶8 f-h, ECF 3-2, **EX. 14.**

### 1.   The Applications Were Dismissed on The Merits

Contrary to the §1782 Application, the BVI applications were not withdrawn because of "inadequate disclosure."  At the October 13, 2014 hearing, Hornbeam abandoned its injunction, and the Court rejected the provisional liquidator application **on the merits**, holding:

> THE COURT:  Well, you've done very well, [Hornbeam barrister] Mr. Levy, if I may respectfully say so, but it's an uphill task.  You've got to show that there's a real possibility that this company [Halliwel] will be wound up; and I think you've got to show that provisional liquidation will play some part in preserving the assets of the company. And I'm not persuaded that it will do any such thing.  My view – I express it provisionally because here's an *ex parte* application, is that ***this is an abuse of winding up procedure designed to supplant the control, which the majority shareholders are currently exercising over this company's affairs, that's my view.  And I don't think that's a legitimate use of the Court's equitable jurisdiction to wind up companies which are in distress.***

October 13, 2014 Transcript, p.172-173, **EX. 1** (emphasis added).

On November 4, 2014, the Court memorialized its October 13, 2014 oral decisions dismissing the injunction application, BVI Section 184I statement of claim, and provisional liquidator application.  November 4, 2014 BVI Orders, **EX. 2.**  By order, dated November 27, 2014, the liquidator application was withdrawn by consent, as it would have failed.  November 27, 2014 BVI Order, **EX. 3**.  See Nader Dec. ¶¶36-40, **EX. 21.**  As BVI attorney Nader explains, once the Court denied the provisional liquidator application, it became clear the "Winding Up

6

Proceedings were … misconceived" because it was equally an abuse to use such proceedings as a mechanism to wrest control from the majority shareholders.  Nader Dec. ¶41, **EX. 21.**

### 2.  The Concealed Awards of Costs and Attorney Fees

On December 18, 2015, the BVI court awarded $846,526 in costs and attorney fees against Hornbeam, of which $192,276 was assessed to Halliwel, $629,950 to Symeou and Marigold Trust, and $25,000 for the costs of the liquidation proceedings.  BVI Judgment, **EX. 4**.

### C.  HORNBEAM'S SHARE TRANSFER AND CONCEALED DECEMBER 22, 2014 DISSOLUTION

According to Campanile, "[a]s of 12 October 2014, Halliwel shares that were previously held by Hornbeam have been transferred to Tectum" [Trust Management Establishment].  Campanile Dec. p. 2, n. 1, ECF 3-1, **EX. 15.**   These Halliwel shares were then transferred to Bracha Foundation ("Bracha"), a Liechtenstein entity, on December 19, 2014.  Bracha Shareholder Notice, **EX. 33.**   On December 22, 2014, Hornbeam recorded its resolution of dissolution.  Panama Dissolution Deed, **EX. 5**.   To date, Hornbeam has not complied with the provisions of Halliwel's Article of Association to transfer its shares.  Nader Dec. ¶37, **EX. 34.**

### D.  THE §1782 APPLICATION AND ORDER

### 1.  The Alleged Future BVI Section 184I Proceedings

The Application claimed discovery was needed to prepare three ***possible*** future foreign proceedings against Halliwel, Symeou, Marigold Trust, Kolomoisky, and/or Bogolubov (the "Potential Defendants"):

- The BVI Shareholder Action against Halliwel, Marigold, and Symeou for shareholder oppression under BVI Section 184I, without specifying the claimant;
- Symeou Action against Symeou in the BVI or Cyprus, or both, by Shulman (or one of his entities); and

- <u>Joint Venture Action</u> against Kolomoisky and/or Bogolubov, and/or their entities, in an undetermined jurisdiction by Shulman, or one of his entities.

Application, pp.3-4, ECF 1, **EX. 16**. Hornbeam alleges that Symeou will be sued in various capacities, including personally, as Kolomoisky's trustee holding his Halliwel shares, and Halliwel's sole director. Application, pp.3-4, ECF 1, **EX. 16**. However, BVI Attorney Nader explains, Hornbeam could have amended its BVI Section 184I statement of claim, instead of withdrawing it, and pursued BVI Section 184I claims for shareholder oppression, if they had merit. Nader Dec. ¶54, **EX. 21**.

### 2. The Hearing and Order

On December 23, 2014, the Court held an *ex parte* hearing. **Hornbeam failed to disclose it was dissolved; subpoenas would not be served the Potential Defendants; Discovery would be withheld from Potential Defendants; or Bracha and Shulman would use information from the Discovery in U.S. litigation.** Hornbeam's counsel represented banks rarely object to subpoenas and normally provide spreadsheets within two weeks. December 23, 2014 transcript, pp. 5,6, **EX. 35**. Obviously, Hornbeam intended to serve subpoenas and receive the Discovery secretly before Potential Defendants learned what was going on, as occurred.

