UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:
APPLICATION OF HORNBEAM CORP.

14 Misc. 424 (VSB)

## DECLARATION OF BRUCE S. MARKS IN SUPPORT OF
## PANIKOS SYMEOU'S MOTION PURSUANT TO RULE 60(b)

**BRUCE S. MARKS**, an attorney duly admitted to practice law before the courts of the Commonwealth of Pennsylvania and the Federal District Court for the Southern District of New York, declares:

1. I am an attorney and the Managing Member of Marks & Sokolov, LLC counsel for Panikos Symeou ("Symeou").

2. I submit this declaration in support of the instant Motion

3. I submit this declaration based upon my personal knowledge and involvement in this action unless I indicate otherwise.

## REVIEW OF THE WIRE RECORDS

4. On 9:57 p.m. Wednesday, October 7, 2015, I received an email which permitted access to copies of materials ("Wire Records") which Hornbeam represented had been produced by ten New York banks ("Banks") in response to the subpoenas authorized by the § 1782 Order.[1] Our office was then able to access the Wire Records beginning on Thursday, October 8. The Wire Records consisted of Excel spreadsheets and voluminous PDF files.

5. Our office spent the weekend reviewing and summarizing the Wire Records by producing bank, originator, and beneficiary. This was a labor intensive and time consuming

---

[1] Hornbeam refused to produce its communications with the Banks, including the communications by which the Wire Records were transmitted. As a consequence, the exact date on which the Wire Records were received from each of the Banks is unknown.

exercise. Because many Wire Records were contained in PDF files which required hand calculation, it is possible that there may be minor discrepancies in the below totals.

## THE GROUPINGS

6. There were 11,367 records of wires transfers within the Wire Records. The Records reflect, among other information, the originator's name and bank account number, the recipient's name and bank account number, the date and dollar amount of the transaction, and for many banks, a memo field in which the purpose for the transfer was described. I have not reviewed Wire Records other than those of the "Related Persons" defined below. I have reviewed the remainder of the Wire Records in summary form, other than those of the Shulman Entities, which I did not review.

7. In our analysis, which is continuing, we categorized the Wire Records in the following groups based on originator and beneficiary. We used the names in the Wire Records, even if there were minor spelling discrepancies in order to be inclusive. These groups are:

    a. "Warren Steel", i.e. Halliwel Assets, Inc. and its subsidiary, Warren Steel Holdings, LLC;

    b. "Related Entities", i.e.:

        i. Divot Enterprises;

        ii. "Felman Entities", i.e. Felman Production, Inc.; Felman Trading; Felman Trading, Inc.; Felman Trading Europe AG;

        iii. "Georgian-American Manganese Entities", i.e. Georgian Manganese, LLC; Georgian Manganese, Ltd; Haftseek Inc; Vartsikhe 2005, LLC.

        iv. "Halliwel Shareholders", i.e. Panikos Symeou and Marigold Trust Company Ltd.

      v. "Optima Entities", i.e. Optima Acquisitions, Inc.; Optima Acquisitions, LLC; Optima Fixed Income, LLC; Optima Group Holdings, Inc.; Optima Group, Inc.; Optima Group, LLC; Optima International; Optima International, Inc.; Optima International of Miami, Inc.; Optima Ventures; Optima Ventures, LLC; Optima Ventures, Ltd; Optima One Cleveland Center; Optima E-Commerce, LLC;[2]

     vi. "Privat Entities", i.e. PrivatBank, Joint Company Privat; JSC Company Privat Intertrading; Privat Intertrading LLC, Kiev;

c. "Related Persons" i.e. Gennady Bogolubov, Igor Kolomoisky, and Mordecai Korf.

d. "Shulman Entities":

      i. Vadim Shulman

     ii. Akiva Sapir

    iii. CSC, Ltd.

    iv. Instrad, Ltd.

      v. Plama, Ltd.

     vi. Trasteco, Ltd.

---

[2] The summary for the "Optima Entities" may be slightly high because some wires related to entities with the Optima name were included which may be unrelated to the Related Entities. We did this to be inclusive. Either way, these wires had nothing to do with Warren Steel.

## RESULTS OF OUR ANALYSIS

8. We analyzed the Wire Records based on the above groups and developed summaries. The below is based on these summaries prepared by our office.

### Warren Steel

9. There were 604 wires where Warren Steel was an originator or recipient. Of these, only one wire was with one of the Related Entities, and five were with Korf, the CEO of Warren Steel. There were no wires between Warren Steel and Kolomoisky or Bogolubov or the Halliwel Shareholders.

### Related Entities

10. There were 3,958 wires where one of the Related Entities was an originator or recipient. Of these, only one wire was with Warren Steel.

11. I am generally familiar with the business of Divot Enterprises, Felman Entities, Georgian-American Manganese Entities, and Optima Entities based on publically available information. Based on my review of the summaries of the wires involving the Related Entities, none of these Wire Records are related to Warren Steel with the exception of the single transfer identified above.

12. We are further checking if any of the Related Entities' Wire Records relate to Warren Steel. We anticipate filing a supplemental declaration on this issue within the next few days. We can also provide more detailed information under seal.

### The Related Persons

13. There were 388 wires where one of the Related Persons was an originator or recipient. Of these, only five wires were between Korf, the CEO of Warren Steel and Warren Steel. There were no wires between Warren Steel and Kolomoisky or Bogolubov.

14. I have reviewed a summary of the Wire Records involving the Related Persons. Based on my review, these Wire Records have nothing to do with Warren Steel, other than the five records with Korf identified above. To the contrary, they concern other business interests of the Related Persons and as well as personal transactions. These Wire Records reveal the location of their personal bank accounts, their bank account numbers, the date and amount of the transfer, and in some cases, the purpose for the particular wire transfer, thereby revealing highly confidential commercial and personal information regarding the transactions in which they engage.

### Halliwel Shareholders

15. There were 75 wires where the Halliwel Shareholders were an originator or recipient. There were no wires between the Halliwel Shareholders and Warren Steel.

### The Shulman Entities

16. There were 459 wires where one of the Shulman Entities was an originator or recipient.

### The Unrelated Entities

17. The Wire Records include 5,952 wires solely involving over 250 persons and entities who appear completely unrelated to Warren Steel, the Related Entities, the Related Persons, or the Shulman Entities. These wires were captured by the searches conducted by the Banks and provided to Hornbeam. Since Hornbeam has refused to produce its communications with the Banks, we do not know why this occurred. Thus, Hornbeam has maintained confidential commercial and personal information regarding over 250 persons and entities without disclosing such to the Court.

18. If the subpoenas had been served on Symeou prior to production, we would have been aware that the Banks were producing irrelevant records containing confidential commercial and personal information and could have intervened with the Banks or the Court to preclude this.

19. I also attach the following documents to my Declaration.

20. A graphical representation of the percentage of the Wire Records attributable to the categories of individuals or entities discussed above is attached as **Exhibit 1.**

21. The Second Declaration of Fabrizio N. Campanile dated September 28, 2015 which was filed in the §1782 proceeding which Bracha Foundation initiated in the Northern District of Alabama is attached as **Exhibit 2.**

22. Our review is continuing. However, I believe that the summary numbers and other information provided in this declaration is accurate, subject to minor correction.

I executed this declaration within the United States and pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 15, 2015

By: _____
BRUCE S. MARKS