

**Marks & Sokolov**
— ATTORNEYS AT LAW —

BRUCE S. MARKS, ESQUIRE
LICENSED IN PENNSYLVANIA,
NEW JERSEY AND S.D. NEW YORK

1835 Market Street, 28th Floor
Philadelphia, PA 19103
Tel: +1 (215) 569-8901
Fax: +1 (215) 569-8912
www.Marks-Sokolov.com

PHILADELPHIA | MOSCOW

E-MAIL ADDRESS: MARKS@MSLEGAL.COM

November 4, 2015

The Honorable Vernon S. Broderick
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**In Re: Application of Hornbeam, Corp., No. 14 Misc. 424, Part 1, S.D.N.Y (VSB)**

Dear Judge Broderick:

I write in response to Mr. Power's letter received at 4:34 p.m. by Pacer requesting an urgent conference with the Court. I will respond to the letter received at 8:20 p.m. by email which I have only reviewed this morning later today. Counsel for Mr. Symeou is available at the Court's convenience – although there is no urgency -- for an in person conference Thursday or Friday or generally next week. We also have important matters to raise. As discussed below, the justification that Hornbeam gave the Court in support of its § 1782 application (which Symeou contests) has been dwarfed by the deluge of highly sensitive and wholly irrelevant wire transfers captured by Hornbeam's subpoenas. These productions are very damaging to persons connected and unconnected to this action, and all discovery should be stayed pending further judicial inquiry.

***First***, as advised in our Rule 60 motion, review of the initial Wire Records production revealed that Hornbeam Corp. received over 1,300 records containing confidential commercial and personal information of the Related Entities and Related Persons which are ***unrelated*** to the Warren Steel Holdings, LLC/Halliwel Corp. dispute (the "WSH Dispute"). In addition, Hornbeam received over 9,000 records containing confidential commercial and personal information of persons ***unrelated*** to the litigants. The November 3, 2015 production (which we only had hours to review) reveals this problem is growing even worse, containing at least 2,000 additional wires of Related Entities and Related Persons ***unrelated*** to the WSH Dispute.

***Second,*** Hornbeam seeks to exacerbate the problem by disseminating the records in other jurisdictions. Dissemination or use of the Wire Records should not be permitted until proceedings in this District are complete. Symeou's Rule 60 motion is pending. Rather than seeking to expedite its consideration, Hornbeam asked until November 10, 2015 to file its opposition. Symeou is then entitled to file a reply. If the Court were to grant the Rule 60 motion, Hornbeam's request is moot.



Even if the Court were to deny the Rule 60 motion, Symeou would move for a stay pending appeal. The Wire Records should not be disseminated or used until the Court considers these motions, and, further, if the Court were not to stay its order, the Second Circuit should be given the opportunity to decide whether dissemination or use of this sensitive material should be stayed pending appeal. Hornbeam's effort to disrupt this orderly process makes it even more difficult to remedy the situation if the discovery order is reversed.

*Third,* Hornbeam discloses no "emergency" which requires immediate use of these records. Hornbeam's opposition to the motion to stay pending appeal in Alabama by Symeou and Halliwel is due today at noon. The record is closed. The Wire Records are irrelevant to the stay motion.

*Fourth*, Hornbeam has continued to engage in *ex parte* communications with subpoenaed parties. Hornbeam did this with Deutsche Bank Trust Company Americas ("DB") concerning the §1782 subpoenas and the DB discovery - despite the Court's ruling that it should not engage in §1782 discovery *ex parte*. Symeou first learned on November 3 that Hornbeam negotiated a protective agreement with DB. This agreement, dated October 30, 2015, was only produced on November 3. Hornbeam has refused to produce almost all of its communications with the New York banks, despite our request. As a result, we have been in the dark regarding Hornbeam's dealings with the banks – we literally had no knowledge there would be production until receiving notice at 3:00 p.m. on November 3. Had we been notified that DB intended to produce confidential wire records, we would have sought an immediate protective order prohibiting its production until the Rule 60(b) Motion is decided. The Court should order Hornbeam to produce its communications with the banks to the Court and Symeou immediately so that there is least some transparency in a discovery process which Hornbeam has conducted secretly to date.

*Fifth,* Symeou opposes any filing of Wire Records unrelated to Warren Steel and Halliwel in any manner with this or any other Court. We would be pleased to discuss this at an in-person conference in a closed courtroom or chambers. The DB records reveal substantial, highly confidential transactions and bank accounts irrelevant to the WSH Dispute.

*Sixth,* Symeou opposes service of any further subpoenas until the Court resolves the Rule 60(b) motion, given that the Court has not vacated its August 4, 2015 Order. The current subpoenas for service providers similarly seek confidential information unrelated to the WSH Dispute. This discovery continues the pattern of (intentionally) overbroad and intrusive requests.

*Finally*, although we only received production of Wire Records a few weeks ago (which Hornbeam had for months), we have already informed the Court that over 9,000 records containing confidential commercial and personal information of persons unrelated to the litigants were produced, including records of a regulated investment fund. Although Hornbeam knew this, it was never disclosed to the Court. We wish to address how the unrelated persons and banks, as well as,



responsible government agencies, should be notified of what occurred so that they can protect their interests and the records should be destroyed.

                       Respectfully,

                       --- s ----

                       Bruce S. Marks

For:   Marks & Sokolov, LLC

BSM/my