# EXHIBIT C

Deutsche Bank



Forrest R. Hansen
Assistant Vice President
DB Services New Jersey, Inc.
Legal Department
5022 Gate Parkway, Suite 400
Jacksonville, Florida 32256
(904) 271-3551
forrest.hansen@db.com

February 10, 2015

**VIA FEDERAL EXPRESS**

James H. Power, Esquire
Holland & Knight
31 West 52nd Street
New York, NY 10019

    Re:    **In re Application of Hornbeam Corp.**

Dear Mr. Power:

    This shall serve as the response and objection of Deutsche Bank Trust Company Americas ("DBTCA") pursuant to the civil subpoena issued to DBTCA dated January 21, 2015, in the above-captioned matter (the "Subpoena").

    DBTCA objects to the Subpoena pursuant to applicable federal and state laws and rules on the following grounds:

    1.    DBTCA objects to the Subpoena to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege, protection or immunity against disclosure.

    2.    DBTCA objects to the Subpoena to the extent that it seeks documents containing confidential, personal or private, proprietary, or sensitive business information, or information protected from disclosure by any law (including, but not limited to, foreign laws), court order or any agreement with respect to confidentiality or non-disclosure.

    3.    DBTCA objects to the Subpoena to the extent that it calls for the production of publicly available documents and documents already produced in the above-referenced action, already in Hornbeam's possession, custody or control, or equally available to Hornbeam through other sources that are more convenient, less burdensome and less expensive than production by DBTCA, including the parties to the above-referenced action or public sources or records, on the grounds that such requests are unduly broad and burdensome.

    4.    DBTCA objects to the Subpoena to the extent it seeks documents or information not within its possession, custody or control.

Chairman of the Supervisory Board: Paul Achleitner
Management Board: Jürgen Fitschen (Co-Chairman), Anshuman Jain (Co-Chairman), Stephan Leithner, Stuart Lewis, Stefan Krause, Rainer Neske, Henry Ritchotte
Deutsche Bank Aktiengesellschaft domiciled in Frankfurt am Main; HRB No 30 000, Frankfurt am Main, Local Court; VAT ID No DE114103379; www.db.com

February 10, 2015
Page 2

---

5. DBTCA objects to the Subpoena and, in particular, to the document requests contained therein to the extent they are over broad, unduly burdensome, vague, ambiguous, and fail to identify the documents sought with reasonable particularity.

6. DBTCA objects to the Subpoena to the extent it purports to require DBTCA to search for all electronically stored information possibly responsive to the Subpoena on the grounds that conducting such a search would impose undue burden and expense on DBTCA, a non-party to the above-referenced action.

7. DBTCA objects Definition number 2 and the definition of the terms "You," and "Your" on the grounds they are overbroad and unduly burdensome. DBTCA objects, in particular, to the definition of the terms "You," and "Your" to the extent they include any entity other than DBTCA and specifically to the inclusion in the definition of "by whatever name known, all of it's divisions, departments, affiliates, subsidiaries, predecessors, successors, assigns, directors, employees, agents and representatives, including it's attorneys," on the grounds that such a definition is overbroad, unduly burdensome and improper. DBTCA will undertake a reasonable search of those files in its possession, custody and control where there is a reasonable likelihood that responsive, relevant documents may be located. To the extent Plaintiff seeks documents in the possession, custody and control of any other DB entity, it must issue a valid subpoena to that entity.

8. DBTCA objects to the Subpoena to the extent it calls for the production of "all" documents pertaining to a specific subject on the ground that such language is overly broad and unduly burdensome. DBTCA will search those files in its possession, custody or control where there is a reasonable likelihood that responsive, relevant documents may be located

9. DBTCA objects to the Subpoena to the extent it purports to call for the production of documents stored outside of the United States. DBTCA will search those files in its possession, custody and control in the United States where there is a reasonable likelihood that responsive, relevant documents may be located.

Subject to and without waiver of the foregoing objections, DBTCA has conducted a reasonable search in connection with the entities referenced in the Subpoena. In that regard, please provide us with an acceptable confidentiality agreement and upon receipt, we will provide any responsive information available.

Further, by responding and objecting to the Subpoena, DBTCA does not waive, intentionally or otherwise, its attorney-client privilege or any other applicable privilege, doctrine or immunity protecting its communications, transactions or records from disclosure. Accordingly, any response or objection inconsistent with the foregoing is wholly inadvertent and shall not constitute a waiver of any such privilege, doctrine or immunity. DBTCA's failure to object to the Subpoena on a particular ground shall not be construed as a waiver of rights to object on that ground or any additional ground at any time. DBTCA expressly reserves its right to modify, supplement or amend any of the responses and objections contained herein.

