```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
IN RE:                                                      :
                                                            :         14-MC-424 (Part 1)
                                                            :
APPLICATION OF HORNBEAM CORP.                               :         MEMORANDUM & OPINION
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/22/2017

Appearances:

Dennis H. Tracey, III
David R. Michaeli
Hogan Lovells US LLP
New York, New York

James H. Power
Sean P. Barry
Holland & Knight LLP
New York, New York

*Counsel for Applicant Hornbeam Corp.*

Steven Cooper
Reed Smith LLP
New York, New York

Bruce S. Marks
Thomas C. Sullivan
Marks & Sokolov, LLC
Philadelphia, Pennsylvania

*Counsel for Intervenor Panikos Symeou*

VERNON S. BRODERICK, United States District Judge:

      Before me is the motion of Intervenor Panikos Symeou to stay the use or dissemination of bank records produced as a result of authorized discovery under 28 U.S.C. § 1782 pending appeal. (Doc. 88.) For the reasons that follow, Symeou's motion to stay is denied.

I.  **Applicable Law**[1]

When deciding whether to issue a stay pending appeal, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re Application of Chevron Corp.*, 709 F. Supp. 2d 283, 300 (S.D.N.Y. 2010) (quoting *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 169 (2d Cir. 2007)). "The necessary level or degree of possibility of success will vary according to the court's assessment of the other stay factors." *Id.* (alterations omitted) (quoting *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002)); *see also Strougo v. Barclays PLC*, 194 F. Supp. 3d 230, 233 (S.D.N.Y. 2016) ("Courts have treated these factors 'like a sliding scale' such that 'more of one excuses less of the other.'" (citation omitted)). Still, "the movant cannot prevail by showing a mere possibility of success or harm." *Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 641 (S.D.N.Y. 2012) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)).[2]

II.  **Discussion**

A. *Likelihood of Success*

Symeou's arguments in his motion do not support a determination that he has a strong or even substantial case on the merits that my prior interpretation and application of § 1782's

---

[1] I rely here on the background information and facts provided in my prior decisions in this case. (Doc. 35 at 2–3; Doc. 83 at 2–5.) Undefined capitalized terms are given the same meaning as those identified in the prior decisions rendered in this case. (*See generally* Docs. 35, 83.)

[2] The Second Circuit reviews "*de novo* the district court's determination as to whether the statutory requirements of § 1782 are met," and if satisfied that they have been met, then reviews "the district court's decision on whether to grant discovery for abuse of discretion." *Euromepa, S.A. v. R. Esmerian, Inc.*, 154 F.3d 24, 27 (2d Cir. 1998). Thus, "assuming no error of law," appellate review of the decision to grant discovery "is much more deferential." *In re Application of Chevron Corp.*, 709 F. Supp. 2d at 304.

statutory requirements was incorrect.  (*See* Symeou Mem. 9–16.)³  Symeou claims that proceedings in the BVI were not within reasonable contemplation and that, even if they were within reasonable contemplation when I originally granted Hornbeam's application for discovery under § 1782 on December 24, 2014, they were not within reasonable contemplation in January 2017 when I granted Hornbeam's request for an extension of time to use the materials gathered. (*Id.* at 14–16.)  To begin with, courts in this Circuit "assess the indicia of whether the contemplated proceedings were within reasonable contemplation at the time the § 1782 application was filed."  *Certain Funds, Accounts and/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 124 (2d Cir. 2015).  At the time of Hornbeam's § 1782 application, it had "initiated two legal proceedings in the BVI related to the underlying dispute over Warren Steel, and [intended] to initiate further proceedings once it obtain[ed] additional information."  (Doc. 5 at 6.)  In any event, even if I were to re-assess at this juncture, Hornbeam has clearly identified the reasons it has not brought foreign proceedings, (*see* Doc. 77), and Hornbeam has represented that it expects to initiate foreign claims by May 29, 2017, (*see* Docs. 99, 108).  Moreover, although Symeou originally moved to vacate the Authorizing Order in part on the basis that Hornbeam had to satisfy a large judgment before reinitiating BVI proceedings and argued as a result that those BVI proceedings could not be reasonably contemplated, (*see* Doc. 35 at 14–15), and also later moved for reconsideration, contending that Hornbeam and Shulman had no intention of paying that BVI judgment, Hornbeam paid the judgment on October 26, 2016, (*see* Doc. 83 at 13).

Symeou further contends that § 1782 does not permit the "broad pre-filing document discovery permitted here."  (Symeou Mem. 16.)  As outlined in my prior decisions, after

---

³ "Symeou Mem." refers to the Memorandum of Law in support of Intervenor Panikos Symeou's Motion to Stay Pending Appeal.  (Doc. 89.)

requiring Hornbeam to narrow its requests to exclude unnecessary and irrelevant material, I concluded that the discovery requests were not unduly broad. (*See* Doc. 5 at 8–9; Doc. 35 at 16; Doc. 83 at 9.) My view on this issue has not been altered by the largely repetitive arguments made by Symeou in his current motion. Moreover, to the extent Syemou's arguments could be construed as an objection to Hornbeam obtaining discovery prior to filing a foreign proceeding, the Supreme Court has clearly stated that foreign proceedings do not have to be "pending" or "imminent" to fall within § 1782. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 259 (2004).

Additionally, with respect to its argument that the Authorizing Order should have been vacated and discovery suppressed, Symeou argues that Hornbeam (1) improperly proceeded with its § 1782 application ex parte, (Symeou Mem. 9–11); (2) did not disclose all of the potentially relevant facts in connection with its ex parte § 1782 application, thereby violating its duty of disclosure, (*id.* at 11–12); and (3) violated Federal Rule of Civil Procedure 45 by failing to provide notice to its adversaries before issuing third-party subpoenas, (*id.* at 12–14). Because these arguments reiterate Symeou's arguments in his motion to vacate and for reconsideration, I rely on the rationale for rejecting these arguments in my prior decisions, (*see* Doc. 35 at 6–12; Doc. 83 at 14), and I do not restate them here, but rather hold simply that Symeou's reiteration of the arguments does not satisfy the required showing of a likelihood of success on appeal.

### B. *Equitable Factors*

Although I acknowledge that denial of a stay risks the use of the confidential materials in the contemplated foreign proceedings and therefore raises the specter that Symeou might be harmed, a protective order is currently in place that limits Hornbeam's use of the evidence and requires that Hornbeam seek permission from this Court before using such materials (the

"Protective Order"). (*See* Doc. 106.) Indeed, the Protective Order was recently amended to provide Symeou with additional assurances limiting the use of the materials. In addition, the Protective Order requires that Hornbeam destroy documents by a certain date if foreign proceedings are not filed.

Finally, I find that the public interest weighs in favor of denying the stay, as the discovery granted under § 1782 in this case as well as the anticipated use of the materials gathered as a result of that discovery serve the "public interests in justice, fair play, and full disclosure," *In re Application of Chevron Corp.*, 709 F. Supp. 2d at 310, as well as "the truth in foreign actions," *In re Bracha Found.*, No. 2:15-mc-748-KOB, 2015 WL 6828677, at *4 (N.D. Ala. Nov. 6, 2015).

### III. Conclusion

After balancing these factors, I find that Symeou has not justified the imposition of a stay pending appeal. Accordingly, Symeou's motion for a stay is DENIED. The Clerk of Court is instructed to terminate the open motion at Document 88.

SO ORDERED.

Dated: May 22, 2017
New York, New York

_____
Vernon S. Broderick
United States District Judge