**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE THE APPLICATION OF HORNBEAM
CORPORATON

REQUEST FOR DISCOVERY PURSUANT
TO 28 USC § 1782

Civ. No. 14 Misc. 424 (VSB)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE AND AMEND
THE COURT'S PROTECTIVE ORDER TO PERMIT THE USE OF DISCOVERY**

HOGAN LOVELLS US LLP

875 Third Avenue
New York, NY 10022
Telephone: (212) 918-3000
dennis.tracey@hoganlovells.com
david.michaeli@hoganlovells.com

*Attorneys for Hornbeam Corporation,*
*Bracha Foundation and Vadim Shulman*

# TABLE OF CONTENTS

**Page(s)**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF RELEVANT FACTS ................................................................................... 3

      A.     Hornbeam's Initial Discovery Application ................................................ 3

      B.     The Court Has Repeatedly Affirmed its Ruling in the Authorizing
              Order that Discovery is Proper in this Action ........................................ 4

      C.     Mr. Shulman's Recently Initiated English Proceedings ......................... 7

ARGUMENT ........................................................................................................................... 9

      I.      SHULMAN'S INTERVENTION MOTION SHOULD BE GRANTED ............. 10

      II.     SHULMAN SHOULD BE AUTHORIZED TO USE DISCOVERY
             FROM THIS CASE IN THE ENGLISH ACTION ................................. 13

      III.    SYMEOU LACKS STANDING TO OBJECT TO SHULMAN'S USE OF
             DISCOVERY IN THE ENGLISH Action BECAUSE HE IS NOT A
             DEFENDANT IN THAT ACTION ....................................................... 17

      IV.    THE USE OF DOCUMENTS BY MR. SHULMAN IN CONNECTION
             WITH THE ENGLISH PROCEEDINGS SHOULD BE DETERMINED
             BY THE ENGLISH COURT .............................................................. 18

CONCLUSION ...................................................................................................................... 21

**Cases**

*Ahmad Hamad Algosaibi & Bros. Co. v. Standard Chartered Int'l (USA) Ltd.*,
    785 F. Supp. 2d 434 (S.D.N.Y. 2011).........................................................................16

*In re Application of Accent Delight Int'l Ltd.*,
    No. 16-MC-125 (JMF), 2016 WL 5818597 (S.D.N.Y. Oct. 5, 2016) ...................16

*In re: Application of Bracha Found.*,
    663 F. App'x 755 (11th Cir. 2016) ......................................................................9

*In re Application of Chevron Corp.*,
    736 F. Supp. 2d 773 (S.D.N.Y. 2010).................................................................18

*In re Ex Parte Application of Glob. Energy Horizons Corp.*,
    No. 5:15-MC-80078-PSG, 2015 WL 1325758 (N.D. Cal. Mar. 24, 2015) ...........15

*In re Application of Guy*,
    No. M 19-96, 2004 WL 1857580 (S.D.N.Y. Aug. 19, 2004) .................................15

*In re Application of Hornbeam Corp.*,
    No. 14 MISC. 424, 2014 WL 8775453 (S.D.N.Y. Dec. 24, 2014)................................ *passim*

*In Re: Application of Hornbeam Corp.*,
    No. 14-MC-424, 2017 WL 2241522 (S.D.N.Y. May 22, 2017).........................................6, 16

*In re Catalyst Managerial Servs., DMCC*,
    No. 16-2653-CV, 2017 WL 716846 (2d Cir. Feb. 23, 2017) .................................19

*Euromepa, S.A. v. R. Esmerian, Inc.*,
    154 F.3d 24 (2d Cir. 1998)..................................................................................18, 19

*In re IKB Deutsche Industriebank AG*,
    No. 09-CV-7852, 2010 WL 1526070 (N.D. Ill. Apr. 8, 2010) ...............................15

*Intel Corp. v. Advanced Micro Devices, Inc.*,
    542 U.S. 241 (2004)................................................................................13, 14, 18

*Jiangsu Steamship Co. v. Success Superior Ltd.*,
    No. 14 CIV. 9997 CM, 2015 WL 3439220 (S.D.N.Y. Feb. 5, 2015)....................19

*La Suisse, Societe d'Assurances Sur La Vie v. Kraus*,
    62 F. Supp. 3d 358, 362 (S.D.N.Y. 2014) ............................................................15

*Laroe Estates, Inc. v. Town of Chester*,
    828 F.3d 60 (2d Cir. 2016), *cert. granted sub nom. Town of Chester, N.Y. v.*
    *Laroe Estates, Inc.*, 137 S. Ct. 810, 196 L. Ed. 2d 596 (2017)................................11

*Meek v. Metro. Dade Cty., Fla.*,
    985 F.2d 1471 (11th Cir. 1993), *abrogated on other grounds by Dillard v.*
    *Chilton Cty. Com'n*, 495 F.3d 1324 (11th Cir. 2007) ............................................12

*Penn Mut. Life Ins. Co. v. Kehoe*,
    No. 15-CV-1111 (AJN), 2016 WL 4540833 (S.D.N.Y. Aug. 30, 2016)................................12

