UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | 14 Misc. 424 (VSB) |
| APPLICATION OF HORNBEAM CORP. | |

**MEMORANDUM OF LAW IN SUPPORT OF INTERVENOR PANIKOS SYMEOU'S
OPPOSITION TO MOTION TO INTERVENE AND AMEND PROTECTIVE ORDER**


**Reed Smith LLP**
599 Lexington Avenue
New York, New York 10022
(212) 521-5400


and


**Marks & Sokolov, LLC**
1835 Market Street, Suite 1717
Philadelphia, PA 19103
(215)569-8901

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................iv

INTRODUCTION ......................................................................................1

REPLY TO THE STATEMENT OF FACTS ....................................................2

THE AMENDED AND SECOND AMENDED PROTECTIVE ORDERS ......................5

      ORDERS ON APPEAL ......................................................................6

ARGUMENT…………........................................................................6

I.     SYMEOU'S APPEAL DIVESTS THIS COURT OF JURISDICTION
      TO GRANT SHULMAN'S MOTION ......................................................6

II.    SHULMAN'S MOTION SHOULD BE DENIED IF THE COURT
      REACHES THE MERITS ....................................................................7

      A.    SHULMAN IS NOT ENTITLED TO INTERVENE AS OF RIGHT
           PURSUIT TO RULE 24(a)............................................................7

           1.    Shulman's Motion is Untimely......................................7

           2.    Shulman Has No Interest In the Property or Transaction
                Which is the Subject of this §1782 Action – Discovery
                For the BVI Litigation ....................................................8

           3.    The Disposition of This Action Will Not Impair or Impede
                Shulman's Interest in Obtaining Discovery......................10

           4.    Shulman Made No Showing He Has Any Interests Not
                Adequately Protected by Hornbeam ................................10

      B.    SHULMAN IS NOT ENTITLED TO PERMISSIVE
           INTERVENTION UNDER RULE 24(b) ....................................10

           1.    Shulman's Motion Is Untimely......................................11

           2.    There is No Claim or Defense That Shares A Common Issue
                Of Fact or Law Under Rule 24(b)(2)(B)............................11

           3.    Consideration Of Intervention Would Unduly Delay or

Prejudice Symeou's Rights Under Rule 24(b)(3) .............................12

III.    THIS COURT MAY NOT CIRCUMVENT THE PROCEDURES OF
        §1782 BY AMENDING THE SECOND AMENDED PROTECTIVE
        ORDER TO PERMIT SHULMAN TO USE THE DISCOVERY IN THE
        ENGLISH ACTION .................................................................................12

IV.     SHULMAN'S ARGUMENT THAT SYMEOU LACKS STANDING TO
        COMPLAINT ABOUT SHULMAN PROVES SHULMAN HAS NO
        INTEREST IN THIS MATTER ...............................................................13

V.      SHULMAN SHOULD FILE HIS OWN §1782 APPLICATION AND
        SERVE IT ON THE ENGLISH DEFENDANTS ....................................14

*Amarin Phar. Ir., Ltd. v. FDA*, 139 F. Supp. 3d 437, 443 (D.D.C. 2015) .......................7

*Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 182-183 (2d Cir. 2001) ......................8

*Catanzano by Catanzano v. Wing*, 103 F.3d 223, 232-33 (2d Cir. 1996) ......................8

*Certain Funds, Accounts &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113 (2d Cir. 2015) ............................................................................................................15

*DRFP L.L.C. v. Republica Bolivariana De Venez.*, 2009 U.S. Dist. LEXIS 105094 at *22 (S.D. Oh. 2009) ...........................................................................................8

*Drywall Tapers and Pointers v. Nastasi & Assoc.*, 488 F.3d 88 (2d Cir. 2007) ...........................7

*Estate of Ungar v. Palestinian Auth.*, 400 F.Supp. 2d 541 (S.D.N.Y. 2005) ...............................14

*Feliciano v. Serra*, 300 F. Supp. 2d 321, 343 (D.P.R. 2004) ........................................................12

*Garrity v. Gallen*, 697 F.2d 452, 454 (1st Cir. 1983) ...................................................................11

