UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
IN RE:                                                       :     14-MC-424 (Part 1)
                                                             :
APPLICATION OF HORNBEAM CORP.                                :     **MEMORANDUM & OPINION**
                                                             :
------------------------------------------------------------ X

VERNON S. BRODERICK, United States District Judge:

Pending before me is (1) Vadim Shulman, Bracha Foundation ("Bracha"), and Hornbeam Corporation's ("Hornbeam") motion for an order permitting Mr. Shulman to intervene and amend the Amended Protective Order to permit Mr. Shulman to use discovery materials produced in this action in support of recently initiated foreign proceedings, (Doc. 113); (2) Intervenor Panikos Symeou's letter requesting that I restore the February 1, 2017 deadline by which Hornbeam was required to use or destroy the discovery referenced in the February 1, 2016 Amended Protective Order and order Hornbeam to destroy the discovery by June 12, 2017, in light of Shulman filing claims in London as opposed to Hornbeam filing claims in the BVI, (Doc. 120); and (3) Symeou's motion for reconsideration of my May 22, 2017 Order denying Symeou's motion to stay use or dissemination of bank records produced pursuant to the Authorizing Order, (Doc. 124).

## I.   Procedural Background[1]

On May 22, 2017, I issued an opinion denying Symeou's motion to stay the use or dissemination of bank records produced as a result of authorized discovery under 28 U.S.C. § 1782 pending appeal. (Doc. 112.) On May 30, 2017, Hornbeam filed its motion for an order

---

[1] Familiarity with the background of this action is assumed. Undefined capitalized terms are given the same meaning as those identified in the prior decisions rendered in this case.

1

permitting Mr. Shulman to intervene and amend the Amended Protective Order, (Doc. 113), along with an accompanying memorandum of law, (Doc. 114), and two declarations, (Docs. 116, 118). Symeou filed its opposition on June 13, 2017, (Doc. 122), and on June 20, 2017, Hornbeam filed its reply, (Doc. 125). Finally, on June 27, 2017, I granted Symeou's request to file a sur-reply, (Doc. 128), and on June 28, 2017, Symeou filed the sur-reply, (Doc. 129).

Meanwhile, on June 8, 2017, Symeou submitted a letter asking me to restore the February 1, 2017 deadline by which Hornbeam was previously required to use or destroy the discovery imposed by the February 1, 2016 Amended Protective Order, and order Hornbeam to destroy the discovery. (Doc. 120.) In effect, the letter seeks a reversal of my January 31, 2017 Order extending Hornbeam's deadline by six months. (Doc. 79.) Hornbeam responded on June 12, 2017. (Doc. 121.)

Finally, on June 19, 2017, Symeou filed a motion for reconsideration of my May 22, 2017 Order denying his motion to stay use or dissemination of bank records produced pursuant to the Authorizing Order. (Doc. 124.) The motion was submitted in the alternative, if I do not otherwise grant Symeou's letter motion to reinstate the February 1, 2017 deadline for Hornbeam to use or destroy the discovery. (*Id.*) Hornbeam has submitted an opposition on July 5, 2017, (Docs. 130, 131), and I await Symeou's reply.

## II. Discussion

### A. *Symeou's Motion to Restore the February 1, 2017 Deadline*

Symeou's request that I restore the previous deadline by which Hornbeam must use or destroy the information and, thereby, order the destruction of the discovery produced thus far, is based on Shulman filing claims in London, as Symeou argues that this demonstrates that future proceedings initiated by Hornbeam in the BVI are not contemplated. (Doc. 120.) In sum,

Symeou contends that Hornbeam deliberately misrepresented Shulman's intention to file these proceedings, that Shulman's filing shows that § 1782 discovery was not needed to file new shareholder oppression claims given that it was not used there, and that Shulman would not suffer any prejudice. (*Id.* at 2–3.)

Assuming without deciding that Symeou's request that I reconsider my former decision, (Doc. 79), is proper given Shulman's recent filing, I do not find that Shulman's filing warrants reinstating the previous deadline imposed by the Amended Protective Order and ordering the immediate destruction of the discovery produced. Indeed, although litigation thus far has focused on the contemplated BVI proceedings, as Hornbeam and Shulman note, (Doc. 121 at 2), Hornbeam's original application stated that it sought discovery for use in three contemplated proceedings, including two to be brought by Shulman "or one of the entities to which he is the ultimate beneficial owner . . . in a jurisdiction currently unknown." (Doc. 2 at 2.) In any event, ordering the immediate destruction of the discovery produced at this point would be an extraordinary measure. As a result, Shulman's letter motion is denied.

### B. *The Remaining Motions*

Symeou further moves for reconsideration, under Federal Rule of Civil Procedure 60(b)(2) and Local Rule 6.3, of my May 22, 2017 Order, which denied his motion for a stay pending appeal. (Doc. 124.) As briefing is not complete, Symeou is directed to file a reply on or before July 20, 2017.

With respect to the motion to intervene and amend the protective order, I will issue my decision in a subsequent order.

### III. Conclusion

As such, Symeou's letter motion that I restore the previous deadline set for the

destruction of discovery materials, and thereafter order the destruction of those materials, is

DENIED.


SO ORDERED.

Dated: July 7, 2017
New York, New York

Vernon S. Broderick
United States District Judge