USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/14/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                :
IN RE:                                  :          14-MC-424 (Part 1)

APPLICATION OF HORNBEAM CORP.   :      **MEMORANDUM & OPINION**
                                                :
-----------------------------------------------------------X

<u>VERNON S. BRODERICK</u>, United States District Judge:

      Pending before me is Vadim Shulman, Bracha Foundation ("Bracha"), and Hornbeam Corporation's ("Hornbeam") (collectively, the "Applicants") motion for an order permitting Shulman to (1) intervene and to amend the Second Amended Protective Order[1] and (2) use discovery materials produced in this action in support of recently initiated foreign proceedings. (Doc. 113.) Because I am without jurisdiction to decide Applicants' requests, the motion to intervene and amend the Second Amended Protective is denied without prejudice.

      **I.**      **<u>Factual and Procedural Background</u>**

      The background for this motion is more fully set forth in my decision dated July 7, 2017. (Doc. 132.)[2] Additionally, of relevance to Applicants' motion, Symeou filed his notice of appeal on March 1, 2017, which listed the Orders being appealed from as: the Authorizing Order; the September 17 Order; the January 31, 2017 Order granting Hornbeam an extension of time to use or destroy produced materials (the "January 31 Order"), (Doc. 79); and the February 17, 2017 Order denying Symeou's motion for reconsideration (the "February 17 Order"), (Doc. 83).

---

[1] The parties entered into a protective order on June 29, 2015. (Doc. 27.) The Amended Protective Order was entered on February 1, 2016, (Doc. 71), and a Second Amended Protective Order entered into on May 12, 2017, (Doc. 106).

[2] Familiarity with the background of this action is assumed. Undefined capitalized terms are given the same meaning as those identified in the prior decisions rendered in this case.

## II. Applicable Law

It is "generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal" *id.*, so long as the appeal is not "unauthorized" or a "nullity," *Truong v. Truong*, No. 03 Civ. 3423(PKC), 2007 WL 2822196, at *2 (S.D.N.Y. Sept. 27, 2007). This principle is "founded upon a concern for ensuring the integrity of the appellate process" and, as such, a district court cannot take any action that "interferes with the appeal process or with the jurisdiction of the appellate court." *In re Prudential Lines, Inc.*, 170 B.R. 222, 243 (S.D.N.Y 1994).

## III. Discussion

With regard to Shulman's motion to intervene, I do not have jurisdiction to rule on motions to intervene following the filing of the notice of appeal. *See Drywall Tapers & Pointers of Greater N.Y. v. Nastasi & Assocs. Inc.*, 488 F.3d 88, 94 (2d Cir. 2007) ("The District Court did not err in denying [the Union's] intervention motion once the notice of appeal of the Court's injunction Order divested the Court of jurisdiction to affect that Order."). Indeed, in a case somewhat similar to the one at hand, the Court decided that it lacked jurisdiction and therefore denied a request that would require that the Court modify an existing protective order precisely because such a modification would require the third party to intervene. *See Abdelal v. Kelly*, No. 13-CV-04341 (ALC)(SN), 2017 WL 1843291, at *2 (S.D.N.Y. May 5, 2017) (explaining that even if the Court were to construe the third party's informal request as a procedurally proper motion to intervene, it would be without jurisdiction because plaintiff had filed a notice of appeal

2

of the summary judgment decision). In light of the Second Circuit precedent on this issue, Shulman's motion to intervene is denied for lack of jurisdiction.

