

1835 Market Street, 17th Floor
Philadelphia, PA 19103
Tel: +1 (215) 569-8901
marks@mslegal.com
www.Marks-Sokolov.com

August 9, 2017

*Via ECF*
The Honorable Vernon S. Broderick
United States District Judge
40 Foley Square
New York, NY 10007

   **Re:**  ***In Re Application of Hornbeam Corp.*; No. 14 Misc. 424, Part 1, S.D.N.Y (VSB)**

Dear Judge Broderick:

We write on behalf of Intervenor Panikos Symeou to move the Court to enforce Sections 15 (b), (c) and (d) of the May 12, 2017 Second Amended Protective Order ("SAPO"). Specifically, the Court should order Hornbeam Corp. and Vadim Shulman, via counsel,[1] to (1) disclose the identity of each person who received Responsive Materials in this §1782 action, (2) destroy all Responsive Materials, and (3) certify that all Responsive Materials have been destroyed. We have met and conferred with Hornbeam's attorney Carol Bruce who advised Hornbeam and Mr. Shulman oppose this request. Symeou requests a telephone conference or in-person hearing on this letter motion.

**Background:** On December 19, 2014, Hornbeam filed an *Ex Parte* Application for 28 U.S.C. §1782 discovery for use in purportedly contemplated proceedings in the BVI (ECF 1), which was granted on December 24, 2015. ECF 5. Hornbeam then served 12 subpoenas on banks without notifying any potential parties to the contemplated BVI proceeding. Symeou intervened. Order, ECF 35. On February 1, 2016, the Court entered the Amended Protective Order, ("APO") ECF 71, whose terms were then included in the Second Amended Protective Order ("SAPO") which provides for Responsive Materials to be designated as Confidential or for "Attorneys' Eyes Only" and limits use to the "Permitted Litigation(s)" which are this proceeding and contemplated actions in the British Virgin Islands ("BVI"). ECF 106 at ¶1(e). Counsel of record of any party disclosing confidential information must "cause that person to complete and sign the Certification, attached as Exhibit A" to the SAPO, and "[e]ach Certification shall be retained by counsel to the Parties until after Permitted Litigations are completed." The "nondisclosing Party may make an application to have the Certifications produced for good cause. ECF 106 at ¶6(a), (c) and (e).

The SAPO further provides that "Responsive Materials must be destroyed if Hornbeam does not initiate the BVI Litigation within one year of the date of the issuance of this Amended Protective Order." APO, ECF 71 at ¶15(c) (emphasis added.)[2] The destruction deadline was extended to

---

[1] On July 26, 2019, Hornbeam's counsel filed a motion to withdraw, ECF 155; Symeou filed a response in opposition on August 9, 2019, ECF 156.

[2] The SAPO entered on May 12, 2017 added language prohibiting use of the Responsive Material in foreign ex parte or attachment proceedings, ECF 106 at ¶2(a). It did not extend the document destruction deadline to May 12, 2018 because extensions to the destruction deadlines are only made by letter motion to the Court. *See* Orders, ECF 79 and 139. The language in Paragraph

Page 2
Hon. Judge Vernon S. Broderick
August 8, 2019

August 1, 2017 and then until resolution of motions pending here and in the related Florida 1782 action. Orders, ECF 79, 139.  The motion pending here was decided in August 2017, Order, ECF 140, and the pending Florida motions were resolved by September 2018, with document production and four days of depositions completed by December 2018.[3]   In Florida, the deadline to use or destroy the discovery was July 12, 2019, one year after the entry of the Florida Stipulated Protective Order, ECF 156-2. That deadline was extended to August 12, 2019, and expires on Monday. Order, ECF 156-3.  As the deadline in this proceeding for bringing a BVI action has long passed, the SAPO requires destruction of the Responsive Materials and certification thereof.  ECF 106 at ¶15(d).

