UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE APPLICATION OF
HORNBEAM CORPORATION                             Civ. No. 14 Misc. 424 (VSB)

REQUEST FOR DISCOVERY PURSUANT
TO 28 U.S.C. § 1782
_____

**REPLY IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR
<u>HORNBEAM CORPORATION</u>**

Counsel for Applicant Hornbeam Corporation ("Hornbeam" or "Applicant") respectfully submits this Reply in Support of its Motion to Withdraw as Counsel for Hornbeam Corporation. (**ECF 155**).

## I. INTRODUCTION

Counsel filed a Motion to Withdraw in accordance with Rule 1.4 of the Local Rules of the United States District Court for the Southern and Eastern Districts of New York dated July 26, 2019. (**ECF 155**). As explained in the motion, "the issue of Counsel's withdrawal ha[d] been the subject of discussion between Counsel and Applicant for many months." *Id.* "Counsel informed Applicant orally and in writing on multiple occasions that Counsel would seek to withdraw for professional considerations if certain conditions critical to Counsel's continued representation of Applicant were not met, and Applicant [did] not meet those conditions." *Id.*

Intervenor Panikos Symeou ("Intervenor") filed an Opposition to Motion to Withdraw by Hornbeam's Counsel on August 9, 2019. (**ECF 156**).

## II. ARGUMENT

In its Opposition, Intervenor claims that Counsel should be not be permitted to withdraw from this case due to: (1) an "apparent serious violation" of the Second Amended Protective

Order ("SAPO") (**ECF 106**); (2) the fact that Hornbeam cannot proceed *pro se*; and (3) the lack of a satisfactory showing for withdrawal. (Opp. 1-3). Intervenor's Opposition is baseless, relies upon mere assumptions and speculations, and is nothing more than an exaggerated attempt to prevent Counsel from withdrawing. While the purported reasons for Intervenor's opposition have existed throughout much of this case, the Intervenor raised no objection and did not file an opposition to previous counsel's Unopposed Motion to Withdraw as Counsel. (**ECF 147**). Additionally, Counsel has only filed notices of appearance (**ECFs 143, 144, 145**), *Pro Hac Vice* Motions (**ECFs 146, 150, 151**), and a Motion to Withdraw as Counsel (**ECF 155**) in this case; nothing more. Yet, the Intervenor has taken an accusatory and combative approach in its Opposition seeking to prevent Counsel from leaving the case.

For the reasons described below, Intervenor's arguments are completely without merit and Counsel respectfully requests that the Court grant its Motion to Withdraw.

    **a. Counsel's Withdraw Will Not Prejudice Intervenor or Disrupt the Proceeding.**

The alleged prejudice and disruption that the Intervenor claims would result from Counsel's withdrawal in this case is baseless. Intervenor claims that permitting Counsel to withdraw from this case would result in "no meaningful way to determine who has received the highly confidential Responsive Materials and to enforce their destruction." (Opp. at 7).

First and foremost, the allegations and insinuations that Counsel violated the protective order are groundless and offensive. Counsel has not revealed any discovery to any unauthorized person and, additionally, there is a procedure that all counsel must follow if any counsel did wish to make a disclosure. Pursuant to the SAPO, any counsel of record who desires to disclose Responsive Materials to a nonauthorized person must cause such nonauthorized person to complete and sign a Certification. (**ECF 106 ¶ 6(a)**). "Certifications will be produced to and

kept on file by the Court, and the non-disclosing Party may make an application to have the Certifications produced for good cause." *Id.* at ¶ 6(f). The docket does not reveal any Certifications on file with the Court.

And second, Counsel understands that substitute counsel will be making an appearance in this matter shortly. Since Counsel did not disclose any information to third parties, new counsel will not "lack knowledge as to who received Responsive Materials[.]" (Opp. at 7). Therefore, this argument is without merit.

### b. Counsel's Withdraw Would Not Result in the Dismissal of the Action.

Intervenor claims that permitting Counsel to withdraw would leave Intervenor "with no recourse to enforce Hornbeams violations of the SAPO, *which is precisely the result that Hornbeam desires*." (Opp. at 8) (emphasis added). While this type of unfounded and accusatory statement has no place in the Opposition, its inclusion nonetheless serves no basis as an argument against permitting Counsel's withdrawal. Counsel understands that substitute counsel will be making an appearance in this matter shortly, and additionally, there is other counsel representing Hornbeam whom Intervenor may choose to resolve any issues with. Based on the substitute and additional counsel either having appeared in this case or planning to appear shortly, Intervenor's concerns over Hornbeam appearing *pro se* should be resolved.

### c. Counsel Provided Satisfactory Reason for Withdrawal.

Intervenor claims that Counsel has not provided satisfactory reasons for Counsel's request to withdraw, and additionally that Counsel has not suggested that continuing representation would result in harm to Counsel. (Opp. at 9-10). Intervenor made no mention of unsatisfactory reasons for withdrawal in previous motions to withdrawal filed in this case. (*see* **ECF 147**).

Counsel represented to the Court that the topic of withdraw had been discussed with Hornbeam both orally and in writing. (**ECF 155** at 1). Counsel also represented to the Court that Hornbeam had been informed that Counsel would seek to withdraw if "certain conditions critical to Counsel's continues representation of [Hornbeam] were not met." *Id.* These conditions were not met, and Counsel sought withdraw for professional considerations. *Id*. Counsel believes that these reasons are satisfactory enough to permit withdrawal.[1]

Counsel is not required to divulge confidential client information or communications between Counsel and client in order to withdraw. Intervenor's argument against withdrawal is disingenuous and is simply another baseless claim seeking to prevent Counsel from leaving the case. *See also* N.Y. State Bar Ass'n Comm. on Prof'l Ethics, Advisory Op. 1057 (2015), 2015 WL 4592234, at *3 ("the Rules anticipate that the court usually will not demand the disclosure of confidential information if the lawyer advises the court that 'professional considerations' require withdrawal.").

### III. CONCLUSION

For these reasons, the Court should grant Counsel's Motion to Withdraw and deny Intervenor's request for a hearing.

---

[1] Due to, among other things, the attorney-client privilege and lawyer-client confidentiality obligations, Counsel is unable to discuss in this filing more specific details regarding "certain conditions critical to Counsel's representation." However, Counsel reserves the right and is willing to provide the Court with documentation in a separate filing that protects privilege and confidentiality. *See generally In re Gonzalez*, 773 A.2d 1026 (D.C. 2001) (sanctioning lawyer for revealing too much in a public filing seeking to withdraw from a representation); American Bar Association Standing Committee on Ethics and Professional Responsibility Formal Opinion 476 (Dec. 19, 2016) (discussing confidentiality obligations when seeking to withdraw).

4

Date: August 16, 2019                              MURPHY & MCGONIGLE, P.C.


By: /s/ *Carol Elder Bruce*


Carol Elder Bruce *[admitted pro hac vice]*
cbruce@mmlawus.com
1001 G Street, N.W. Seventh Floor
Washington, DC 20001
Telephone: (202) 220-1924

*Counsel for Hornbeam Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 16, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/_Carol Elder Bruce*_____