

Email: cbruce@mmlawus.com
Direct: 202.220.1924
Facsimile: 202.661.7059

1001 G Street, N.W.
Seventh Floor
Washington, DC 20001

August 16, 2019

**_Via ECF_**

The Honorable Vernon S. Broderick
United States District Judge
40 Foley Square
New York, NY 10007

Re:   *In Re Application of Hornbeam Corporation*; No. 14 Misc. 424 (VSB)

Dear Judge Broderick,

We write to you on behalf of Applicant Hornbeam Corporation ("Hornbeam") and in response to Intervenor Panikos Symeou's attorney Bruce Marks' letter moving the Court to enforce Sections 15 (b), (c) and (d) of the May 12, 2017 Second Amended Protective Order ("SAPO"), and essentially requesting a pre-motion conference[1] by telephone or in-person on this letter motion in this closed case. In an extraordinary request, Mr. Marks also asks the Court to enforce the SAPO by ordering Hornbeam and Hornbeam's beneficial owner, Vadim Shulman, who is not a party in this case,[2] to: "(1) disclose the identity of each person who received Responsive Materials in this §1782 action, (2) destroy all Responsive Materials, and (3) certify that all Responsive Materials have been destroyed." (**ECF 157** at 1). Mr. Marks arguments in support of these requests are each based on a false premise – that is, that an "unauthorized disclosure" of SAPO Responsive Materials took place in late 2018, by Mr. Vadim Shulman and his counsel to the U.S. Department of Justice and Federal Bureau of Investigation[3]. There was no such disclosure[4] and no violation of the SAPO.

---

[1] Pre-motion conferences, per this Court's Individual Rules & Practices in Civil Cases, Rule 4A, "are not required, except for motions concerning discovery." This letter request is not a discovery matter.

[2] Mr. Shulman attempted to intervene in this case, but Mr. Marks objected and the Court ruled the intervention was untimely, [DE 140], ergo Mr. Shulman is not a party in this case.

[3] It is noteworthy that Mr. Marks is just now, eight months after the claimed unauthorized disclosure to the U.S. Department of Justice and the Federal Bureau of Investigation, bringing this matter to the court's attention, and that the claim is being made coincidentally with a Motion filed by Mr. Shuman's counsel to withdraw from the case.

[4] It is inappropriate by any measure for Mr. Marks to think he has the right to demand that opposing counsel reveal what communications or contacts, if any, she has had with DOJ, or the FBI in this or in any matter. Likewise, it is offensive and false to state that she was involved in apparent SAPO violations.

Honorable Vernon S. Broderick
August 16, 2019
Page 2

No SAPO Certifications were made because no unauthorized person(s) were given access to Responsive Materials.

From this false premise and with no additional supporting facts or legal justification, Mr. Marks urges this Court to take affirmative action to deal with the imagined SAPO violation. He then immediately segues and reverts to a non-sequitur that bears no relationship to his false allegations of SAPO violations. He repeats the position he has consistently advocated on behalf of his client, Panikos Symeuou[5] -- that is, that the Responsive Material should be destroyed. But, discovery in Miami has now been obtained and the court has motions before it concerning the extension of the use or destroy date. In short, the Miami case is close to resolution and decisions relating to use or destruction can be debated and made there and shared here.

By this letter response, Applicant respectfully recommends that the Court withhold any decision on Intervenor's letter motion until after the United States District Court in the Southern District of Florida has the opportunity to rule on when the discovery recently obtained in that jurisdiction (December 2018) must be used or destroyed by Applicant Hornbeam.

**ARGUMENT**

Mr. Marks first claims that the SAPO was violated due to the "apparent disclosure of Responsive Materials to the DOJ/FBI and others" and thus, Hornbeam "should be required to disclose the name and address of every person who received any Responsive Materials obtained in this action within seven days." (**ECF 157** at 3). Closely related to that, Mr. Marks claims that "based upon the apparent SAPO violations, good cause exists for disclosure within seven days of all Certificates related to confidential information in this action to determine who received Responsive Materials." *Id.* Third, Mr. Marks again attempts to persuade the Court to enforce the "use or destroy" deadline. *Id.*

*First*, Mr. Marks' allegations and insinuations do not form a valid basis for his claim that the SAPO was violated. Similarly, Counsel's refusal to answer or address Mr. Marks' repeated accusations is not evidence of any violation of the SAPO. Counsel and Applicant deny that there has been any such violation of the SAPO

*Second*, Mr. Marks is essentially applying to the Court for the production of any Certifications. Pursuant to the SAPO, any counsel of record who desires to disclose Responsive Materials to a nonauthorized person must cause such nonauthorized person to complete and sign a Certification. (**ECF 106** ¶ 6(a)). "Certifications will be produced to and kept on file by the Court, and the non-disclosing Party may make an application to have the Certifications produced for good cause." *Id.* at ¶ 6(f). However, and as evidenced by the docket, no Certifications were filed during the time in which Murphy & McGonigle served as counsel for Hornbeam.

*Third*, Mr. Marks' insistence that the Court order Hornbeam, Mr. Shulman, and all other persons in receipt of any Responsive Materials to destroy the Responsive Materials and certify

---

[5] Mr. Symeuou, a Cypriot, holds 33,332 shares of Halliwel in trust for Kolomoisky, the man accused by Mr. Shulman of stealing over $28M from him, the reason for the Section 1782 actions brought in the United States.

Honorable Vernon S. Broderick
August 16, 2019
Page 3

of July 12, 2019 to August 12, 2019. (**ECF 328**). A subsequent motion to extend the deadline for an additional 60 days has since been filed in the District Court. Mr. Marks has opposed it. In short, the Miami case is nearing a conclusion.

Hornbeam and Mr. Shulman have fought long and hard to obtain discovery in this matter. The length of this and the Miami litigation and the number of appeals in the 2nd and 11th Circuits are testaments to the tenacious efforts by Mr. Shulman's worried adversaries to block Mr. Shulman and Hornbeam's access to the valuable, relevant information they finally have obtained in support of their pursuit for civil justice.

We respectfully urge the Court to await the decisions in the Southern District of Florida before entertaining any action in this closed case. In this vein, we respectfully close with a quote from this Court's May 22, 2017 Order that "the discovery granted under § 1782 in this case as well as the anticipated use of the materials gathered as a result of that discovery serve the public interests in justice, fair play, and full disclosure, . ." [ECF 132]

Respectfully submitted,

Carol Elder Bruce