

1835 Market Street, 17th Floor
Philadelphia, PA 19103
Tel: +1 (215) 569-8901
marks@mslegal.com
www.Marks-Sokolov.com

August 20, 2017

*Via ECF*
The Honorable Vernon S. Broderick
United States District Judge
40 Foley Square
New York, NY 10007

**Re:**   *In Re Application of Hornbeam Corp.***; No. 14 Misc. 424, Part 1, S.D.N.Y (VSB)**

Dear Judge Broderick:

We write on behalf of Intervenor Panikos Symeou in reply to the response (ECF 159) to our letter motion (ECF 157) to enforce the May 12, 2017 Second Amended Protective Order ("SAPO"), and order Applicant Hornbeam Corporation and Vadim Shulman, via their counsel, to (1) disclose the identity of each person who received Responsive Materials (or information therefrom) in this §1782 action, (2) destroy all Responsive Materials, and (3) certify that all Responsive Materials have been destroyed.   We also renew our request for a telephone conference or in-person hearing.

Our letter motion raises serious issues regarding Shulman's documented threat to provide confidential Responsive Materials to the DOJ/FBI unless monies were paid, violations of federal criminal law as well as the SAPO.   It also seeks to enforce the SAPO, which required Responsive Materials to be destroyed long ago because Hornbeam has not filed new proceedings in the BVI, as it promised to do four and a half years ago in December 2014.   This relief is hardly extraordinary.   Documents produced in discovery are routinely destroyed when cases are closed – or, in the case of the BVI, never filed. The Response raises even more problems.

***First,*** Hornbeam no longer maintains the charade that it will file in the BVI.   The Response says nothing about any future filing, even though Hornbeam obtained discovery in this Court in 2015, Alabama in 2017, and Florida in 2018, and Hornbeam, and Shulman filed claims based on the same allegations seeking the same damages in Ohio in 2015 and England in 2017, without discovery.   The game is finally up.   No BVI action will be filed.

***Second***, Hornbeam's third and latest counsel, Carol Bruce of the Murphy firm, grossly misconstrues the SAPO's certification requirements.   The SAPO ¶4 ***prohibits*** disclosure to non-authorized people, period.   Other than courts, SAPO ¶4 only permits disclosure within three authorized categories, ¶4(a): attorneys; ¶4(b): parties and representatives; and ¶4(c): experts.[1]

---

[1] SAPO ¶4 provides:

No Confidential Information shall be disclosed to any person other than:   a. Attorneys of record and instructing attorneys and employees of such attorneys of record (such as paralegals, clerks, secretaries and attorneys) involved in Permitted Litigations;   b. The

Page 2
Hon. Judge Vernon S. Broderick
August 19, 2019

SAPO ¶6(a) requires counsel of record to maintain a certification for **every** person to whom Responsive Materials are disclosed under ¶4(a)(b), and (c).[2]  It is troubling that the docket does not reflect *ex parte* filings to the Court by any Hornbeam counsel evidencing who reviewed Responsive Materials,[3] including Ms. Bruce and other Murphy attorneys, since presumably her firm reviewed Responsive Materials.  The complete absence of filed certifications alone in violation of the SAPO is good cause to compel disclosure of the certifications of persons who received Responsive Materials.

     **Third**, unless certifications are received, it will be impossible for Symeou to track down who received Responsive Materials, particularly if the Murphy firm is permitted to withdraw.  Obviously, it is not feasible to attempt to get this information from unknown liquidators of a dissolved Panama corporation who don't maintain the certifications – counsel does.   Moreover, if Hornbeam and Shulman are so untrustworthy than counsel has moved to withdraw, how can the Court and Symeou trust them?

     **Fourth,** Ms. Bruce does not deny Shulman made an extortionate threat; she merely denies that Responsive Materials were disclosed to the DOJ/FBI.  This rings hollow.  Shulman's message expressly refers to Ms. Bruce, stating "And [redacted] should think about how he will explain to the FBI the fact that in 2010-2011 more than $[redacted] was taken from his Swiss accounts and transferred to [redacted] casino. ***As Carol [Bruce] says*** – this is one of the most

---

Parties, the Bracha Foundation, Vadim Shulman, Halliwel Assets, Mordechai Korf, Genady Bogolubov, Igor Kolomoisky, and a trustee of Marigold Trust, as well as each of the following individuals and entities' non-attorney agents and non-attorney representatives, provided that each person to which information is provided complies with the procedures specified below which requires any persons receiving Confidential Information to execute a Certification; c. Consultants, experts and vendors who are utilized by counsel to either Party to furnish services in connection with Permitted Litigations, provided that the Party seeking to disclose the Confidential Information to any such person complies with the procedures specified below which requires any persons receiving Confidential Information to execute a Certification….

[2] SAPO ¶6 provides:

     Counsel of Record of a Party Disclosing Confidential Information: a. Should counsel of record in this Proceeding desire to disclose Confidential Information subject to this Amended Protective Order to a person identified in Paragraphs 4.a, 4.b, or 4.c, such counsel shall cause that person to complete and sign the Certification, attached as Exhibit A (the "Certification").

[3] Undersigned counsel and Hornbeam's initial counsel, Holland & Knight, agreed that certifications did not need to be maintained for counsel of record at that time.  No such agreement was made for Hornbeam's subsequent counsel, HoganLovell and the Murphy firm.

Page 3
Hon. Judge Vernon S. Broderick
August 19, 2019

typical money laundering schemes." (Emphasis added).[4]   While the Responsive Materials themselves (i.e. wire records) may not have been disclosed to the DOJ/FBI, she does not deny information from the Responsive Materials was.  This is a violation of the SAPO, ¶¶ 4&5.  Her admitted refusal to deny that confidential materials from Florida were disclosed to the DOJ/FBI in violation of Florida protective order adds even more fuel to the fire.  Hornbeam articulates no reason for the Court not to order disclosure.  If the SAPO was violated, valuable information will be learned in order to enforce destruction.  If it was not, Hornbeam suffers no harm.

*Finally,* there is no reason to wait yet again for the Southern District of Florida to rule. The Court indulged this argument more than two years ago.  ECF 139.  Leniently, the Court did not require compliance with the SAPO then, but years have passed since that extension, and more than six months have passed since Florida discovery was completed in early December 2018.  Future BVI proceedings – the only permitted use outside of §1782 proceedings – are not "within reasonable contemplation" today.  Hornbeam does not even pretend that they are.

                              Sincerely,
                              --- *s* ----
                              Bruce S. Marks
                    For:   Marks & Sokolov, LLC

BSM/de

---

[4] Again, Responsive Materials marked AEO reflected transactions apparently referenced by Shulman.