UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:

APPLICATION OF HORNBEAM CORP.

Case No.: 14-MC-424
(Part 1)

Judge Vernon S. Broderick

# DECLARATION OF CAROL BRUCE IN SUPPORT OF MOTION TO WITHDRAW

Pursuant to 28 U.S.C. § 1746, I, Carol Bruce, Esq., hereby declare:

1. I am a shareholder of Murphy & McGonigle, P.C., counsel in this action for Applicant Hornbeam Corporation ("Hornbeam" or the "client"). I aver to the matters set forth herein based upon personal knowledge and information.

2. I submit this Declaration in Support of my Firm's motion to withdraw as counsel (Doc. 155), and in response to the Court's Order, dated August 28, 2019 (Doc. 161).

3. On August 21, 2018, my partners Michael V. Rella, James K. Goldfarb, and Sharon O'Shaughnessy of the New York office of the Firm each filed a Notice of Appearance on behalf of Hornbeam (Doc. 143-145). As I am a resident of the Firm's Washington, D.C. office, that same day, a motion for my admission *pro hac vice* was filed (Doc. 146), which was granted on October 1, 2018 (Doc. 148).[1] I am lead counsel in this matter.

4. Thereafter, there were no substantive fillings made by the parties or Orders issued by the Court in this case, as all counsel turned their full attention to the related 28 U.S.C. § 1782 case in Florida, *In re Application of Hornbeam Corporation Request for Discovery Pursuant to*

---

[1] Two additional lawyers from the Washington, D.C. applied for *pro hac vice* admission in November 2018 (Doc. 150-151), that were granted the same month (Doc. 152-152).

*28 USC 1782*, Case No. 14-cv-24887-PAS (the "Miami" case), which was in a different procedural posture than the instant case.

Based on my understanding of attorney professional responsibilities, I believe I am limited from discussing in detail

---

[2] Because the client's beneficial owner, Mr. Vadim Shulman, speaks limited English, I have largely communicated with him (on the client's behalf) via his representative with his permission and authorization.



9. Throughout this year, the Firm faithfully continued to provide the client services in the Miami case, including in the United States Court of Appeals for the 11th Circuit, as we incurred further commitment of time and expenses, including the time and expense of travel to Miami to appear in court to argue pending motions on May 6, 2019, as well as our time and expense in preparing and filing the initial Motion for Extension of Time for the Court to consider the use or destruction of the discovery obtained in the Miami case, pending the entry in the case of new counsel.

10. Separately, but importantly, new counsel for Hornbeam entered their appearance in the Miami case in August, in the 11th Circuit in early September, and the same counsel has informed us that they will enter their appearance with this Court shortly.

11. Finally, our Firm has been actively engaged during this transition of counsel period in supporting our client in the instant case by responding to letters and other filings of our adversary's counsel, and our withdrawal should not cause any impact on the court's closed case calendar, or otherwise prejudice any of the parties.  Moreover, pursuant to Local Rule 1.4, our Firm is not asserting a retaining or charging lien.

I declare under penalty of perjury under the laws of the United States of America that the foregoing it true and correct.

Executed on September __6__, 2019

_____
Carol Bruce, Esq.

_____
Notary Public

[Notary Seal: MARIAN BAQUIRIN RIVERA, NOTARY PUBLIC, MY COMMISSION NUMBER 348072, COMMONWEALTH OF VIRGINIA]

my commission expires 10/31/2021.