The Order granted the Application, slightly narrowing certain requests. The <u>sole</u> reason in the Order for discovery was to determine who "controlled or funded the Related Parties":

> The material Hornbeam seeks to discover is potentially critical to those proceedings because ***it is relevant to whether Kolom[o]isky and Bogolubov controlled the Related Parties or provided the funds that the Related Parties loaned to Warren Steel.*** Evidence that Kolom[o]isky and Bogolubov controlled or funded the entities that obtained a security interest in Warren Steel's assets would "provide critical . . . support" to Hornbeam's anticipated claim that it has been oppressed and discriminated against as the minority shareholder in Halliwel. ***The requested documents may be highly probative because they may establish that Kolom[o]isky and/or Bogolubov controlled or funded the Related Parties*** that allegedly obtained a security interest in Warren Steel's assets.

Op. p.6 and 9, ECF 5 (emphasis added).

Hornbeam never served the Application, Order, or authorized subpoenas on Potential Defendants. Making matters worse, with Potential Defendants not being heard, no protective order was entered, giving Hornbeam unfettered ability to distribute this sensitive information.

### E.    SYMEOU LEARNS OF THESE PROCEEDINGS

Symeou learned of these proceedings because an attorney representing one of the Potential Defendants, in an unrelated matter, happened upon an April 13, 2015 internet article describing Shulman's dispute with Kolomoisky in mid-May, 2015. Article, **EX. 9**. The article provides a link to this proceeding. This information was provided to Symeou who promptly engaged counsel. Symeou Dec., ¶30, **EX. 17.**

### F.    HORNBEAM SERVED SUBPOENAS AND RECEIVED DISCOVERY WITHOUT NOTICE

In response to Symeou counsel's letters dated June 8, 2015, **EX.** 36, and June 9, 2015, **EX. 37**, Hornbeam counsel Power confirmed Hornbeam served subpoenas and received discovery on twelve banks without notice. Power Letter dated June 11, 2015, **EX. 38**. Despite demand, Hornbeam failed to produce the subpoenas and refused to produce the received discovery.

### G.    BRACHA AND SHULMAN COMMENCE LITIGATION IN OHIO ON JUNE 15, 2015 BASED UPON THE LOANS

On June 15, 2015 Shulman and Bracha filed a Complaint (the "Ohio Complaint"), **EX. 40**, Motion for Temporary Restraining Order, **EX. 41**, Motion for Preliminary Injunction, **EX. 42**, and Motion for Expedited Discovery, **EX. 43**. The Complaint asserts Bracha "is the owner of one-third shares in Defendant Halliwel" Complaint, ¶1, **EX. 40**. Based upon the Loans that

were subject to Hornbeam's §1782 discovery, Bracha sued Symeou, Halliwel, Kolomoisky, Bogolubov, Korf and Warren Steel.  Complaint,  **EX. 40**.

## ARGUMENT

Symeou has standing to intervene under Rule 24, as discussed in the accompanying motion to intervene.  Courts granting §1782 discovery *ex parte* which then grant intervention typically consider challenges under Rule 60(b) which provides that a court "may relieve a party… from a final judgment, order or proceeding."  *See El Paso Corp. v. La Comision Ejecutiva Hidroelectrica Del Rio Lempa*, 341 Fed. Appx. 31 (5th Cir. 2009) (affirming use of "Rule 60(b) motion for relief from a judgment or order; vacat[ing] its [§1782] ex parte order; and quash[ing] the outstanding discovery requests.")[3]  Courts hear challenges to the orders *de novo*.  Alternatively, courts hold parties have standing to challenge §1782 discovery under Rule 45 without intervening.  *See Kuwait Inv. Auth. v. Sarrio S.A. (In re Sarrio, S.A.)*, 119 F.3d 143, 148 (2d Cir. 1997) ("standing to oppose subpoenas issued under § 1782 is [not] limited to the subpoenaed witness. … the ultimate targets of a §1782 discovery order issued to third parties have 'standing to challenge the district court's power to issue a subpoena'").[4]  In either case, Symeou has standing as a potential defendant to future foreign proceedings and as the subject of discovery authorized by the Order.

---

[3] *See e.g. Pinchuk v. Chemstar Prods. LLC*, 2014 WL 2990416, *1 (D. Del. 2014) ("The Court previously granted the Petitioner's [ex parte] application pursuant to 28 U.S.C. § 1782. … Respondents' motion is pursuant to Rules 60 and 45([d])… Respondents' Motion to Vacate or Quash … [§1782 order is granted]."); *La Comision Ejecutiva Hidroelectrica Del Rio Lempa v. El Paso,* 617 F. Supp. 2d 481, 485 (S.D. Tx. 2008) ("the Court concludes that it is appropriate to consider El Paso's application for Rule 60(b) relief [from §1782 order].")

[4] *See e.g. Gushlak v. Gushlak*, 486 Fed. Appx. 215, 217 (2d Cir. 2012) ("respondent's due process rights are not violated because he can challenge any [§1782] discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)" without intervention).