February 10, 2015
Page 3

---

     Please contact me or my paralegal, Paula Cipolla, at (904) 271-3427 should you have any questions.

                                                      Very truly yours,

                                                      Forrest R. Hansen

FRH/pc
Enclosure

| | |
|---|---|
| From: | Barry, Sean P (NYC - X73395) |
| To: | "Paula Cipolla" |
| Cc: | Power, James H (NYC - X73494) |
| Subject: | RE: Hornbeam - SDNY 28 USC 1782 Action - Draft Protective Agreement |
| Date: | Friday, October 30, 2015 11:56:00 AM |
| Attachments: | Hornbeam - 28 USC 1782 - DBTCA - Protective Agreement - Oct. 30 2015.pdf |
| | Image001.gif |
| | Image002.gif |

Ms. Cipolla,

Thank you for your email. Please find the executed agreement attached.

We are amenable to receive the responsive documents electronically via email.

Best,

Sean

**Sean Barry | Holland & Knight**
Associate
31 West 52nd Street | New York NY 10019
Phone 212.513.3395 | Fax 212.385.9010
sean.barry@hklaw.com | www.hklaw.com

Add to address book | View professional biography

> **From:** Paula Cipolla [mailto:paula.cipolla@db.com]
> **Sent:** Friday, October 30, 2015 9:47 AM
> **To:** Barry, Sean P (NYC - X73395) <Sean.Barry@hklaw.com>
> **Cc:** Power, James H (NYC - X73494) <James.Power@hklaw.com>
> **Subject:** RE: Hornbeam - SDNY 28 USC 1782 Action - Draft Protective Agreement
>
> Good Morning:
>
> Attached is a slightly revised version of your Protective Agreement. Kindly sign same and return it. Upon receipt, DBTCA will send you its production in the above matter.
>
> If you have any questions, please feel free to contact me.
>
> Thank you.
>
> Kind regards,
> Paula Cipolla



**Paula Cipolla**
Paralegal

DB Services New Jersey, Inc.
Global Business Services
5022 Gate Parkway, 32256 Jacksonville, Florida, USA
Tel. +1(904)271-3427
Mobile +904 302-2966
Email paula.cipolla@db.com



---

**From:** Sean.Barry@hklaw.com [mailto:Sean.Barry@hklaw.com]
**Sent:** Wednesday, October 28, 2015 2:52 PM
**To:** Paula Cipolla
**Cc:** James.Power@hklaw.com
**Subject:** RE: Hornbeam - SDNY 28 USC 1782 Action - Draft Protective Agreement

Ms. Cipolla,

I am just following up to see if you received the email below.

Best,

Sean

**Sean Barry | Holland & Knight**
Associate
31 West 52nd Street | New York NY 10019
Phone 212.513.3395 | Fax 212.385.9010
sean.barry@hklaw.com | www.hklaw.com

Add to address book | View professional biography

> **From:** Barry, Sean P (NYC - X73395)
> **Sent:** Thursday, October 22, 2015 4:29 PM
> **To:** 'paula.cipolla@db.com' <paula.cipolla@db.com>
> **Cc:** Power, James H (NYC - X73494) <James.Power@hklaw.com>
> **Subject:** Hornbeam - SDNY 28 USC 1782 Action - Draft Protective Agreement
>
> Ms. Cipolla,
>
> It was nice speaking to you earlier this week. I write in response to the Feb. 10, 2015 letter from Mr. Hansen (attached). Please also find a draft of our protective order

for this matter in word format. I also attach a PDF of another fully executed protective order for this matter with a fellow intermediary bank.

Please let me know if you have any questions or would like to further discuss. Once the protective order in in place, we are happy to receive the responsive production electronically, if that is easier for you. I look forward to hearing from you.

Best regards,

Sean

**Sean Barry | Holland & Knight**
Associate
31 West 52nd Street | New York NY 10019
Phone 212.513.3395 | Fax 212.385.9010
sean.barry@hklaw.com | www.hklaw.com

Add to address book | View professional biography

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

---

This communication may contain confidential and/or privileged information. If you are not the intended recipient (or have received this communication in error) please notify the sender immediately and destroy this communication. Any unauthorized copying, disclosure or distribution of the material in this communication is strictly forbidden.