*Estate of Ungar v. Palestinian Auth.*,
    400 F. Supp. 2d 541 (S.D.N.Y. 2005), *aff'd,* 332 F. App'x 643 (2d Cir. 2009)....................17

**Statutes**

28 U.S.C. § 1782................................................................................................*passim*

BVI Business Companies Act of 2004 ........................................................................3

**Other Authorities**

Fed. R. Civ. P. 24........................................................................................... 11-13

Fed. R. Civ. P. 60(b) ......................................................................................5, 6

Vadim Shulman ("**Shulman**"), Applicant Hornbeam Corporation ("**Hornbeam**") and Intervenor Bracha Foundation ("**Bracha**"), submit this memorandum in support of their motion for Mr. Shulman's intervention and to amend the Court's Protective Order to permit Mr. Shulman to use discovery materials produced in this action in support of recently initiated foreign proceedings.

## PRELIMINARY STATEMENT

This motion seeks straightforward relief that is likely to resolve the remaining issues in the case. In December 2014, the Court authorized Hornbeam to subpoena a group of New York banks for financial information related to claims Hornbeam and Mr. Shulman contemplated bringing against Igor Kolomoisky ("**Kolomoisky**") and Gannadiy Bogolyubov ("**Bogolyubov**"), finding that discovery was warranted because "the threshold requirements [for obtaining discovery pursuant to § 1782] are satisfied here" and that "all of the factors guiding my exercise of discretion weigh in favor of granting Hornbeam's Application." *In re Application of Hornbeam Corp.*, No. 14 MISC. 424, 2014 WL 8775453, at *3, *5 (S.D.N.Y. Dec. 24, 2014). Following issuance of subpoenas authorized by the Court, Panikos Symeou ("**Symeou**") intervened and filed a series of motions aimed at vacating the Court's authorizing order, staying these proceedings, compelling Mr. Shulman to destroy discovery materials that had been produced, or otherwise blocking or restricting Hornbeam and Shulman's ability to use discovery materials from this case in contemplated foreign proceedings.

On May 12, 2017, Mr. Shulman initiated proceedings against Kolomoisky and Bogolyubov in the United Kingdom. Those proceedings match the description of reasonably contemplated foreign proceedings in Hornbeam's original discovery action and raise the same claims Hornbeam stated in that application that Mr. Shulman planned to raise. Symeou, the

intervenor in this action, is not a party to Mr. Shulman's foreign action, and therefore lacks standing to object to the use of discovery materials there.

Now that Mr. Shulman has launched his foreign claim, he respectfully requests permission to use the long-authorized discovery obtained through this action in connection with his foreign action. Since Shulman brought the foreign claim in his own name – and to avoid and disputes concerning procedural matters – Shulman also requests leave to formally intervene as a party.

Shulman's motion should be granted. As described more fully herein, the Court has repeatedly found that discovery in the case is warranted and may be used to support foreign claims. While prior decisions in the case focus on Shulman's use of discovery in potential British Virgin Islands proceedings, the English action Shulman recently launched was also described in the original discovery application, and in any event, the use of discovery there is equally appropriate, as described in the expert opinion on English law that accompanies this filing.

This Court has already ruled that discovery was properly obtained for use in the foreign proceedings listed in Hornbeam's initial application, and that no basis exists to further delay the use of discovery abroad. Accordingly, Hornbeam and Shulman respectfully request that the motion be granted, and Shulman be permitted to use the discovery from this case in his English action in any manner permitted by the English court overseeing his claims.

# STATEMENT OF RELEVANT FACTS[1]

## A.    Hornbeam's Initial Discovery Application

Hornbeam initiated this action on December 19, 2014 seeking discovery pursuant to 28 U.S.C. § 1782 for use in several contemplated foreign lawsuits relating to Warren Steel Holdings, LLC ("**Warren Steel**"), including (1) against Halliwel Assets Inc. ("**Halliwel**") and its other shareholders Marigold Trust Company Limited, and Symeou, as agent/trustee for Kolomoisky for violation of the BVI Business Companies Act of 2004; (2) against Symeou, in both his capacity as the Director of Halliwel and Secretary of Warren Steel Holdings, LLC ("**Warren Steel**") for breach of contract and breach of fiduciary duty; and (3) by Shulman, or one of his entities to which he is the ultimate beneficial owner, against Kolomoisky and/or Bogolyubov, or one or more of their entities to which either or both are the ultimate beneficial owner(s), for breach of a Joint Venture Agreement by and between Shulman, Kolomoisky and Bogolyubov.  Docket number ("**Doc**. **No.**") 1 at 2.  Hornbeam stated in its application that it had not yet determined the forum in which it would bring its second and third contemplated actions. *Id*.

In aid of these anticipated foreign claims, Hornbeam sought permission to serve document subpoenas on certain New York-based banks (the "**New York Banks**") concerning an enumerated list of individuals and entities (the "**Discovery Subjects**").  Doc. Nos. 1-3. Hornbeam and one of its affiliates also brought similar § 1782 actions seeking discovery relating to the Discovery Subjects located in Florida, Alabama, Delaware, and Ohio.