*Google, Inc. v. Cent. Mfg.*, 2009 U.S. Dist. LEXIS 72507, *12, (N.D. Ill. 2009) ......................10

*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ......................................6, 7

*Hnot v. Willis Group Holdings*, Ltd., 234 Fed. Appx. 13, *14-15 (2d Cir. 2007) .......................11

*In re Application of Chevron Corp.*, 736 F. Supp. 2. 773 (S.D.N.Y. 2010) .................................14

*In re Initial Pub. Offering Sec. Litig.*, 499 F. Supp. 2d 415, 418 (S.D.N.Y. 2007) ......................11

*Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) .......................................9

*Laroe Estates, Inc. v. Town of Chester*, 828 F.3d 60 (2d Cir. 2016) ..............................................8

*N. Am. Specialty Ins. Co. v. Seacoast Crane Co.*, 226 F.R.D 27, 30-31 (D. Me. Jan. 31, 2005*)* ..........................................................................................................................12

*Stiller v. Costco Wholesale Corp.*, 2015 WL 1612001 (S.D. Cal. Apr. 9, 2015) ...........................7

*Toliver v. County of Sullivan,* 957 F.2d 47, 49 (2d Cir. 1992) .......................................................7

*Town of Chester v. Laroe Estates, Inc.,* 2017 WL 2407473, (June 5, 2017) ...............................14

*United States v. Hooker Chems. & Plastics Corp.*, 749 F.2d 968, 984 (2d Cir.1984) ............10, 11

*United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005)......................................................11

*United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994).................................................8

*UPS of Am., Inc. v. Net, Inc.*, 225 F.R.D. 416, 417 (E.D.N.Y. 2005)..........................................10

*Washington Elec. Coop. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 96

(2d Cir. 1990)........................................................................................................... *passim*

**FEDERAL STATUTES, REGULATIONS and OTHER LAWS**

28 U.S.C §1782......................................................................................................... *passim*

## INTRODUCTION

From December 2014 onward, Hornbeam Corp. has been less than candid with the Court. For two and a half years, Hornbeam represented to the Court, as well as courts in Alabama, Delaware, Florida, and Ohio, that *it* needed extensive discovery ***before*** filing an action for shareholder oppression in the BVI. In January 2017, Hornbeam again represented that it intended to file new BVI proceedings and obtained an extension to use the §1782 discovery until August 1, 2017. It continued this charade in its April 3, 2017 opposition to Symeou's motion to stay, asserting it needed the discovery to file a foreign action, and in its April 24 letter asserting that it would file foreign proceedings by May 29.

At the May 2, 2017 hearing, Hornbeam did not disclose that his counsel had prepared claims on behalf of Shulman, not Hornbeam, which would be filed ***just ten days later***, on May 12, in England, not in the BVI. On May 29, Hornbeam finally disclosed that Shulman filed claims over two weeks earlier on May 12, allegedly without using any of the New York and Alabama discovery. Now, with this matter on appeal, Shulman belatedly seeks to intervene and amend the December 24, 2014 Order to permit him to use discovery in England without complying with §1782's requirements. The motion should be denied. Shulman should file his own application.

***First***, Symeou's February 28, 2017 appeal of the December 24, 2014 *Ex Parte* Order authorizing §1782 discovery divests this Court of jurisdiction to amend that order. This Court cannot amend the *Ex Parte* Order, or the Second Amended Protective Order which implements that Order, to add Shulman as an applicant and permit his use of the discovery in England. If Shulman wants discovery, he must file his own application.

**Second,** on the merits, Shulman does not satisfy the standards for Rule 24 intervention, as of right or permissively. First, his motion is beyond untimely, filed not only after the December 2014 application was decided, but after it was appealed. Second, he has no conceivable interest in this action's subject matter – i.e., Hornbeam's purported entitlement to discovery for use in the BVI. Third, Hornbeam's entitlement to discovery in the BVI does not impair or impede Shulman's claim for discovery for use in England. Nor is there any claim of defense with a common issue of fact or law between this action (Hornbeam's application for use in the BVI, which has been decided), and Shulman's motion, which seeks discovery for an entirely different proceeding.