Even if I were to decide that intervention was unnecessary to amend the Second Amended Protective Order, I still find that I lack jurisdiction to amend that Order to permit Shulman, the proposed intervenor, to use discovery materials produced in this action in support of recently initiated foreign proceedings. As an initial matter, Applicants contend that—given that the Protective Order merely implemented the Authorizing Order and given that I retain jurisdiction to enforce the Authorizing Order (which granted Hornbeam's application that, in turn, listed Shulman's action as a possibility)—any amendment would be a simple enforcement of the Protective Order, over which I have jurisdiction. I find this argument strained at best. Indeed, the Authorizing Order focused on Hornbeam as the "interested party" and on the BVI as the location for the action contemplated to be brought by Hornbeam. (*See generally* Authorizing Order.) At no point did the Authorizing Order reference Shulman bringing a foreign action. (*See id.*) Similarly, the September 17 Order noted that the Authorizing Order had authorized Hornbeam to obtain discovery "for use in anticipated litigation in the British Virgin Islands," (September 17 Order at 1), and further focused on Hornbeam's anticipated suit in the BVI, even rejecting Symeou's argument that Hornbeam's application was a ruse to obtain discovery for use by Shulman in the Ohio Action and that Hornbeam did not reasonably intend to sue in the BVI, (*id.* at 13). As such, I do not find that Applicants' proposed amendment can be construed as mere enforcement of a previously issued order.

Similarly, although Applicants cite case law supporting their position that the Court does retain jurisdiction to enforce its orders, those cases also recognize that while a Court may enforce its orders while review of those orders is pending on appeal, a Court does not retain jurisdiction

over "the expansion and amendment of orders and judgments." *In re Gushlak*, No. 11-MC-218 (NGG), 2012 WL 1514824, at *4 & n.5 (E.D.N.Y. Apr. 30, 2012); *see also In re Prudential Lines*, 170 B.R. at 243 ("Courts have accordingly recognized a distinction in the divestment of jurisdiction between acts undertaken to enforce the judgment and acts which expand upon or alter it, the former being permissible and the latter prohibited."). I find that Applicants' proposed amendment would be an expansion and/or alteration of the Second Amended Protective Order and, as such, falls under the rule divesting district courts of jurisdiction. Therefore, Applicants' motion to amend the Second Amended Protective Order is denied.[3]

I further decline to issue an indicative ruling under Federal Rule of Civil Procedure 62.1, which only provides for an indicative ruling as one of three options for a district court that lacks jurisdiction to grant a motion for relief, the other two being for the court to defer considering the motion or deny the motion. Fed. R. Civ. P. 62.1(a).

## IV. Conclusion

For the foregoing reasons, the Applicants' motion for an order permitting Shulman to intervene and to amend the Second Amended Protective Order is denied without prejudice for

---

[3] I agree with Hornbeam that Symeou's argument here is disingenuous in light of Symeou's post-appeal requests that I amend the Amended Protective Order. (*See, e.g.*, Hornbeam Reply (Doc. 125) 8–9; 5/2 Tr. (Doc. 108) 9:12-16.) However, the "modification" actually permitted—namely, language stating that Hornbeam, Bracha, Shulman, and any related person authorized to receive confidential information were "prohibited from using any Confidential Information, directly or indirectly, in foreign ex parte or attachment (including Maureva and asset freezing) proceedings, without this Court's permission," (Doc. 106 ¶ 2.a)—in no way amended or altered the Amended Protective Order, but rather made explicit language already contained therein in order to alleviate Symeou's concerns. Specifically, the Amended Protective Order contemplated use of the responsive material "solely in connected with Permitted Uses and Permitted Litigations." (Doc. 71 ¶ 2.b.) "Permitted Litigation(s)" was in turn defined as "this Proceeding, the other 28 U.S.C. § 1782 proceedings brought by Hornbeam in this Court, and to the actions contemplated by the second bullet point on page 21 of [the September 17 Order] and to any action in the British Virgin Islands related to this dispute brought by Symeou and/or related entities/individuals by or against Hornbeam or Bracha Foundation, including appeals," (*id.* ¶ 1.e), and "Permitted Use(s)" as "use of the Responsive Material in the Permitted Litigations, and any other use allowed by the Court in this Proceeding," (*id.* ¶ 1.f). The September 17 Order stated, in no uncertain terms, that "[i]f Hornbeam initiates proceedings in the BVI of the type described in its Application, Hornbeam may use the Responsive Materials in such proceedings. *Hornbeam may not use the Responsive Materials in any other litigation without demonstrating good cause to me*." (September 17 Order at 21 (emphasis added).)

4

lack of jurisdiction.

SO ORDERED.

Dated:       August 14, 2017
             New York, New York

_Vernon S. Broderick_
Vernon S. Broderick
United States District Judge