**The Unauthorized Disclosure:**  In late 2018, Mr. Shulman threatened the other beneficial owners of Halliwel, through a middleman, that, unless Mr. Shulman received money, he would provide discovery obtained in this Section 1782 action to the FBI and DOJ, which purportedly would result in prosecutions for money laundering and other crimes.   Threats such as this may constitute criminal conduct.[4]  Mr. Shulman sent messages (in Russian and translated herein) indicating the involvement of his attorneys in this process, including apparently, Carol Bruce:

- On Thursday they will confirm our meeting with the FBI and with the head of the money laundering department in the Department of Justice. ***From my attorney.*** … And in the end of the month their official case on K and B will be opened. Because on Thursday they will officially start to study all the materials[.] (emphasis added)

- And [redacted] should think about how he will explain to the FBI the fact that in 2010 - 2011 more than $[redacted] was taken from his Swiss accounts and transferred to [redacted] casino. ***As Carol [Bruce] says*** – this is one of the most typical money laundering schemes.[5] (emphasis added).

- [M]y attorney will turn the information over on my instruction. … in the absence of a settlement on the dispute, we will go to the Department of Justice and will assist them in their investigation. ***But in the case of a settlement on the dispute, I will call back my***

---

¶15(c) regarding destruction referencing "this Amended Protective Order" was meant to say "the Amended Protective Order."  In any case, May 12, 2018 has long passed.

[3] In light of learning that the Hornbeam and Mr. Shulman, presumably through counsel, provided discovery to the FBI and DOJ in violation of the SAPO in New York and the SPO in Florida, Symeou demanded that Hornbeam's counsel impose a litigation hold on their files.   To this extent, Responsive Materials in their possession will not be destroyed.

[4] *See* 18 U.S.C. §875. "Whoever, with intent to extort from any person … any money or other thing of value, transmits in interstate or foreign commerce any communication containing any threat to injure the … reputation of the addressee … or any threat to accuse the addressee or any other person of a crime, shall be fined under this title or imprisoned not more than two years, or both."

[5] This reference appears to be based on information contained in Responsive Documents (wire records) produced in this District marked "Attorney Eyes Only".

Page 3
Hon. Judge Vernon S. Broderick
August 8, 2019

*lawyers and the case will be closed*.  (emphasis added).

Ms. Bruce denied knowledge of the threats.  When asked if she was aware of contacts with the DOJ or whether it was provided discovery materials, she refused to answer, and confirmed by email stating "**With respect to the DOJ,  yes, I have refused to respond to each demand of yours that I reveal whether we have had contact with the DOJ about this case or whether we have given DOJ any of the discovery in this case.**"  July 19, 2019 Bruce email, ECF 156-1.

**Argument:** "Where a court possesses authority in the first instance to issue an order, it necessarily retains the inherent authority to effectuate that order," which authority "extends to enforcement of protective orders." *BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*, 2013 U.S. Dist. LEXIS 75402, *30-31 (S.D.N.Y. March 7, 2013).  The Court should enforce the SAPO, require disclosure of the individuals and entities which received Responsive Materials, compel their destruction, and require confirming certifications.

*First*, given the apparent disclosure of Responsive Materials to the DOJ/FBI and others in violation of the SAPO, Hornbeam, Shulman, and all associated persons covered by the SAPO, including Counsel, should be required to disclose the name and address of every person who received any Responsive Materials obtained in this action within seven days.

*Second*, based upon the apparent SAPO violations, good cause exists for disclosure within seven days of all Certificates related to confidential information in this action to determine who received Responsive Materials.

*Third*, Hornbeam, Mr. Shulman, and all other persons receiving Responsive Materials should destroy such and certify such destruction, given that no BVI action has been filed and the date for destruction of discovery has long passed.  See *BNP Paribas,* 2013 U.S. Dist. LEXIS 75402, *33 (enforcing analogous provision because "the plain language meaning of … the Protective Order is adopted here and a party receiving a clawback request is to refrain from any further use or review of the subject documents and to return or destroy the subject documents").  At this point, with Hornbeam dissolved, counsel moving to withdraw, Florida and Alabama §1782 discovery completed long ago, and the deadline to destroy the Florida discovery on Monday, August 12, there is no conceivable basis for Hornbeam to argue the long promised BVI action – the only permissible use – is within reasonable contemplation.

Sincerely,
--- *s* ----
Bruce S. Marks
For:    Marks & Sokolov, LLC

BSM/de