I. **§1782 APPLICATIONS SHOULD NOT BE DECIDED *EX PARTE* ABSENT COMPLIANCE WITH LOCAL CIVIL RULE 6.1 AND N.Y. RULE OF PROF. COND. 3.3(d)**

A. **§1782 APPLICATIONS SHOULD NOT BE GRANTED *EX PARTE* ABSENT COMPLIANCE WITH LOCAL CIVIL RULE 6.1(d)**

Constitutional due process generally requires notice and "the opportunity to be heard at a meaningful time and in a meaningful manner." *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotations omitted). *Ex parte* proceedings, "untrammeled by the safeguards of a public adversary judicial proceeding, afford too ready opportunities for unhappy consequences to prospective defendants." *United States v. Minker*, 350 U.S. 179, 188 (1956) *United States v. Minker*, 350 U.S. 179, 188 (1956). "Stringent restrictions imposed . . . on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Inc. v. Teamsters*, 415 U.S. 423, 435 (1974).

Local Civil Rule 6.1(d) <u>requires</u>:

<u>No ex parte order</u>, or order to show cause to bring on a motion, <u>will be granted except upon a clear and specific showing by affidavit of good and sufficient reasons why a procedure other than by notice of motion is necessary</u>, and stating whether a previous application for similar relief has been made.

(emphasis added). In accord, absent authorization such as Local Civil Rule 6.1(d) or Rule 65 regarding restraining orders and injunctions, the Code of Conduct for U.S. Judges, Canon 3 §A(4) (2009) provides: "A judge should … not initiate, permit, or consider ex parte communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers."

*In re Merck & Co., Inc.*, 197 F.R.D. 267, 271 (M.D.N.C. 2000) refused *ex parte* consideration, observing: "Nothing in Section 1782 states that the application is to be made *ex parte*, much less that the Court must entertain the application *ex parte*. Moreover, such a reading

11

would seem to be contrary to the purpose of the statute, which is to help promote evenhanded justice and a sense of fair treatment." *Id.* at 270. *Merck* further noted under §1782, "in absence of any special practice and procedure, the discovery is governed in accordance with the Federal Rules of Civil Procedure. (Those rules require that opposing parties be notified of discovery requests.)" (citation omitted).[5]

Hornbeam did not comply with Local Rule 6.1(d) – nor could it. No "good and sufficient reasons" possibly existed to support *ex parte* relief. Given violation of basic due process notice without any justification, the Order should be vacated.

## B. HORNBEAM VIOLATED ITS DUTY OF DISCLOSURE

N.Y. Rule of Prof. Conduct 3.3(d), applicable pursuant to Local Rule 1.5, requires:

> In an *ex parte* proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer which will enable the tribunal to make an informed decision, whether or not the facts are adverse.

The Comment to Rule 3.3(d) elaborates on the duty of candor:

> In an *ex parte* proceeding … there is no balance of presentation by opposing advocates. The object of an *ex parte* proceeding is nevertheless to yield a substantially just result. The judge has an affirmative responsibility to accord the absent party just consideration. The lawyer for the represented party has the correlative duty to make disclosures of material facts known to the lawyer and that the lawyer reasonably believes are necessary to an informed decision.

Comment to Rule 3.3. *See e.g. Tradhol Internacional, S.A. v. Colony Sugar Mills Ltd.*, 2009 WL 2381296 (S.D.N.Y. 2009) ("Because maritime attachment actions are usually *ex parte*, counsel operate under a heightened duty of candor to the court."); *Maine Audubon Soc. v. Purslow*, 907 F.2d 265, 268 (1st Cir. 1990) ("Where counsel appears ex parte . . . the court is

---

[5] While *Gushlak*, a non-precedential decision, observed, "it is neither uncommon nor improper for district courts to grant applications made pursuant to §1782 ex parte," 486 Fed. Appx. at 217, it did not consider Local Civil Rule 6.1(d) or Canon 3 §A(4), and did not approve granting §1782 petitions *ex parte* and then serving subpoenas and receiving discovery without notice.

entitled to expect an even greater degree of thoroughness and candor from unopposed counsel than in the typical adversarial setting.")

Hornbeam made no attempt to comply with this duty, concealing or misrepresenting numerous material facts and issues, including:

- **Improper Purpose:** Hornbeam *concealed* it would use the Discovery in (or even file) the Ohio Action.

- **Secret Discovery:** Hornbeam *concealed* its intent to keep the §1782 discovery secret by not providing notice of the subpoenas or discovery received.

- **Dissolution:** Hornbeam *concealed* that it filed for dissolution before the Order, meaning enforcement of protective orders and/or sanctions will be difficult, if not impossible.

- **"For Use":** Hornbeam *concealed* it was *undisputed* in the BVI that Kolomoisky and Bogolubov (and Korf) are "Related Persons." Korf Aff., ¶5.4, DE ECF 6, **EX. 6**,

- **Pre-filing Discovery:** Hornbeam did not disclose that the Federal Rules do not authorize pre-filing discovery beyond Rule 27 depositions to preserve testimony.