Deutsche Bank does not render legal or tax advice, and the information contained in this communication should not be regarded as such.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE THE APPLICATION OF HORNBEAM CORPORATION,<br><br>REQUEST FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782. | Civil Action No. 14-Misc. 424 |

## PROTECTIVE AGREEMENT

**IT IS HEREBY STIPULATED AND AGREED** that applicant Hornbeam Corporation, including any beneficial owner, assignee, or successor-in-interest (collectively **"Applicant"**), and non-party, Deutsche Bank Trust Company Americas (the **"Bank"**) (which has been subpoenaed by Applicant pursuant to 28 U.S.C. § 1782 to obtain discovery for the use in several contemplated foreign proceedings), by and through their respective undersigned counsel, as follows:

1. This Protective Agreement (this **"Agreement"**) applies to "Confidential Information," as defined below, produced or otherwise disclosed by Bank to Applicant.

2. The term **"Confidential Information"** as used in this Agreement means any record, document, thing, or information that is designated or labeled "Confidential" by Bank.

3. Confidential Information subject to this Agreement shall only be used in connection with the above-captioned matter, the related 28 U.S.C. § 1782 discovery requests that are filed or will be filed in other United States District Courts, the contemplated foreign proceedings for which discovery is sought (the **"Actions"**), or other proceedings that become available by Applicant for claims related to Warren Steel Holdings LLC including, but not

limited to any related action brought by Applicant to enforce any order issued or judgment rendered in the Actions.

4. Confidential Information may be used in connection with discovery proceedings and as evidence in any application, motion, hearing, trial or other proceeding in the Actions and any related action brought by Applicant to enforce any order issued or judgment rendered in the Actions.

5. Confidential Information shall not be used or disclosed by Applicant for any purpose that is not directly related to the Actions, any other related action brought by Applicant to enforce any order issued or judgment rendered in the Actions, or actions against any individuals or entities related to, managed by, or associated with the entities listed in the subpoena that was served on Bank in connection with the above-captioned matter.

6. The inadvertent disclosure by the Bank of any information subject to a claim of attorney-client privilege, attorney-work-product or similar ground on which disclosure of such information should not have been made, shall not be construed as a waiver of such claim. Neither shall this Agreement be construed as requiring the Bank or any other branch or subsidiary of the Bank to commit any act that would violate any domestic federal, state or local law, or any law of a foreign jurisdiction. The inadvertent disclosure in violation of such law, shall not be considered as a waiver thereof.

7. Applicant and Bank further recognize that the obligations embodied herein shall not apply to information already in the public domain, or information already known to Applicant or its counsel, consultants, or experts, or information obtained from a third party not under any obligation of confidentiality to Bank regarding the information.

8. The obligations under this Agreement shall survive the termination of the Action and continue to bind Applicant and Bank.

9. This Agreement may be signed by counsel in counterparts with the same force and effect as if all signatures appear on one document and email or facsimile copies of signatures shall have the same force and effect as original signatures.

10. This Agreement shall be governed by, and construed and interpreted in accordance with the law of the State of New York. Any action or proceeding, relating in any way to this Agreement, shall be brought in any State or Federal court located in the City of New York, Borough of Manhattan, State of New York. The parties hereby irrevocably and unconditionally waive trial by jury in any such action or proceeding.

New York, New York
October ___, 2015


By:_____
James H. Power

HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Tel.:   (212) 513-3200
Fax:   (212) 385-9010
james.power@hklaw.com

*Attorneys for Hornbeam Corporation*

By:_____

DEUTSCHE BANK TRUST COMPANY
AMERICAS

Deutsche Bank



Forrest R. Hansen
Assistant Vice President
DB Services New Jersey, Inc.
Legal Department
5022 Gate Parkway, Suite 400
Jacksonville, Florida 32256
(904) 271-3551
forrest.hansen@db.com

November 2, 2015

**VIA FEDERAL EXPRESS**

James H. Power, Esquire
Holland & Knight
31 West 52nd Street
New York, NY 10019

Re:   **In re Application of Hornbeam Corp.**

Dear Mr. Power:

I write on behalf of Deutsche Bank Trust Company Americas ("DBTCA") in further response to the civil subpoena dated January 21, 2015, served on DBTCA in the above-referenced matter (the "Subpoena").

Subject to and without waiver of the objections contained in my February 10, 2015 letter, enclosed please find a DVD marked "Confidential" and Bates stamped "DBTCA 0001." The data on the enclosed DVD is encrypted. We will be contacting you separately to provide you with the password for the production. If you have not already received the password, please contact my paralegal, Paula Cipolla, at (904) 271-3427 and she will provide it to you.

By responding and objecting to the Subpoena, DBTCA does not waive, intentionally or otherwise, its attorney-client privilege or any other applicable privilege, doctrine or immunity protecting its communications, transactions or records from disclosure. Accordingly, any response or objection inconsistent with the foregoing is wholly inadvertent and shall not constitute a waiver of any such privilege, doctrine or immunity. Failure to object to the Subpoena on a particular ground shall not be construed as a waiver of rights to object on that ground or any additional ground at any time. DBTCA expressly reserves its right to revise, supplement, or clarify any of the responses and objections contained herein.