On December 24, 2014, the Court issued an order granting Hornbeam's application and authorizing Hornbeam to serve subpoenas on the New York Banks as well as certain other

[1] This motion is supported by the May 30, 2017 Declaration of David R. Michaeli ("**Michaeli Decl.**"), the May 30, 2017 Declaration of Brian Doctor, QC ("**Doctor Decl.**"), and the exhibits thereto.

parties (the "**Authorizing Order**"). Among other things, the Court held in the Authorizing Order that "[a]lthough I was initially concerned that Hornbeam's requests to the New York Banks were significantly overbroad," Hornbeam's counsel had "narrowed Hornbeam's requests to exclude unnecessary 'orders' and 'instructions' pertaining to wire transfers and irrelevant account information," and that the revised "discovery Hornbeam seeks is not unduly intrusive or burdensome". *In re Application of Hornbeam Corp.*, No. 14 MISC. 424, 2014 WL 8775453, at *5 (S.D.N.Y. Dec. 24, 2014). The Court also found that "Hornbeam is plainly an interested person in the foreign proceedings it expects to initiate" and that "[t]he material Hornbeam seeks to discover is potentially critical to those proceedings" and "may be highly probative," because "it is relevant to whether Kolomisky and Bogolubov controlled the Related Parties or provided the funds that the Related Parties loaned to Warren Steel." *Id*. at *3, 5.

Hornbeam served subpoenas pursuant to the Authorizing Order and received responsive materials from the Discovery Subjects.

### B. The Court Has Repeatedly Affirmed its Ruling in the Authorizing Order that Discovery is Proper in this Action

Since moving to intervene in June 2015, Mr. Symeou has filed numerous motions seeking to vacate the Authorizing Order or otherwise prevent Mr. Shulman and his affiliated companies from using the discovery obtained in this action in the foreign proceedings described in Hornbeam's discovery application. On June 17, 2015, Symeou filed a vacatur motion urging the Court to prohibit the use of any produced discovery materials, and also seeking a temporary restraining order barring Hornbeam from seeking further discovery or using discovery already obtained in a foreign action. Doc. Nos. 15-18. The Court denied Symeou's vacatur motion by Order dated September 17, 2015 (the "**September 2015 Order**"), finding that "Hornbeam satisfies the requirements to obtain such discovery for use in contemplated foreign proceedings

pursuant to § 1782 and that granting the Application was a proper exercise of my discretion" and further holding that of Symeou's various arguments in support of vacatur, "[n]one is particularly persuasive or availing."  September 2015 Order at 2, 13, 18.

On October 15, 2015, Symeou filed a motion for reconsideration and for a stay pursuant to Rule 60(b), Doc. Nos. 40-43, which Symeou supplemented with additional filings on October 27, 2015 and January 6, 2016.  Doc. Nos. 44, 64.  Hornbeam opposed Symeou's motion on numerous grounds, and on February 17, 2017, the Court issued a Memorandum and Order (the "**60(b) Order**") denying Symeou's reconsideration and stay motion in its entirety.  In the 60(b) Order, the Court held, among other things, that: "there is no basis for me to reconsider my September 17 Order", *id*. at 1; and that "Symeou is essentially relitigating whether or not Hornbeam's discovery requests were overly broad, unduly burdensome, or intrusive—issues that I have now twice considered and, after requiring Hornbeam to narrow its requests to exclude unnecessary and irrelevant material, concluded that they were not." *Id.*  The Court further found that "[b]ecause I have entered the Protective Order governing the treatment of designated confidential information and tailored to protect the interests of the parties to the transactions . . . Symeou is not entitled to relief from the September 17 Order on the basis of any confidential information contained in the Wire Records," *id*. at 10, that Symeou "failed to demonstrate any entitlement to a stay of proceedings," *id*. at 15, and that Symeou's "final attempt to have the now thrice-authorized discovery destroyed" via a motion for sanctions would also be denied.  *Id*. at 15.

While Symeou's Rule 60(b) motion was pending, the Court entered an Amended Protective Order dated February 1, 2016, which, at Symeou's request, included a requirement that Hornbeam destroy all discovery obtained in the action by February 1, 2017 if Hornbeam did

not initiate a foreign proceeding by that date.  Doc. No. 71.  The Order expressly permitted Hornbeam to make a letter motion requesting an extension of that deadline.  Order ¶ 15(c).

On January 17, 2017, Hornbeam sought a six-month extension of its deadline to use or destroy discovery in this action, citing Symeou's efforts to delay Hornbeam's gathering of evidence in related Section 1782 proceedings and Hornbeam's January 2017 retention of new counsel.  Doc. No. 77.  The Court granted Hornbeam's extension request on January 31, 2017 over Symeou's opposition and his demand that Hornbeam be ordered to destroy all discovery in the case.  Under the Court's January 31, 2017 Order, Hornbeam's deadline to use or destroy discovery produced in this action was extended until August 1, 2017.  Doc. No. 79.