**Third,** this Court may not circumvent the appeal's divestiture of jurisdiction or the requirements of §1782 by amending the Second Amended Protective Order to permit use of the discovery to Shulman, a non-applicant, in England. The *Ex Parte* Order made no findings which permit Shulman to use the discovery in England, where courts would not be receptive to discovery before determining jurisdiction over the defendants, no different than in the United States

**Fourth**, Shulman's argument that Symeou lacks standing to oppose his use of discovery in England gets it exactly opposite. This Court long ago held Symeou had standing to oppose Hornbeam's application when granting his motion to intervene. Shulman's argument makes Symeou's point – under Rule 24, Shulman has no standing in **this** proceeding which concerns Hornbeam's use of discovery in the BVI.

**Finally**, if Shulman wants discovery, he should file and serve his own §1782 application, which should be decided in due course, taking into account that English Defendants should be accorded sufficient time to engage English counsel to defend those proceedings and American

counsel to take instruction from English counsel and represent them in that proceeding to make appropriate challenges to the application, including the receptivity of English courts to discovery prior to jurisdictional determinations.

## **REPLY TO THE STATEMENT OF THE FACTS**

The facts relevant to the motion to intervene are straightforward, although the motion is less than accurate in a number of regards.

***First,*** Hornbeam Corp., a Panamanian company in dissolution, is a registered shareholder of Halliwel Assets, Inc. Hornbeam acts as a trust to hold Halliwel shares on behalf of Vadim Shulman, Hornbeam's beneficiary. Shulman is ***not*** Hornbeam's beneficial owner and there is no evidence, such as a Panamanian legal expert declaration, that Shulman has the right to control Hornbeam. In December 2014, Hornbeam purported to transfer the Halliwel shares to Bracha Foundation, a Lichtenstein foundation (trust), but that transfer was unsuccessful because Hornbeam did not obtain the consent of Symeou or Marigold Trust Company Limited, as required by its Articles of Association. Articles, ECF 18-34. And even if the Halliwel shares were transferred to Bracha, and Shulman were the beneficiary of Bracha, there is no evidence, such as a Lichtenstein legal expert report, that Shulman has the right to control Bracha.

***Second***, Hornbeam has repeatedly represented to the Court, as well as to federal courts in Alabama, Delaware, Florida, and Ohio that it intended to file new BVI proceedings. Hornbeam's January 17, 2017 letter to extend the time period to use or destroy the discovery did not disclose that Shulman, rather than Hornbeam, was planning to file new proceedings in London, not the BVI. Instead, the letter indicated that Hornbeam would pursue the foreign litigation. Letter, ECF 77. On April 3, Hornbeam argued that if the stay pending appeal was

granted, it would suffer "obvious prejudice" if it is delayed from using the discovery in its upcoming foreign litigation. Opp., ECF 93, p. 21. Hornbeam repeated its assertion that it intended to file claims in its April 24 letter, stating, it "expects to initiate foreign claims in accordance with its discovery application by May 29." Letter, ECF 99, p. 3. At the May 2, 2017 hearing, Hornbeam's counsel failed correct these misrepresentations and studiously avoided disclosing that the new proceedings would be filed just 10 days later on May 12 by Shulman in London, not by Hornbeam in the BVI. Transcript, ECF 102-1. By early April, let alone by May 2, Hornbeam plainly knew his counsel was filing new claims excluding Hornbeam in London. But this was not disclosed to the Court, which relied on these misrepresentations in denying the stay three weeks later on May 22.[1]

*Third*, discovery was *never* needed to file new claims, contrary to Hornbeam's repeated representations since December 2014, including its January 17, 2017 letter and April 3 stay opposition, which blamed Hornbeam's failure to file new BVI claims on Symeou. Instead, Shulman filed the *same* claims which Hornbeam represented it would file in the BVI for the *same* damages *withou*t using discovery, assuming Hornbeam counsel's representations at the May 2 hearing are true.