- **"Interested Person":** Hornbeam's Application *concealed* transferring its Halliwel shares, meaning it is not an "interested person" as required by §1782, particularly given that Bracha, not Hornbeam, filed the Ohio Action. This was buried in footnote 1 in the Campanile Dec., ECF 3-3, **EX. 16.**

- **Circumvention of BVI Procedures and Policy:** Hornbeam *misrepresented* that its BVI applications were withdrawn because of "inadequate disclosure." Hornbeam *concealed* its provisional liquidation application failed because it was "an abuse", October 13, 2014 Transcript, p.172-173, **EX. 1**, and $846,526 was awarded against it. BVI Judgment, **EX. 4**. Hornbeam also *concealed it* could have amended its BVI claim and sought disclosure, but never did. **Nader Dec.** ¶¶45-62, **EX. 21.** Hornbeam seeks discovery to circumvent BVI evidence gathering procedures and policy because disclosure in the prior action would not have been proceeded unless Hornbeam paid the $846,526 judgment and new BVI proceedings will "highly likely" not be permitted to proceed unless security for costs of $250,000 and/or the $846,526 judgment is paid. Nader Dec. ¶¶47-54, **EX. 21.**

13

The Order should be vacated and the Application denied, given Hornbeam's gross violation of its duty of disclosure.

## II.    **HORNBEAM SECRETLY TOOK DISCOVERY IN BAD FAITH**

§1782(a) discovery is governed by the Federal Rules of Civil Procedure, unless ordered otherwise. Rule 45(a)(4) provides "before it is served upon the person whom it is directed, a notice and a copy of the subpoena must be served on each party." "The notice provision [of Rule 45] is mandatory and failure to abide by this requirement constitutes grounds to quash" and suppress discovery obtained. *Mirra v. Jordan*, 2014 WL 2511020, at *3 (S.D.N.Y. 2014). *Mirra* quashed subpoenas issued without notice, required the issuing party to inform recipients they were quashed, and enjoined reviewing or use of any discovery produced. *Mirra* at *2-3. As Chief Judge Larimer explained in *Murphy v. Board of Educ. of Rochester*, 196 F.R.D. 220, 227-228 (W.D.N.Y. 2000) (emphasis added) in imposing sanctions:

> ***When an attorney misuses his or her power under Rule*** . . . by failing to give appropriate notice to the parties, ***public confidence in the integrity of court processes is eroded*** … In an age where vast amounts of personal information is retained by outside sources, the abuse of Rule 45 subpoena power demonstrated here raises serious public policy implications. [The attorney] … obtained, through a non-party with no interest to object, the most personal and sensitive information about a party … ***any individual named as a defendant could become subject to the unfettered disclosure of his or her personal information - while the judiciary is relegated to the role of forcing closed Pandora's box.***

Courts nationwide quash subpoenas and suppress discovery when Rule 45 notice was violated, let alone deliberately as here. *E.g.,Black v. Youngue,* 2014 WL 7335030, at *4 (W.D. Pa. 2014) ("[T]he appropriate sanction is to prohibit Defendants from using the documents obtained from the subpoena for any purpose."); *EEOC v. Tony's Lounge, Inc.*, 2009 WL 2486764, at *1 (S.D. Ill. Aug. 13, 2009) (suppressing documents because "[i]ntervenor had no opportunity to object prior to the production of documents."); *Mann v. Univ. of Cincinnati*, 824

F. Supp. 1190 (S.D. Oh. 1993) (suppressing information obtained by improperly noticed subpoena).

Rule 45 notice requirements unquestionably apply when §1782 discovery is granted for use against identified parties to future proceedings. *See In Re Letter if Request From The Supreme Court of Hong Kong,* 138 F.R.D. 27 (S.D.N.Y. 1991) (suppressing deposition transcripts when future defendant was "technically not yet a party to the Hong Kong criminal proceeding, he was sufficiently identified in the Letters of Request as an adverse party that under the Civil Rules he should have been given notice"); *In re Letters Rogatory from Tokyo Dist. Pros. Off.,* 16 F.3d 1016 (9th Cir. 1994) (recognizing impropriety of taking §1782 discovery without notice to target of future foreign criminal proceedings).

Hornbeam engaged in a ***pattern*** of highly prejudicial wrongdoing, serving **twelve** subpoenas on banks ***intentionally*** without notice, receiving discovery which it ***intentionally*** concealed from Potential Defendants, and ***refusing*** to produce the served subpoenas and discovery received despite demand. If not enough, Hornbeam obtained documents from banks containing highly confidential commercial information with no restriction on use so that Potential Defendants do not even know with whom discovery has been shared and used information from the Discovery to prepare the Ohio Complaint. Such ***deliberate*** misconduct is far worse than any case set forth above.

## III.   HORNBEAM DOES NOT SATISFY §1782'S STATUTORY REQUIREMENTS

§1782 imposes three statutory requirements:

(1)   Whether the person from whom discovery is sought resides or is found in the district which the application is filed;

(2)   Whether discovery is for use in a proceeding before a foreign tribunal; and

(3)   Whether the application is made by an interested person.

*See Intel v. Advanced Micro Devices, Inc.* 542 U.S. 241, 256 (2004). A §1782 application must

be denied if each requirement is not satisfied. *See In re Certain Funds, Accounts and/or Inv.*

*Vehicles Managed by Affiliates of Fortress Inv. Group.,* 2014 WL 3404955, *7 (S.D.N.Y. 2014).