Please contact me or my paralegal, Paula Cipolla, at (904) 271-3427 should you have any questions.

Very truly yours,

*Forrest R. Hansen*
Forrest R. Hansen

FRH/pc
Enclosure

Chairman of the Supervisory Board  Paul Achleitner
Management Board  John Cryan (Co-Chairman), Jurgen Fitschen (Co-Chairman), Stefan Krause, Stephan Leithner, Stuart Lewis, Henry Ritchotte, Marcus Schenck, Christian Sewing
Deutsche Bank Aktiengesellschaft domiciled in Frankfurt am Main, Local Court of Frankfurt am Main, HRB No 30 000, VAT ID No DE114103379, www.db.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE THE APPLICATION OF HORNBEAM
CORPORATION,

REQUEST FOR DISCOVERY PURSUANT
TO 28 U.S.C. § 1782.

Civil Action No. 14-Misc. 424

## PROTECTIVE AGREEMENT

**IT IS HEREBY STIPULATED AND AGREED** that applicant Hornbeam Corporation, including any beneficial owner, assignee, or successor-in-interest (collectively "**Applicant**"), and non-party, Deutsche Bank Trust Company Americas (the "**Bank**") (which has been subpoenaed by Applicant pursuant to 28 U.S.C. § 1782 to obtain discovery for the use in several contemplated foreign proceedings), by and through their respective undersigned counsel, as follows:

1. This Protective Agreement (this "**Agreement**") applies to "Confidential Information," as defined below, produced or otherwise disclosed by the Bank to Applicant.

2. The term "**Confidential Information**" as used in this Agreement means any record, document, thing, or information that is designated or labeled "Confidential" by the Bank.

3. Confidential Information subject to this Agreement shall only be used in connection with the above-captioned matter, the related 28 U.S.C. § 1782 discovery requests that are filed or will be filed in other United States District Courts, the contemplated foreign proceedings for which discovery is sought (the "**Actions**"), or other proceedings that become

available by Applicant for claims related to Warren Steel Holdings LLC including, but not limited to, any related action brought by Applicant to enforce any order issued or judgment rendered in the Actions.

4. Confidential Information may be used in connection with discovery proceedings and as evidence in any application, motion, hearing, trial or other proceeding in the Actions and any related action brought by Applicant to enforce any order issued or judgment rendered in the Actions.

5. Confidential Information shall not be used or disclosed by Applicant for any purpose that is not directly related to the Actions, any other related action brought by Applicant to enforce any order issued or judgment rendered in the Actions, or actions against any individuals or entities related to, managed by, or associated with the entities listed in the subpoena that was served on the Bank in connection with the above-captioned matter.

6. The inadvertent disclosure by the Bank of any information subject to a claim of attorney-client privilege, attorney-work-product or similar ground on which disclosure of such information should not have been made, shall not be construed as a waiver of such claim. Neither shall this Agreement be construed as requiring the Bank or any other branch or subsidiary of the Bank to commit any act that would violate any domestic federal, state or local law, or any law of a foreign jurisdiction. The inadvertent disclosure in violation of such law, shall not be considered as a waiver thereof.

7. Applicant and the Bank further recognize that the obligations embodied herein shall not apply to information already in the public domain, or information already known to Applicant or its counsel, consultants, or experts, or information obtained from a third party not under any obligation of confidentiality to the Bank regarding the information.

8. The obligations under this Agreement shall survive the termination of the Action and continue to bind Applicant and the Bank.

9. This Agreement may be signed by counsel in counterparts with the same force and effect as if all signatures appear on one document and email or facsimile copies of signatures shall have the same force and effect as original signatures.

10. This Agreement shall be governed by, and construed and interpreted in accordance with the law of the State of New York. Any action or proceeding, relating in any way to this Agreement, shall be brought in any State or Federal court located in the City of New York, Borough of Manhattan, State of New York. The parties hereby irrevocably and unconditionally waive trial by jury in any such action or proceeding.

By: _____
James H. Power

HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Tel.: (212) 513-3200
Fax: (212) 385-9010
james.power@hklaw.com

*Attorneys for Hornbeam Corporation*

By: _____
Eric M. Herbst
Vice President
DB Services New Jersey, Inc.
Legal Department
5022 Gate Parkway, Suite 400
Jacksonville, Florida 32256
(904) 271-2799
eric.herbst@db.com

3