Six weeks after the Court denied Symeou's motion for a stay in connection with Symeou's Rule 60(b) motion, Symeou filed a new motion for a stay, this time predicated upon Symeou's filing of a notice of appeal.  Doc. Nos. 88-90.  The Court denied Symeou's latest stay motion on May 22, 2017, finding that "Symeou's arguments in his motion do not support a determination that he has a strong or even substantial case on the merits that my prior interpretation and application of § 1782's statutory requirements was incorrect."  *In Re: Application of Hornbeam Corp.*, No. 14-MC-424, 2017 WL 2241522, at *1 (S.D.N.Y. May 22, 2017).  The Court further found that "Hornbeam has clearly identified the reasons it has not brought foreign proceedings, (*see* Doc. 77)," that "Hornbeam has represented that it expects to initiate foreign claims by May 29, 2017," and that "the public interest weighs in favor of denying the stay, as the discovery granted under § 1782 in this case as well as the anticipated use of the materials gathered as a result of that discovery serve the public interests in justice, fair play, and full disclosure, as well as the truth in foreign actions."  *Id* at *2 (internal quotations and citations omitted).

Most recently, on May 2, 2017, Symeou filed an "emergency" motion by Order to Show Cause seeking, among other things, to "prohibit Hornbeam, Bracha, and Shulman from filing new foreign proceedings" and asserting that the discovery produced in this action could not be used in any foreign proceeding that involves the attachment of assets. Doc. No. 111 at 30. The Court directed the parties to agree to modifications to the Court's Amended Protective Order memorializing Hornbeam and Shulman's previously communicated agreement to seek permission from this Court before using discovery materials in a foreign action, and otherwise denied Symeou's motion. Doc. No. 107 at 2.

**C.**     <u>**Mr. Shulman's Recently Initiated English Proceedings**</u>

As indicated above, Hornbeam sought discovery in its original discovery application for use in, among other things, "reasonably contemplated litigation by Shulman, or one of his entities to which he is the ultimate beneficial owner, against Kolomoisky and/or Mr. Genady Bogolubov ('Bogolubov'), or one or more of their entities to which either or both are the ultimate beneficial owner(s), in a jurisdiction currently unknown for breach of the Joint Venture Agreement (defined below) arising from Kolomoisky's and Bogolubov's failure to compensate Shulman for his initial investments, including, without limitation, Shulman's purchase of the Steel Factory (defined below) for $13.5 million and his further roughly $15 million investment in the Steel factory, as Kolomoisky and Bogolubov had agreed." Doc. No. 1 at 3.

The Court considered Shulman's anticipated joint venture claim in assessing and granting Hornbeam's original discovery application, noting at oral argument that the foreign litigation in which discovery would be used would address Shulman's claim that he and Messrs. Kolomoisky and Bogolubov "had a joint venture, for lack of a better term" and that "the other parties to the joint venture . . . siphon[ed] off money by saddling the company, their jointly owned company, with loans and debts to basically entities that are related to them and in an apparent effort is to

sort of drive your client out or to freeze him out in some way." Doc. No. 6 at 3:9 – 3:16. *See also In re Application of Hornbeam Corp.*, No. 14 MISC. 424, 2014 WL 8775453, at *1 (S.D.N.Y. Dec. 24, 2014) (noting Hornbeam's assertion that Shulman, Kolomoisky and Bogolubov "entered into a joint venture to purchase a steel factory in Warren, Ohio" and that "Shulman alleges that Kolomoisky and Bogolubov began to engage in self-dealing and breached the joint venture agreement by causing Warren Steel to accept loans secured by Warren Steel's assets and revenues from entities ('the Related Parties') controlled by Kolomoisky and Bogolubov and their allies."). Symeou's counsel also addressed Shulman's anticipated joint venture action in connection with Symeou's objections to the production and use of discovery, stating that "if you look at their petition to you, their original application, and look at what they envision are going to be their claims, they indicate three different actions with a host of parties, all in foreign jurisdictions," Doc. No. 8 at 16:12-16:15, and characterizing Shulman's anticipated joint venture claims as a "Joint Venture Action against Kolomoisky and/or Bogolubov, and/or their entities, in an undetermined jurisdiction by Shulman, or one of his entities." Doc. No. 16 at 15 (emphasis omitted).

Mr. Shulman has recently initiated precisely such a claim. On May 12, 2017, Shulman filed foreign legal proceedings against Kolomoisky and Bogolubov in the English High Court of Justice (the "**English Action**"), alleging, among other things, that "Defendants have failed to act in good faith and honestly in relation to Warren Steel, both as to the ownership of [Warren Steel Holdings, LLC] and in relation to its operations," including by purportedly "borrow[ing] substantial sums from companies related to the Defendants and/or their associates", and seeks an account in relation to the Defendants' dealings in that regard, including as to any assets derived

from Warren Steel Holdings, LLC, and extending to any dealings carried out through companies which they controlled. . Michaeli Decl. ¶ 3, Exs. A-B ¶¶ 73, 75.

Pursuant to Protective Order language accepted by Shulman and Hornbeam's counsel, Shulman now moves for permission to use the discovery produced in this action to prosecute his claims in the English Action.