*Fourth*, Shulman was not an applicant in this proceeding, and this Court made no findings regarding whether Shulman would be an "interested person" in the English litigation, or

---

[1] On April 24, 2017, Hornbeam expanded the charade that it would file in the BVI, representing in Alabama that Bracha and it "expect to file foreign litigation by May 29, 2017" and requesting the deadline for Bracha to move to be considered an "interested person" to "be extended to May 29 – the date by which Hornbeam expects to file foreign litigation." Alabama Motion, ECF 110-12, pp. 3, 4. This motion was provided to the Court by Symeou in support of his emergency motion to amend the protective order. Of course, Bracha never filed claims anywhere. In addition, on April 14, 2017, Hornbeam made the same representation to the Florida court: "Hornbeam currently expects to initiate such litigation within the next 45 days." SDFL 14-mc-24887, Florida ECF 71.

whether English courts would be receptive to the §1782 discovery prior to the resolution of dispositive preliminary issues, including whether English courts may exercise jurisdiction over the defendants whom Shulman has sued.

*Finally,* Shulman has been aware of this proceeding since inception. His affidavit was submitted in support of the December 19, 2014 application. Shulman Affidavit, ECF 3-1. In June 2015, Shulman filed claims in Ohio seeking the same damages which Hornbeam said it would file in the BVI. Ohio Complaint, ECF 18-40. If Shulman's English Statement of Claims is to be believed, he has known since "autumn 1999" that he could bring claims in England related to his dealings with Igor Kolomoisky and Gennady Bogolubov. Statement of Claims, Sealed Filing, ¶17. Nonetheless, instead of Shulman asserting claims in England, Hornbeam filed claims related to Halliwel and Warren Steel in the BVI in August 2014 and Shulman filed the same claims in Ohio state court in June 2015. Shulman sets forth no cognizable reason why he did not join Hornbeam's application in December 2014 or move to intervene before May 30, 2017.

## THE AMENDED AND SECOND AMENDED PROTECTIVE ORDERS

On February 1, 2016, the Court entered the Amended Protective Order, ECF 71, allowing designation of materials responsive to the subpoenas to be confidential and/or attorney eyes only and limiting their use to the BVI and other §1782 proceedings. On February 10, 2016 Symeou designated all responsive materials as confidential, and certain records as attorneys' eyes only. Symeou Designation Letter, Ex. A. On May 12, 2017, the Second Amended Protective Order, ECF 106, was entered prohibiting Hornbeam, Bracha, and Shulman from "using any Confidential Information, directly or indirectly, in foreign ex parte or attachment (including Maureva and asset freezing) proceedings, without this Court's permission." ECF 106, p.3.

Both the Amended and Second Amended Protective Orders restrict use of the subpoenaed materials to the "permitted litigation(s)" which are this §1782 proceeding, "the actions contemplated by the second bullet point on page 21 of the SDNY Order [ECF 35], and to any action in the British Virgin Islands related to this dispute…". ECF 71 and 106. The second bullet point of ECF 35 reads: "If Hornbeam initiates proceedings in the BVI of the type described in its Application, Hornbeam may use the Responsive Material in such proceedings, Hornbeam may not use the Responsive Materials in any other litigation without demonstrating good cause to me."

## ORDERS ON APPEAL

On February 28, 2017 Symeou appealed from the *Ex Parte* Order authorizing Hornbeam, to obtain discovery pursuant to 28 U.S.C §1782 (ECF 5), September 17, 2015 Order granting in part and denying in part Symeou's Motion to Vacate (ECF 35), the January 31, 2017 Order extending the period to use the discovery (ECF 79), and February 17, 2016 Order denying Symeou's Rule 60(b) Motion. ECF 84.