### A.   DISCOVERY IS NOT FOR USE BEFORE A FOREIGN TRIBUNAL

#### 1.   Hornbeam Does Not Need Discovery to Establish the "Related Parties" Are Related

Because there were no existing proceedings by which the Court could determine what is

in dispute, Hornbeam had license to make up a reason to justify discovery.   Accepting

Hornbeam's "justification", the Court granted discovery believing it was "potentially critical" to

establishing whether Kolomoisky or Bogolubov controlled or provided funds to the "Related

Parties" who lent to Warren Steel. Order at 6 (ECF 5).  The Application ***concealed*** that it was

never disputed in the BVI that the persons making the Loans were related to Kolomoisky,

Bogolubov and/or Korf. ***The very point made in the Korf Affidavit filed in the BVI was that***

***the Loans were made by related parties because no unrelated party would do so.***  Korf Aff.,

¶5.4, DE ECF 6, **EX. 6.**  Hornbeam did not need this information, and did not seek it for use in

foreign proceedings; these were false justifications for a fishing expedition to improperly obtain

confidential commercial and personal information about Kolomoisky and Bogolubov to file the

Ohio Action.

#### 2.   §1782 Does Not Permit the Discovery Requested by Hornbeam

##### a)   §1782 Does Not Permit Pre-Filing Fishing Expeditions

*Intel v. Advanced Micro Devices, Inc.* held that a court had discretion to permit discovery

to be used in ***pending*** administrative proceedings before a European Union commission.  It held

§1782(a) requires "a dispositive ruling by the Commission, reviewable by the European courts,

be within reasonable contemplation." *Id.* at 259.  But *Intel* carefully noted the petitioner had

already filed an anti-trust complaint before the Commission.  *Id.* at 246.  *Intel* does not support pre-filing fishing expeditions and many courts in this District have refused such.

*Fortress Inv. Group* denied pre-filing discovery, carefully distinguishing this from *Intel*: "[i]n *Intel*, the party seeking discovery had initiated the original complaint and retained 'significant procedural rights' before the international tribunal, including a right to 'submit relevant information' to the tribunal and the right to seek judicial review of the tribunal's ruling." 2014 WL 3404955 at *7.  Similarly, *Jiangsu S.S. Co. v. Success Superior Ltd.*, 2015 WL3439220, *6 (S.D.N.Y. 2015) denied a 1782 application for pre-filing discovery, stating: "the statute is not designed to provide potential litigants with information that will help them decide whether and where to commence proceedings."

*First,* Hornbeam's search for a basis to bring suit *via* its "fishing expedition[] before actually launching litigation" is "not an appropriate [situation] for a court to compel discovery." *Fortress Inv. Group.*, 2014 WL 3404955, at *6-7.  **"**If the judge doubts that a proceeding is forthcoming, or suspects that the request is a 'fishing expedition,' the district court should deny the request.'"  *Id.  See also In re Request for Assistance from Ministry of Legal Affairs of Trinidad & Tobago*, 848 F.2d 1151, 1156 (11th Cir. 1988) ("If the [district court] . . . suspects that the request is a 'fishing expedition' or a vehicle for harassment, the district court should deny the request."), *abrogated on other grounds by Intel Corp.*, 542 U.S. at 249.

*Second*, Hornbeam does not satisfy any conceivable standard to justify pre-filing discovery for new BVI Section 184I claims.  It ***already*** filed BVI Section 184I claims based on allegations Potential Defendants engaged in oppressive, fraudulent conduct.[6]  It withdrew its

---

[6] The Statement of Claim alleged "the affairs of Halliwel have been and are being conducted in a manner that is oppressive, unfairly discriminatory and/or unfairly prejudicial to Hornbeam In Its

claims instead of amending them. Nader Dec., ¶37, **Ex. 21**. If Hornbeam needed more disclosure to support its claims, it could have obtained such in the BVI, but did not attempt to do so. Nader Dec., ¶55, **Ex. 21**. Plainly, it did not seek disclosure because it would have been required to pay the $846,526 judgment before proceeding. Nader Dec., ¶¶49-51, **EX. 21.** Instead, it seeks to circumvent the BVI ruling through intolerable discovery forum shopping.

### b) At Most, §1782 Permits Pre-Filing Rule 27 Discovery

The Federal Rules do not provide for pre-filing discovery, other than Rule 27 depositions to preserve testimony.[7] Rule 27 applies "only in that special category of cases where it is necessary to prevent testimony from being lost." *Ash v. Cort*, 512 F.2d 909, 911 (3d Cir. 1975). "Rule 27 is not a substitute for broad discovery, nor is it designed as a means of ascertaining facts for drafting a complaint." *In re Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra*, 198 F.3d 473, 485 (4th Cir. 1999). *See also Marshall v. Madoff,* 2015 WL 218939, at *3 (S.D.N.Y. 2015) (denying Rule 27 motion: "petitioners appear to be bringing this petition for an improper purpose - namely, to seek discovery to frame their third amended complaint in the Florida Action."). Hornbeam does not seek Rule 27 discovery, nor could it since there is no risk of testimony of a witness residing in this District being lost. And, unlike *Intel,* Hornbeam has not filed a complaint which could permit broader discovery.