## ARGUMENT

This Court has already determined that discovery was properly authorized in this case because Mr. Shulman and his affiliated entity, Hornbeam, met the requirements for obtaining discovery under § 1782. The Eleventh Circuit reached the same conclusion in affirming an order of the Northern District of Alabama authorizing related discovery. *In re: Application of Bracha Found.*, 663 F. App'x 755, 764 (11th Cir. 2016). The only issue that remains to be addressed is whether Shulman, having now initiated foreign proceedings, may use the discovery already authorized by the Court in connection with those proceedings. There is no reasonable question that Shulman is entitled to use the discovery materials. Indeed, that was the very purpose of obtaining the discovery materials.

Symeou – who has consistently complained that discovery was improper because Shulman would never initiate any of his contemplated foreign actions – has no basis to object to Shulman's use of the discovery now that Shulman has launched foreign proceedings as set forth in his discovery application. Moreover, because Symeou is not a defendant in the English Action, he lacks standing to object to Shulman's use of the discovery materials in that case.

As discussed below, Shulman satisfies all requirements for being permitted to use the discovery from this case in the English Action. In order to avoid any disputes on the subject, Shulman is also moving to formally intervene as an "interested party" and co-discovery

applicant. Mr. Shulman satisfies all intervention requirements, and he respectfully requests that this Court permit him to use the discovery approved by this Court in the English Action.

## I.    SHULMAN'S INTERVENTION MOTION SHOULD BE GRANTED

It is undisputed that Mr. Shulman has been a party in interest and participant in this action since its inception. Hornbeam stated in its initial discovery application that two of the three contemplated foreign actions it sought discovery to support would be brought in Mr. Shulman's name, and all parties and the Court have at all times recognized that Mr. Shulman was the beneficial owner of Hornbeam and Bracha and the party ultimately in a dispute with Kolomoisky and Bogolubov. *See e.g.* Hornbeam's memorandum of law in support of its discovery application, Doc. No. 2 at 3 (stating that "[w]hile there are multiple entities and individuals involved in the interrelated actions, this dispute is really between three individuals: Shulman, Kolomoisky, and Bogolubov"); *In re Application of Hornbeam Corp.*, 2014 WL 8775453, at *1 (noting Shulman's assertion, which Symeou concedes, that "Shulman is the ultimate beneficial owner of Hornbeam" and that the dispute centered on Shulman's claims against Kolomoisky and Bogolubov); September 2015 Order at 2 (finding that "the underlying dispute between the parties concerns the fate of Warren Steel Holdings, LLC ('Warren Steel'), a joint venture among Vadim Shulman ('Shulman'), Igor Kolomoisky ('Kolomoisky'), and Genady Bogolubov('Bogolubov') (collectively, the 'Oligarchs')" and that "Shulman is the ultimate beneficial owner of Hornbeam, which owns a one-third stake in Halliwel."); Doc. No. 16 at 1 (in which Symeou described Shulman as the "Beneficial owner of Hornbeam"); Doc. No. 108 at 12:1-12:3, 17:18-17:19 (in which Symeou's counsel stated that "Shulman . . . is the one that is making the decisions on whether to file this [foreign] litigation" and "is going to make his decision about where to litigate and how").

Since Hornbeam's initial discovery application stated expressly that it sought discovery for Shulman's use in foreign litigation, and since Shulman has long been a party to the Court's Protective Order and to all proceedings in this action, it is not strictly necessary for Shulman to intervene in this action for the Court to authorize him to use discovery materials in the English Action he recently initiated. Shulman nonetheless seeks formal intervention to avoid any disputes about his authority to use discovery in the English Action.

Intervention is warranted and appropriate under both the mandatory and permissive prongs of Rule 24. As the Second Circuit has held, '[t]The district court must grant an applicant's motion to intervene under Rule 24(a)(2) if (1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties." *Laroe Estates, Inc. v. Town of Chester*, 828 F.3d 60, 66 (2d Cir. 2016), *cert. granted sub nom. Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 810, 196 L. Ed. 2d 596 (2017) (internal quotations and citations omitted). Shulman satisfies all of the above requirements.

Shulman is seeking formal intervention within weeks of initiating the English Action in his name. His request is therefore timely. Shulman's participation in the instant action from its inception further weighs in favor of timeliness, since that participation eliminates any possibility that Symeou or anyone else could have been prejudiced by Shulman initially bringing this action in Hornbeam's name. *See id.* (holding that courts considering the timeliness of an intervention request look to "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant

if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness."); *Penn Mut. Life Ins. Co. v. Kehoe*, No. 15-CV-1111 (AJN), 2016 WL 4540833, at *2 (S.D.N.Y. Aug. 30, 2016) (noting "the Court has 'broad discretion in assessing the timeliness of a motion to intervene.") (*citing In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 198 (2d Cir. 2000)); *Meek v. Metro. Dade Cty., Fla.*, 985 F.2d 1471, 1479 (11th Cir. 1993), *abrogated on other grounds by Dillard v. Chilton Cty. Com'n*, 495 F.3d 1324 (11th Cir. 2007) ("the issue of prejudice . . . is the essence of the timeliness inquiry.").