## ARGUMENT

## I. SYMEOU'S APPEAL DIVESTS THIS COURT OF JURISDICTION TO GRANT SHULMAN'S MOTION

"[T]he filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co*., 459 U.S. 56, 58 (1982). The reason for this rule is a practical one: it prevents that "broad class of situations . . . in which district courts and courts of appeals would both have had the power to modify the same

judgment." *Id.* at 59-60.[2]  *Drywall Tapers and Pointers v. Nastasi & Assoc.*, 488 F.3d 88 (2d Cir. 2007) affirmed the denial of a motion to intervene following appeal because the district court no longer had jurisdiction over the order.  *Drywall* held: "The District Court did not err in denying Local 52's intervention motion once the notice of appeal of the Court's injunction Order divested the Court of jurisdiction to affect that Order."   Numerous courts have similarly held that an appeal divests jurisdiction to hear a motion to intervene. *See e.g., Stiller v. Costco Wholesale Corp.*, 2015 WL 1612001 (S.D. Cal. Apr. 9, 2015) (denying motion to intervene because notice of appeal divested court of jurisdiction); *Amarin Phar. Ir., Ltd. v. FDA*, 139 F. Supp. 3d 437, 443 (D.D.C. 2015) (court concluded it lacked jurisdiction to adjudicate a motion to intervene after notice of appeal was filed).

Symeou's February 28, 2017 appeal of the December 24, 2014 order divested this Court of jurisdiction to amend the *Ex Parte* Order, including allowing Shulman to intervene, or to alter and expand the *Ex Parte* Order to permit Shulman to use the §1782 discovery in the English Action.  If Shulman wants discovery for his English Action, he must file his own application. Absent an order by the Second Circuit to remand the case, this Court lacks jurisdiction to consider Shulman's motion to intervene.  *See Drywall Tapers* at 94 (citing *Griggs*, *supra*).

## II.    SHULMAN'S MOTION SHOULD BE DENIED IF THE COURT REACHES THE MERITS

### A.    SHULMAN IS NOT ENTITLED TO INTERVENE AS OF RIGHT PURSUANT TO RULE 24(a)

A court may grant an applicant's motion to intervene under Rule 24(a)(2) only if "(1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is

---

[2] See *Toliver v. County of Sullivan,* 957 F.2d 47, 49 (2d Cir. 1992) (*per curiam)* ("This circuit has repeatedly held that the docketing of a notice of appeal 'ousts the district court of jurisdiction, except insofar as it is reserved to it explicitly by statute or rule.'")

the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties." *Laroe Estates, Inc. v. Town of Chester*, 828 F.3d 60 (2d Cir. 2016). "All four parts of the test must be satisfied to qualify for intervention as of right." *Washington Elec. Coop. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 96 (2d Cir. 1990). Here, none are satisfied.

### 1. Shulman's Motion is Untimely

"Timeliness defies precise definition, although it certainly is not confined strictly to chronology. Among the circumstances generally considered are: (1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994). Courts deny intervention as untimely when the movant has "sat on the sidelines and waited to see the result of Plaintiff and Defendants' litigation." *DRFP L.L.C. v. Republica Bolivariana De Venez.*, 2009 WL 3756372 at *21 (S.D. Oh. 2009).

Shulman "stumbles over the first hurdle, that is, [he] fails to show [he] made a timely motion", *Pitney,* 25 F.3d at 70*,* because he did not file his motion to intervene until May 30, 2017— two and a half years *after* Hornbeam's initial *Ex Parte* application was granted in December 2014. Shulman provides no explanation for this delay, and it alone is grounds for denying his motion. *See, e.g. Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 182-183 (2d Cir. 2001) (affirming denial of motion to intervene made after a one year delay); *Catanzano by Catanzano v. Wing*, 103 F.3d 223, 232-33 (2d Cir. 1996) (affirming denial of intervention where motion was filed eighteen months after applicant knew of interest in litigation); *Pitney,* 25

F.3d at 71 (affirming denial of intervention as untimely with fifteen months constructive notice, and eight months actual notice of interest in the underlying action).

### 2. Shulman Has No Interest In The Property or Transaction Which Is the Subject of This §1782 Action – Discovery for the BVI Litigation

"[I]ntervention as of right requires a showing that disposition of the proceeding without the involvement of the putative intervenor would impair the intervenor's ability to protect its interest." *Washington Electric*, 922 F.2d at 98. "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *Id.* at 97. Based on any standard, Shulman has no interest in this proceeding.