### B. HORNBEAM IS NOT AN INTERESTED PERSON

§1782 requires the applicant to be an "interested person" which means having "significant 'participation rights' in a proceeding 'possesses[ing] a reasonable interest in

---

capacity as a shareholder of Halliwel … Hornbeam fears that the affairs of Halliwel are likely to continue to be conducted in such a manner." ¶6 p. 2, **Ex. 22.**

[7] According to Hornbeam's legal expert Fay, the BVI does not permit pre-filing discovery either. Fay Dec., ¶23 (ECF 3-2), **Ex. 14**. Thus, prescribing foreign procedures – which the Court did not do -- does not help Hornbeam.

obtaining judicial assistance". *RTI Ltd. v. Aldi Marine Ltd.*, 523 Fed. Appx. 750, 751 (2d Cir. 2013). *RTI Ltd.* affirmed denial because the §1782 applicant "has not shown that it enjoys significant participation rights, but instead that its sister corporations do." *See e.g. Fortress Inv. Group.*, 2014 WL 3404955 at *7 ("petitioners are not interested… Petitioners do not have any existing role in those proceedings and have failed to demonstrate that they have a right to submit evidence to the foreign tribunals in question."); *In re Coffman*, 766 F.3d 1246, 1250 (11th Cir. 2014) (§1782 applicant "is not an "interested person" because he fails to allege a 'reasonable interest' in establishing the record").

*First*, Hornbeam purported to transfer its Halliwel shares to Tectum *prior* to filing the Application, which it buried in the Campanile Dec, p. 2, fn. 1, ECF 3-3, **Ex. 15**, and purportedly transferred those same Halliwel shares to Bracha, which then sued in Ohio. Given that Hornbeam purported not to own Halliwel shares at the time of Application, and Bracha brought the Ohio Action, by the conduct of Hornbeam and Bracha, Hornbeam is not the proper claimant.

*Second,* a close reading of the Application (and the Campanile Dec.) reveals Hornbeam did not assert it will be party to future foreign proceedings. Application, pp. 2-3, ECF 1, **Ex. 16.** Now we know it was Bracha in Ohio.

*Third,* Hornbeam may argue that it technically may bring claims in the BVI because it is still a registered shareholder. Nonetheless, it purported not to be the *legal* owner of the shares when the Application was filed. Campanile Dec. p. 2, n. 1, ECF 3-1, **EX. 15;** Bracha Shareholder Notice, **EX. 33.** Because Hornbeam purports to have transferred its shares, the BVI Court will likely not exercise its discretion to grant Hornbeam relief under Section 184I for the value of its former Halliwel shares. Nader Dec., ¶¶65-69, **EX. 21.** Hornbeam plainly did not complete re-registration pursuant to Halliwel's Articles of Association so Shulman could utilize

19

a judgment proof entity to take secret discovery, making enforcement of a protective order and/or sanctions difficult, if not impossible, and then have Bracha file claims in the U.S.

## IV.    DISCRETIONARY FACTORS DISFAVOR DISCOVERY

If statutory requirements are met, §1782 "'authorizes, but does not require, a federal district court to provide judicial assistance to foreign or international tribunals or to "interested person[s]" in proceedings abroad.'" *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004) (quoting *Intel*, 542 U.S. at 255).  Courts consider discretionary grounds in deciding §1782 petitions "in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts."  *Schmitz,* 376 F.3d at 84.  These grounds include:

(1)    Whether the person from whom discovery is sought is not a participant in the foreign proceeding and thus outside of the foreign court's reach;
(2)    Nature of the foreign tribunal and its receptivity to U.S. judicial assistance;
(3)    Whether the request conceals an attempt to circumvent foreign evidence gathering rules; and
(4)    Whether the request is unduly intrusive or burdensome.

*Intel,* 542 U.S. 264-265.

### A.    DISCOVERY IS AVAILABLE THROUGH THE PARTIES

"[W]hen the person from whom discovery is sought is a participant in the foreign proceeding . . .  the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Intel*, 542 U.S. at 264.    "[T]he foreign tribunal's ability to control the evidence and order production, not the nominal target of the § 1782 application, [is] on which the district court should focus."  *In re OOO Promnefstroy*, 2009 WL 3335608, at *5 (S.D.N.Y. 2009).   "The relevant inquiry is

whether the evidence is available to the foreign tribunal.  In this case, it is.  Thus, §1782 aid is

both unnecessary and improper."  *In re Microsoft Corp.*, 428 F. Supp. 2d 188, 194 (S.D.N.Y.

April 20 2006) (vacating §1782 order, while subpoena recipients "are not 'participants,' *per se*,

in the underlying proceeding, all the documents sought … are within the Commission's reach").[8]

If discovery is available through the foreign parties, this "discretionary factor weighs strongly in

favor of denying the application."  *In re Kreke Immobilien*, 2013 WL 5966916, at *6 (S.D.N.Y.

2013) (denying application).