In light of Shulman's involvement in all proceedings, as recognized by Symeou and the Court, there is plainly no prejudice to Shulman waiting to list himself as a discovery co-applicant until it became clear from his filing of the English Action that he would be the named plaintiff. And in any event – as discussed further below – Symeou cannot claim any prejudice relating to Shulman's request to use discovery in the English Action, since that action only names Kolomoisky and Bogolubov as defendants, not Symeou. Shulman has an undisputed interest in this action, since he seeks to use the discovery produced under the Court's orders in a foreign action in his name, and that interest would obviously be impeded if he were not permitted to participate in the case directly or receive Court approval to use the produced materials abroad. As such, Shulman satisfies all requirements for intervention as of right under Rule 24(a).

Shulman also meets the requirements for permissive intervention under Rule 24(b)(1)(B). "Courts generally consider substantially the same factors whether the claim for intervention is 'of right' under Fed. R. Civ. P. 24(a)(2), or 'permissive' under Fed. R. Civ. P. 24(b)" and "a district court has considerable discretion in deciding a motion for permissive intervention." *Penn Mut. Life Ins. Co.*, 2016 WL 4540833, at *2 (internal quotations and citations omitted). As set forth above, (1) Shulman's motion for intervention is timely, (2) Shulman shares with Hornbeam

– an entity he beneficially owns – claims with common questions of law and fact, and (3) no party will suffer any prejudice by virtue of Shulman's intervention. Accordingly, Shulman respectfully requests in the alternative that the Court exercise its discretion and permit Shulman to intervene pursuant to Fed. R. Civ. P. 24(b).

## II. SHULMAN SHOULD BE AUTHORIZED TO USE DISCOVERY FROM THIS CASE IN THE ENGLISH ACTION

This Court and the Eleventh Circuit have already determined that Mr. Shulman reasonably contemplated foreign proceedings when he – through Hornbeam – sought discovery in aid of proceedings he planned to commence against Kolomoisky and Bogolubov, and that discovery in aid of those foreign proceedings was appropriate and warranted. Now that foreign proceedings have been initiated, there is every reason to allow Mr. Shulman to use the discovery already authorized by the Court.

As this Court has repeatedly found, Shulman and Hornbeam satisfied the *Intel* and statutory 1782 factors in the initial discovery request, and discovery was properly authorized in this case. There is no need to revisit any of those findings, as they related to the now-resolved issue of whether discovery was properly authorized – not to whether, having been properly authorized, the discovery may be used in Shulman's English Action – but Shulman notes that all statutory and *Intel* requirements for discovery remain satisfied in this action, leaving no reason to deprive Shulman of the ability to use the discovery obtained in this case.

As the Court held in the Authorizing Order, courts are "authorized to grant a § 1782 request if: (1) the person from whom discovery is sought resides or is found in the district where the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the application is made by a foreign or international tribunal or an 'interested person.'" *In re Application of Hornbeam Corp.*, 2014 WL 8775453, at *3 (*citing Schmitz v. Bernstein Liebhard*

& *Lifshitz LLP*, 376 F.3d 79, 85 (2d Cir. 2004).  All factors were met in this case, the Court correctly and repeatedly found, because (1) the entities from which discovery was sought were clearly within the Southern District of New York; (2) Hornbeam had represented its intention "to initiate further proceedings once it obtains additional information," and sought information that was "potentially critical to those proceedings because it is relevant to whether Kolomisky and Bogolubov controlled the Related Parties or provided the funds that the Related Parties loaned to Warren Steel"; and (3) Hornbeam was "plainly an interested person in the foreign proceedings it expects to initiate."  *Id*.  That remains true today: the entities from which discovery was sought are unchanged; Shulman's foreign proceedings are now not merely contemplated but filed; and Shulman is plainly an interested person in the foreign proceeding he commenced.

The same is true for the four *Intel* discretionary factors, which this Court has also held were satisfied.   Those factors – all of which remain satisfied in this action – are (1) whether the person from whom discovery is sought is not a participant in the foreign proceeding and is therefore outside the foreign tribunal's jurisdictional reach; (2) the nature of the foreign tribunal and its receptivity to judicial assistance by U.S. federal courts; (3) whether the request conceals an attempt to circumvent foreign evidence-gathering rules; and (4) whether the request is unduly intrusive or burdensome.  *Id*. (*citing Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)).

Here, it is clear that the New York Banks that received and complied with Hornbeam's discovery requests are not parties to the English Action – which names Kolomoisky and Bogolubov as the sole defendants.  As this Court found to be the case with respect to the BVI courts, there is no legal barrier to the use of documents obtained under 28 U.S.C. § 1782 in Shulman's English Action, and Shulman's use of those documents in the English Action would

foster, not undermine, principles of comity and cooperation.  *See* Doctor Decl. ¶¶ 18, 26.  *See also In re Application of Hornbeam Corp.*, 2014 WL 8775453, at *4 (finding "this factor weighs in favor of—or at least not against—granting Hornbeam's Application.").