*First*, the Second Amended Protective Order expressly restricts the §1782 discovery obtained in this proceeding to use *only* by Hornbeam in the BVI, negating Shulman's inchoate argument that he was a "party in interest and participant in this action since its inception." Motion, ECF 114, p.10. Shulman's claim that Hornbeam's initial discovery application should somehow be construed as seeking discovery for Shulman's use in foreign litigation is wrong – the application sought no discovery for Shulman. Further, the *Ex Parte* Order only found that Hornbeam was an interested party and could use discovery in the BVI – it did not find Shulman to be an interested person who satisfied §1782's statutory requirements and discretionary factors in any contemplated foreign litigation anywhere. Order, ECF 5.

*Second*, Shulman, who is not a Halliwel shareholder, has no "participation rights" in the contemplated BVI litigation. He doesn't even argue that he is an "interested person" in that litigation, as is required by §1782. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) (requiring "participation rights" in order to be an "interested person"). The Ohio state court determined "Shulman is not a direct shareholder in Halliwel. Under BVI law … the

BVI court has no jurisdiction to allow a claim on behalf of a company brought by a shareholder of one of the company's shareholders." Ohio Op., ECF 44-1, p.8. In its opposition to the motion to vacate the *Ex Parte* Order, Hornbeam insisted that it, not Shulman, "intended—and still intends—to bring shareholder litigation in the British Virgin Islands ("BVI") against, Halliwel, the shareholder's representing the Halliwel shares not registered to Hornbeam, and Symeou," ECF 23 p.12, and that it, not Shulman, is an "interested person" in that proceeding for the purposes of §1782 because "Hornbeam is … entitled to bring an action in BVI as legal shareholder." ECF 23, p. 15.

This leaves Shulman with no "direct, substantial, and legally protectable" interest in this §1782 action for discovery for use by Hornbeam in the allegedly contemplated BVI shareholder litigation. *Washington Electric*, 922 F.2d at 97 (holding intervenor had no direct or substantial interest in the proceeding.) *See e.g., UPS of Am., Inc. v. Net, Inc.*, 225 F.R.D. 416, 417 (E.D.N.Y. 2005) (denying motion to intervene where claimant alleged he was merely the alter ego of sole proprietorship); *Google, Inc. v. Cent. Mfg.*, 2009 WL 2515624, *12, (N.D. Ill. 2009) ("no right to intervene based on his alleged identity with his corporations").

### 3. The Disposition of This Action Will Not Impair or Impede Shulman's Interest in Obtaining Discovery

Shulman fails this mandatory element because if his motion to intervene is denied, Shulman can file his own §1782 application and serve it on the English defendants now that the English Action has been filed.

### 4. Shulman Made No Showing He Has Any Interests Not Adequately Protected By Hornbeam

Shulman fails this mandatory element because with no interest in this proceeding, he can't show any interest inadequately protected by an existing litigant. *See, United States v.*

*Hooker Chems. & Plastics Corp.*, 749 F.2d 968, 984 (2d Cir.1984) (affirming denial of intervention because appellants failed to demonstrate "that their interests may be inadequately represented by the existing parties").

**B.      SHULMAN IS NOT ENTITLED TO PERMISSIVE INTERVENTION UNDER RULE 24(b)**

Alternatively, courts—in their discretion—may allow parties to intervene permissively pursuant to Rule 24(b).  A proposed permissive intervenor must establish that (1) the motion is timely, and (2) that the proposed intervenor is asserting a claim that shares a common question of law or fact with the main action. *In re Initial Pub. Offering Sec. Litig.*, 499 F. Supp. 2d 415, 418 (S.D.N.Y. 2007).  If these two requirements are met, "the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005).

**1.      Shulman's Motion Is Untimely**

For the reasons set forth above, Shulman's unexplainable delay of two and a half years since the entry of the *Ex Parte* Order, leaves his motion untimely. This factor weighs heavily against permissive intervention.  *See Garrity v. Gallen*, 697 F.2d 452, 454 (1st Cir. 1983) (affirming denial of permissive intervention as untimely where interest should have been known to movant two years earlier); *Hnot v. Willis Group Holdings*, Ltd., 234 Fed. Appx. 13, *14-15 (2d Cir. 2007) (motion to intervene properly denied where movant waited fourteen months from date of class certification to inform court of intent to intervene).