Hornbeam can obtain any relevant documents from the parties under the BVI Civil

Procedure Rules ("CPR").  Halliwel, as the 100% owner of Warren Steel, will have to produce

Warren Steel's documents pursuant to CPR 28.2.  Nader Dec., ¶¶57-64, **Ex. 21.**  If anything is

lacking, Hornbeam can apply for an order requiring specific disclosures at any stage in the

proceeding.   Nader Dec., ¶62, **Ex. 21.**   Only after Hornbeam files its claims and demonstrates

needing documents beyond the BVI court's reach should §1782 discovery be considered, albeit

given its misconduct, further §1782 applications should not be permitted.

**B.     HORNBEAM SEEKS TO CIRCUMVENT BVI PROOF GATHERING RESTRICTIONS AND OTHER POLICIES**

*Intel* cautions that courts should be wary of attempts to "circumvent foreign proof-

gathering restrictions or other policies of a foreign country."  542 U.S. at 265.

**1.     Hornbeam is Discovery Form Shopping to Circumvent BVI Evidence Gathering Procedures and Policies**

 "[D]istrict courts may consider how the applicant fared or is faring in the foreign

jurisdiction in its attempts to procure the same information it now seeks under [Section] 1782."

---

[8] *See e.g. Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 85 (2d Cir. 2004)
(affirming denial of discovery, stating "Although technically the respondent in the district court
was [a local law firm], for all intents and purposes petitioners are seeking discovery from DT,
their opponent in the German litigation.").

*In re OOO Promnefstroy*, 2009 WL 3335608 at *8. "[T]his factor suggests that a district court should be vigilant against a petitioner's attempt to replace a [foreign] decision with one by [a U.S.] court." *In re Kreke Immobilien*, 2013 WL 5966916, at *6 (S.D. N.Y. 2013). "It would create a perverse system of incentives -- one counter to the efficiency and comity goals of *§ 1782* -- to encourage foreign litigants to scurry to U.S. courts to preempt discovery decisions from tribunals with clear jurisdictional authority … we are loath to sanction forum shopping under the guise of *§ 1782*." *Id.*

Hornbeam's claims were abandoned and/or **dismissed** in the BVI, and it was ordered to pay $846,526 in costs. It could have amended its claim and sought disclosure but did not, Nader Dec. ¶47-48, **EX**. 21, obviously to avoid paying the judgment. Nader opines that if Hornbeam files new claims, it is "highly likely" that they would be stayed or struck out unless it paid security for costs of $250,000 for the new proceeding and/or paid the outstanding $846,526 judgment. Nader Dec., ¶¶49-56, **EX. 21.** Hornbeam attempts to circumvent BVI policies on security for costs and payment of the BVI judgment in order to get discovery to use in domestic proceedings, as appears to have occurred. Discovery forum shopping should not be tolerated.

### 2. The Court Should Not Interfere With Policies Implicated in Disputes Over the "Internal Affairs" of A Foreign Corporation

Principles of comity guide federal courts in abstaining in cases involving the "internal affairs" of corporations. Such disputes are best resolved in state (or foreign) courts where the corporations are organized. *Pennsylvania v. Williams,* 294 U.S. 176, 185 (1935) observed "it has long been accepted practice for the federal courts to relinquish their jurisdiction in favor of the state courts, where its exercise would involve control of or interference with the internal affairs of a domestic corporation of the state." Numerous courts have abstained under this principle. *See Friedman v. Revenue Management of New York, Inc.*, 839 F.Supp. 203 (S.D. N.Y. 1993)

(lack of jurisdiction to dissolve corporation); *In re English Seafood (USA), Inc.,* 743 F.Supp. 281 (D. Del. 1990) (abstaining on claims to dissolve corporation); *Smith v. Aeolian Co.*, 53 F.Supp. 636, 639 (D. Conn. 1943) (abstaining on claims to dissolve corporation).

The contemplated BVI Section 184I action alleging shareholder oppression concerns the internal affairs of a BVI corporation, supporting an even higher need for comity when foreign countries are implicated. Hornbeam's legal expert Fay describes the intricate procedures for resolving disputes over a BVI corporation's "internal affairs." Fay Dec. ¶¶8-13, **EX. 14**. Nader describes how BVI courts have case management conferences where disclosure orders are given, including orders which would require Halliwel to produce Warren Steel's documents, favorable and adverse. Nader Dec. ¶58, **EX. 21**. The BVI should be given the opportunity to administer to its company before §1782 discovery is considered. If suit had actually been filed in the BVI (and security and/or the BVI judgment is paid, if ordered) and disclosure was inadequate, a §1782 application could have been filed then, albeit, given Hornbeam's misconduct, no further §1782 applications should be permitted.

### C. THE REQUESTS ARE DELIBERATELY UNDULY BURDENSOME AND INTRUSIVE WEIGHING AGAINST DISCOVERY

*Intel* instructs "unduly intrusive or burdensome requests may be rejected". *Intel*, 542 U.S. at 265. Hornbeam's discovery was <u>intended</u> to be both. *See Ire Apotex Inc.*, 2009 WL 618243 at *3-4 (S.D.N.Y. 2009) (vacating §1782 order due to the over-breadth of discovery requests). Hornbeam's discovery was <u>intended</u> to be both.