Indeed, "District courts routinely allow applicants to obtain third-party Section 1782 discovery related to litigation pending in the United Kingdom."  *In re IKB Deutsche Industriebank AG*, No. 09-CV-7852, 2010 WL 1526070, at *4 (N.D. Ill. Apr. 8, 2010).  Shulman's use of discovery obtained through these proceedings in the English Action would foster, not undermine, principles of comity and cooperation.  *See* Doctor Decl. ¶¶ 28-31; *La Suisse, Societe d'Assurances Sur La Vie v. Kraus*, 62 F. Supp. 3d 358, 362 (S.D.N.Y. 2014) (finding in a § 1782 action that "[t]he U.K. attorney has stated that . . . the U.K. court 'will welcome' [§ 1782] evidence, that U.K. procedural rules allow parties to submit relevant evidence, and that U.K. courts are permitted to use foreign discovery devices to gather evidence" and that accordingly, "[t]here is no reason to believe that the effort to obtain discovery here will circumvent any policies of the U.K. regarding discovery, nor is there reason to believe that it will circumvent any policies of the United States."); *In re Ex Parte Application of Glob. Energy Horizons Corp.*, No. 5:15-MC-80078-PSG, 2015 WL 1325758, at *2 (N.D. Cal. Mar. 24, 2015) (finding "[t]here is no authority suggesting the English government would be hostile to or otherwise reject discovery obtained through a Section 1782 subpoena" and that "[t]his [*Intel*] factor also weighs in [the applicant's] favor."); *In re Application of Guy*, No. M 19-96, 2004 WL 1857580, at *2 (S.D.N.Y. Aug. 19, 2004) ("Nor is there any reason to suppose that the government of the United Kingdom would disfavor granting Applicants relief under § 1782.").

Finally, as this Court has held several times, the discovery Hornbeam sought was "not unduly intrusive or burdensome."  *Id*. at *5.  *See also* September 17, 2015 Order (holding that

the Court had already "twice considered" the scope of Hornbeam's discovery requests and found that, as modified in the Authorizing Order, it was appropriate).

Nor is it relevant that the prior proceedings in this case focused on Bracha and Hornbeam's contemplated BVI proceedings rather than Shulman's contemplated and now filed English Action. *See e.g. Ahmad Hamad Algosaibi & Bros. Co. v. Standard Chartered Int'l (USA) Ltd.*, 785 F. Supp. 2d 434, 439 (S.D.N.Y. 2011) ("While it is, of course, possible that the discovery AHAB is requesting could be used for other purposes—including litigation against the respondents—that fact is irrelevant to the instant petition. Since the Court is satisfied that the documents AHAB is seeking are relevant to the foreign proceedings and "for use" in the foreign proceedings, the fact that AHAB may also be able to use the discovery in future litigation against the respondents is immaterial."); *In re Application of Accent Delight Int'l Ltd.*, No. 16-MC-125 (JMF), 2016 WL 5818597, at *3 (S.D.N.Y. Oct. 5, 2016) ("Intervenors contend that the use and disclosure of any subpoenaed documents should be limited to the foreign proceeding for which it has been authorized… [However,] the court declines to limit the use of the discovery to the Monaco proceedings.").

As the Court held most recently in its May 22, 2017 order, "the discovery granted under § 1782 in this case as well as the anticipated use of the materials gathered as a result of that discovery serve the public interests in justice, fair play, and full disclosure, as well as the truth in foreign actions." *In Re: Application of Hornbeam Corp.*, 2017 WL 2241522, at *2 (internal quotations and citations omitted). Now that Mr. Shulman has initiated his English Action asserting the claims raised in his original discovery application, he should be promptly authorized to utilize the discovery produced in this case to prosecute his English Action.

Indeed, as Mr. Doctor, a Queen's Counsel and expert in English law, explains in his accompanying declaration, Shulman will be prejudiced if he is not promptly authorized to use discovery from this case to support his English Action, as he will face mandatory deadlines to produce evidence on which he intends to rely and expert reports covering that evidence from the English court.  Doctor Decl. ¶¶ 32-35.

For all these reasons, and those previously cited by this Court, Shulman should be permitted to use the discovery authorized in this case in his English Action.

## III.  SYMEOU LACKS STANDING TO OBJECT TO SHULMAN'S USE OF DISCOVERY IN THE ENGLISH ACTION BECAUSE HE IS NOT A DEFENDANT IN THAT ACTION

Not only is Shulman entitled to use the discovery he properly obtained in this case in his English Action, but Symeou lacks standing to object because he is not a party to the English Action.  As the Court recognized when it granted Symeou's motion to intervene in the September 2015 Order, "*parties against whom the requested information will be used* may have standing to challenge the lawfulness of discovery orders directed to third parties" and that accordingly, "the ultimate targets of a § 1782 discovery order issued to third parties have standing to challenge the district court's power to issue a subpoena under the terms of an authorizing statute."  September 2015 Order at 4 (*citing In re Application of Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir. 1997) (citations and internal quotation marks omitted) (emphasis added). Since Symeou is not a party to the English Action, however, no discovery materials can be used against him there, eliminating any possible basis for Symeou's standing to object.

"In the absence of a claim of privilege, a party usually does not have standing to object to a subpoena directed to a non-party witness."  *Estate of Ungar v. Palestinian Auth.*, 400 F. Supp. 2d 541, 554 (S.D.N.Y. 2005), *aff'd,* 332 F. App'x 643 (2d Cir. 2009) (internal quotations and citations omitted) (finding that in the absence of an evidentiary privilege claim, a party "lacks

standing to object to those subpoenas."). *See also In re Application of Chevron Corp.*, 736 F. Supp. 2d 773, 780 (S.D.N.Y. 2010) ("The Lago Agrio plaintiffs, however, lack standing to object to the application, regardless of whether it is treated as a new § 1782 application, except to the extent, if any, that the application seeks material as to which they have a claim of privilege.").