**2.      There is No Claim or Defense That Shares A Common Issue of Fact or Law Under Rule 24(b)(2)(B)**

Shulman shares no common question of law or fact with Hornbeam in this §1782 proceeding, *i.e.,* the right of Hornbeam to obtain and use discovery for use in the previously contemplated BVI shareholder litigation. As set forth above, the *Ex Parte* Order does not permit Shulman to use the discovery in English litigation and the Amended and Second Amended Protective Orders have always restricted the §1782 discovery to use only by Hornbeam in the previously contemplated BVI proceeding. *See N. Am. Specialty Ins. Co. v. Seacoast Crane Co.,* 226 F.R.D 27, 30-31 (D. Me. Jan. 31, 2005*)*; (denying motion for permissive intervention because putative intervenor did "not share any questions of fact or law."); *Feliciano v. Serra*, 300 F. Supp. 2d 321, 343 (D.P.R. 2004) (motion to intervene denied where movant did not specify any "commonality of fact or law").

### 3. Consideration Of Intervention Would Unduly Delay Or Prejudice Symeou's Rights Under Rule 24(b)(3)

Under Rule 24(b)(3), a court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Hornbeam and Shulman have not attempted to construe his request as a Rule 60(b) motion, nor could he meet its standards in any case.[3] Even if Hornbeam sought to file a Rule 60(b) motion, under Rule 62.1, the most the Court could do is issue an indicative ruling, which would permit Hornbeam to seek remand from the Circuit Court and then require Symeou to file another appeal. As remote as this scenario would be, under Rule 24(b)(3), it would harm Symeou because it would delay his appeal by which he seeks to reverse the *Ex Parte* Order and compel Hornbeam to destroy the discovery which

---

[3] The *Ex Parte* Order was entered more than one year ago, precluding Rule 60(b)(1),(2),&(3) relief. Hornbeam and Shulman are not arguing the *Ex Parte* Order is void under Rule 60(b)(4) or "satisfied, released or discharged" under Rule 60(b)(5), and cannot meet the "extraordinary circumstances" standard of Rule 60(b)(6) since Shulman knew of and could have joined Hornbeam's application years ago.

consists of highly confidential commercial and personal information of the Related Parties and Entities unrelated to the dispute over Warren Steel and Halliwel.

## III. THIS COURT MAY NOT CIRCUMVENT THE PROCEDURES OF §1782 BY AMENDING THE SECOND AMENDED PROTECTIVE ORDER TO PERMIT SHULMAN TO USE THE DISCOVERY IN THE ENGLISH ACTION

"Intervenors must take the pleadings in a case as they find them." *Washington Electric Coop.*, 922 F.2d at 97.  Hornbeam's application "defined the general scope of the action and [Shulman] cannot now by intervention radically alter that scope to create a much different suit. … the [intervention] rule is not intended to allow for the creation of whole new suits by intervenors." *Id.*  Shulman improperly seeks through intervention to recast Hornbeam's §1782 action for discovery to use in the BVI, into an action for himself, not Hornbeam, to use in the English Action. *See Washington Elec.*, 922 F.2d at 97 ("Intervention cannot be used as a means to inject collateral issues into an existing action.")   This is not permissible.

In an analogous context, this issue arose in the Alabama proceeding, where the district court allowed Bracha to use the discovery, even though it only found Hornbeam was an interested person, given that only Hornbeam was a registered Halliwel shareholder.   The Eleventh Circuit reversed, holding the "decision to grant to grant the application to both Hornbeam and Bracha, without deciding whether Bracha was an interested person, was an error. Section 1782 requires that the application be made by an interested person … We therefore vacate the portion of the district court's order granting §1782 discovery to Bracha." *Halliwel Assets, Inc. v. Hornbeam Corp,* 663 Fed. Appx. 755, 763 (11th Cir. 2016).  On remand, Bracha appears to have abandoned its efforts to establish it was an interested person.