<u>First</u>, Hornbeam's requests are not needed for the narrow issue on which the Court granted discovery; it is ***undisputed*** Kolomoisky, Bogolubov and/or Korf are the beneficial owners of the "Related Parties." Symeou Dec., ¶¶3,4, **EX. 17**. *See Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 50 (S.D.N.Y. 1996) (quashing overly broad subpoena where

irrelevant requests "effectively encompass[ed] documents relating to every transaction undertaken by [third-party] during the last ten years").

Second, discovery of wire transfer records processed by twelve banks for 28 persons since January 1, 2006 will capture voluminous private and confidential transactions unrelated to Warren Steel. *See Arias-Zeballos v. Tan*, 2007 2007 WL 210112, at *1 (S.D.N.Y. 2007) (quashing subpoena on basis "[i]ndividuals, whose banking records are subpoenaed, have a privacy interest in their personal financial affairs.").

Third, Hornbeam's discovery from accountants and lawyers regarding "Related Parties" seeks unnecessary disclosure of potentially thousands of documents unrelated to Warren Steel, and, to the extent related to Warren Steel, available from the parties in the BVI. *See In re OOO Promnefstroy*, 2009 WL 3335608, at *9 (S.D.N.Y. 2009) (denying §1782 application: "the Court finds [applicant]'s subpoena to be broad by any standard. [It] extends to a wide array of documents related to tens of business entities and to all of their affairs, many of which [the discovery subject] is not even associated with.").

## V.  **PENDING A DECISION, IMMEDIATE RELIEF SHOULD BE GRANTED TO REMEDY HORNBEAM'S VIOLATIONS OF RULE 26 AND 45**

*First*, Rule 45(a)(4) provides that "a notice and copy" of any subpoena *must* be served on each party "before it is served on" the non-party. "The notice provision [of Rule 45] is mandatory." *Mirra v. Jordan*, 2014 WL 2511020, at *3 (S.D.N.Y. 2014) (quashing subpoena, suppressing discovery). Hornbeam should be compelled to produce the subpoenas immediately.

*Second, Mann v. Univ. of Cincinnati*, 824 F. Supp. 1190 (S.D. Oh. 1993) granted a Rule 26 protective order and imposed sanctions for violating Rule 45 by giving *ex parte* instruction to the subpoena recipient to produce records before the deadline in order to deny the opposing party

an opportunity to object.  *Id.* 1202.  Hornbeam should be compelled to produce its communications with the twelve banks about the subpoenas to uncover what occurred.

**Third**, Rule 45(a)(1)(D) "requires the responding person to permit inspection [and] copying" of the discovery materials.  Indeed, one "purpose of prior notice [under R. 45] is to afford other parties an opportunity  . . . to obtain the materials at the same time as the party who served the subpoena."  *Coleman-Hill v. Governor Mifflin Sch. Dist.*, 271 F.R.D. 549, 552 (E.D. Pa. 2010).  Hornbeam should be compelled to produce the Discovery immediately.

**Fourth,** Hornbeam usurped the Court's authority under Rule 26(c) to impose "[p]rotective orders that limit access to certain documents to counsel and experts [which] are commonly entered in litigation."  *Vesta Corset Co., Inc. v. Carmen Foundations, Inc*., 1999 WL 13257, at *3 (S.D.N.Y. Jan 13, 1999). Hornbeam should be compelled to disclose who received the Discovery and information contained therein immediately.

**Fifth,** §1782 discovery should be stayed pending this motion, particularly because Hornbeam has no need for its use in foreign proceedings, given the Ohio Action. *See In re Imanagement Services, Ltd.*, 2005 WL 1959702, *1 (E.D. N.Y. 2005) (discovery stayed "pending briefing and oral argument" on objections to §1782 application).

**Sixth,** *Mann* prohibited use of discovery obtained in violation of Rule 45.   824 F. Supp. at 1205.[9]   Hornbeam and those acting in concert, including Bracha, Shulman, and its counsel, should be prohibited from using, copying, or disseminating in any fashion the Discovery and information contained therein pending further order of the Court.

---

[9] *See also  Mirra v Johnson; Black v. Youngue*; *EEOC v Tony's Lounge, supra.*

## **CONCLUSION**

For the foregoing reasons, the Court should vacate the §1782 Order and grant Symeou

the relief requested above.

Dated:       July 17, 2015
                New York, New York

                                       Respectfully submitted,

                                       **REED SMITH LLP**

                                       By: */s/ Steven Cooper*
                                       Steven Cooper
                                       Samuel Kadosh
                                       599 Lexington Avenue
                                     New York, New York 10022
                                     Telephone: (212) 521-5400
                                     Facsimile: (212) 521-5450
                                     scooper@reedsmith.com
                                     Skadosh@reedsmith.com

                                         *and*

                                       **MARKS & SOKOLOV, LLC**

                                     By: */s/ Bruce S. Marks*
                                     Bruce S. Marks
                                     1835 Market Street, 28th Floor
                                     Philadelphia, PA 19103
                                     Telephone: (215)569-8901
                                     Facsimile: (215) 569-8912
                                     *marks@mslegal.com*

                                     *Attorneys for Movant Panikos Symeou*