Similarly, Symeou cannot possibly show that he would be prejudiced by Shulman's use of the discovery materials in English proceedings against Kolomoisky and Bogolubov. Symeou therefore lacks both standing and a basis to object to Shulman's use of discovery in the English Action.

## IV. THE USE OF DOCUMENTS BY MR. SHULMAN IN CONNECTION WITH THE ENGLISH PROCEEDINGS SHOULD BE DETERMINED BY THE ENGLISH COURT

Symeou recently argued that Shulman should be restricted from using discovery produced in this action in any foreign proceeding that involves ex parte relief or the pre or post-judgment attachment of assets. There is no basis for any such restriction. In fact, as Shulman has already noted, the Second Circuit earlier this year held expressly that it was proper for § 1782 to be used in a foreign action that allowed for the use of that information in attachment proceedings – and that the availability of a post-judgment attachment remedy was irrelevant to whether § 1782 could be obtained or used. Consistent with § 1782's recognized policy goal of fostering comity, Shulman must be permitted to use the discovery produced in this case in any manner permitted by the English court.

Symeou has previously cited two cases for the proposition that § 1782 discovery cannot be used to support foreign attachment proceedings, but both cases are inapposite. *Euromepa, S.A. v. R. Esmerian, Inc.*, 154 F.3d 24, 28 (2d Cir. 1998) – a case that was partly overruled by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) – merely held that as a matter of statutory construction, § 1782 requires that discovery be used in a foreign

proceeding that decides the merits of a claim, and cannot be used to support a foreign proceeding that is *solely* an enforcement action. *See id.* (affirming denial of a § 1782 application in support of a French bankruptcy proceeding where "[t]he merits of the dispute . . . have already been adjudicated and will not be considered" by the French court because "nothing is being adjudicated; the already extant judgment is merely being enforced."). *Euromepa* has no application to the issue in this case, as it is undisputed that Shulman's English Action seeks a determination on the merits of his claims. *Jiangsu Steamship Co. v. Success Superior Ltd.*, No. 14 CIV. 9997 CM, 2015 WL 3439220, at \*4 (S.D.N.Y. Feb. 5, 2015), which similarly involved a § 1782 applicant that "does not seek this discovery in order to help decide the 'merits of the dispute'" and found the application to be "premature" under the circumstances, is inapposite for the same reason.

*Euromepa* did not hold, as Symeou contends, that where, as here, discovery is sought for use in a foreign claim that will be adjudicated on the merits, discovery may not also be used to attach assets. The Second Circuit addressed that issue just three months ago in *In re Catalyst Managerial Servs., DMCC*, No. 16-2653-CV, 2017 WL 716846, at \*2 (2d Cir. Feb. 23, 2017), holding that "*Euromepa* pertained to a foreign dispute that had already been adjudicated" and "does not control here, where the dispute . . .. is still being adjudicated". The Court further held that a party may not be blocked from obtaining or using discovery in a foreign proceeding – which is what Symeou has previously sought – "simply because the same discovery might be used to enforce a subsequent judgment." *Id*.

In addition to being legally unsupportable, Symeou's assertion that discovery obtained in this and related § 1782 actions cannot be used to support ex parte relief or the attachment of assets without prior approval of the US discovery courts is also unworkable and incompatible

with § 1782's purpose of aiding foreign courts and fostering international comity. Under the approach Symeou urges, this Court (as well as the Alabama federal court and any other US courts that authorize Hornbeam or Shulman to obtain and use US discovery) would be forced to oversee and approve each request Shulman might otherwise make to the English court presiding over his claims if that request could be described as ex parte or a request to attach assets. That result would be unworkable for many reasons, including the likelihood of conflicting opinions from the various § 1782's courts that authorized discovery and the challenges inherent in having multiple US courts dictate to the English court what procedural remedies should be available there and which evidence can be used in support of those remedies.

Clearly, the procedures that govern Mr. Shulman's English Action should be determined by English law as applied by the English court presiding over the claim. Consistent with § 1782's recognized policy goal of fostering comity, Shulman must be permitted to use the discovery produced in this case in any manner permitted by the English court.

For all of the foregoing reasons, this Court should grant Hornbeam, Bracha and Shulman's motion and permit Shulman to intervene as an interested party authorized to use the discovery produced in this action in support of his recently initiated English Action.

New York, New York
May 30, 2017                                    HOGAN LOVELLS US LLP

                                               By:   /s *David R. Michaeli*
                                               Dennis H. Tracey, III
                                               David R. Michaeli
                                               875 Third Avenue
                                               New York, NY  10022
                                               Telephone:  (212) 918-3000
                                               Facsimile: (212) 918-3100
                                               dennis.tracey@hoganlovells.com
                                               david.michaeli@hoganlovells.com

                                               *Attorneys for Hornbeam Corporation, Bracha*
                                               *Foundation and Vadim Shulman*