Hornbeam's application only submitted a BVI legal expert report to establish that Hornbeam was an interested person and that the BVI was a receptive forum.  The Amended and

Second Amended Protective Orders only went as far as the application and evidence permitted – allowing use by Hornbeam in the BVI, but not for any other person in any other forum. This Court made no finding that Shulman is an interested person, just like the Alabama district court failed to make such a finding for Bracha, or that England is a receptive forum, *inter alia,* prior to determining jurisdiction. The absence of such findings preclude an end-around §1782's requirements by amending the Second Protective Order, absent amending the *Ex Parte* Order, which the appeal precludes.

## IV. SHULMAN'S ARGUMENT THAT SYMEOU LACKS STANDING TO COMPLAIN ABOUT SHULMAN PROVES SHULMAN HAS NO INTEREST IN THIS MATTER

Shulman's motion argues that Symeou lacks standing to oppose his motion because the discovery will not be used against Symeou in England.

*First,* this Court long ago held Symeou has standing when granting his motion to intervene. It is so obvious that any party may oppose intervention by a non-party in his case that Symeou has not found reported cases addressing this point.[4] Rather, the issue is whether Shulman has standing. *Town of Chester v. Laroe Estates, Inc.,* 2017 WL 2407473, *10 (June 5, 2017) recently reversed the Second Circuit decision cited by Shulman on this issue, holding "an intervenor of right must demonstrate Article III standing." While Shulman might have standing to seek §1782 discovery generally, he has no interest in the subject matter of this proceeding, which concerns discovery for Hornbeam to use in the BVI.

*Second,* Shulman's argument proves Symeou's point -- Shulman has no interest in the subject matter of this proceeding – Hornbeam's application to use discovery against Symeou and

---

[4] Hornbeam's reliance on *Estate of Ungar v. Palestinian Auth.*, 400 F.Supp. 2d 541 (S.D.N.Y. 2005) and *In re Application of Chevron Corp.*, 736 F. Supp. 2. 773 (S.D.N.Y. 2010) are inapposite because neither address standing of a party to object to a Rule 24 motion to intervene.

other defendants in the BVI.  If Shulman is correct, a person could seek to intervene in any §1782 action post-judgment to obtain the discovery authorized for another person for use in one forum foreign without opposition by arguing it would be used against different defendants in a different forum.   This is absurd.

## V.        SHULMAN SHOULD FILE HIS OWN §1782  APPLICATION AND SERVE IT ON THE ENGLISH DEFENDANTS

*Certain Funds, Accounts &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113 (2d Cir. 2015)  affirmed the denial of a §1782 application based on the district court's determination that future proceedings were not within reasonable contemplation, even though they had been initiated after the appeal was filed, noting the appellant's remedy was simply to file a new application.   It instructed, however, given that the foreign proceedings had been initiated, "Now that the [foreign defendant] firms are on notice of the Funds' interest in discovery, there is no longer a reasonable basis for proceeding *ex parte*."   Shulman should simply file his own §1782 application and serve it on the English defendants.   This Court should provide sufficient time for the English defendants to engage English counsel and develop the position on the English litigation and, presumably, engage American counsel to deal with Shulman's application. Shulman can hardly complain of providing a fair period of time; after all, he waited two and a half years to seek discovery and file claims since Hornbeam's December 2014 application, more than two years since filing Ohio state court proceedings in June 2015, and more than one and half years since their dismissal in October 2015.

Dated: June 13, 2017
        New York, New York

Respectfully submitted,

**REED SMITH LLP**
By: */s/ Steven Cooper*
Steven Cooper
Samuel Kadosh
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
scooper@reedsmith.com
Skadosh@reedsmith.com

*and*

**MARKS & SOKOLOV, LLC**
By: */s/ Bruce Marks*
Bruce Marks
1835 Market Street, Suite 1717
Philadelphia, PA 19103
Telephone: (215)569-8901
Facsimile: (215) 569-8912
*marks@mslegal.com*
*Attorneys for Movant Panikos Symeou*