

1835 Market Street, 17th Floor
Philadelphia, PA 19103
Tel: +1 (215) 569-8901
marks@mslegal.com
www.Marks-Sokolov.com

October 3, 2019

*Via ECF*
The Honorable Vernon S. Broderick
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *In Re Application of Hornbeam Corp.*; No. 14 Misc. 424, Part 1, S.D.N.Y (VSB)

Dear Judge Broderick:

We submit this joint letter in accordance with your September 13, 2019 Order, directing an update as to the status of the litigation in the Southern District of Florida ("Florida Litigation") and each party's position regarding the impact of the Florida Litigation on these proceedings and enforcement of the Second Amended Protective Order ("SAPO"), ECF 106.

### I.   Joint Update On The Florida Proceedings

#### a.   The Southern District of Florida 28 U.S.C. §1782 Proceedings

All authorized deposition and document discovery was completed in December 2018. Pursuant to the July 12, 2018 Florida Stipulated Protective Order ("FSPO"), the deadline to use or destroy the discovery was July 12, 2019. That deadline was extended by consent to August 12, 2019. FL ECF 328.

On August 9, 2019, Applicant Hornbeam Corp. and Intervenors Bracha Foundation and Shulman ("Hornbeam Parties") filed a motion to extend the deadline to destroy the discovery documents ("Responsive Materials") by 60 days to allow "replacement counsel to get up to speed as to the outstanding issues" and that the Hornbeam "require[s] additional time to sufficiently review the situation with care to determine the most appropriate forum in which to bring suit." FL ECF 335 ¶6, 11. On August 14, 2019, Intervenors Panikos Symeou and Halliwel Assets, Inc. and the 11 Subpoena Respondents opposed the motion, stating no grounds exist to support modifying the FSPO, and requested that the Hornbeam Parties be ordered to disclose the names and addresses of all persons who received Responsive Materials, destroy all Responsive Materials, and certify such destruction to the Court. FL ECF 337. The Hornbeam Parties filed a reply on August 21, 2019. FL ECF 340. This motion is pending.

On August 21, 2019, Tucker H. Byrd and Scottie N. McPherson entered their appearances. On September 6, 2019, the Florida Court granted Murphy & McGonigle's motion to withdraw. FL ECF 339 and 342. On September 17, 2019, Hornbeam's Motion to Remove the Attorneys'

The Honorable Vernon S. Broderick
Page 2
October 3, 2019

Eyes Only Designation from the Transcripts of the Depositions of the Subpoena Respondents, was denied. FL ECF 343. On September 27, 2019, the Subpoena Respondents' Motion to Shift Cost of Compliance with Subpoenas for Production to Hornbeam, was granted, in part, with the Court awarding $16,283.51 in costs and attorney fees. FL ECF 344.

### b. The Eleventh Circuit Court of Appeals

On July 13, 2018 and September 26, 2018, Halliwel and Symeou, along with the Subpoena Respondents, filed appeals, Nos. 18-12990 and 18-14104, which were consolidated. The appeals assert the District Court erred in finding the "interested person" and "within reasonable contemplation" requirements of 28 U.S.C. §1782 were satisfied. The appeals also assert that the District Court improperly expanded the scope of pre-filing depositions beyond that permitted by the Federal Rules of Civil Procedure, which govern §1782 proceedings. Appellants seek to vacate the order granting discovery and have all discovery destroyed. Main briefing was completed on February 19, 2019. On August 2 and 9, 2019, Murphy & McGonigle was permitted to withdraw from representation of the Hornbeam Parties. On September 4, 2019, Tucker H. Byrd entered an appearance for the Hornbeam Parties. Oral argument is scheduled for November 8, 2019.

### II. The Parties Position Regarding Impact Of The Florida Proceedings On Enforcement Of The SAPO In New York

### a. Symeou's Position

***First***, discovery in the Florida Litigation was finished in December 2018. Discovery in this District finished in 2015. No BVI action was filed. The Florida Litigation document discovery destruction deadline passed on August 12, 2019. The FSPO in the Florida Litigation and SAPO in New York remain in force. Other than the Hornbeam Parties' motion to extend the document destruction deadline to October 14, 2019, there are no pending motions in the Florida Litigation.

***Second,*** the Eleventh Circuit appeals are irrelevant to the instant New York proceedings. The Appellees have not requested that the Eleventh Circuit extend the deadline to destroy the Responsive Materials. At worst, the Eleventh Circuit will affirm the District Court. At best, it will vacate the District Court's order granting the application and order the Responsive Materials destroyed. The request to the Eleventh Circuit for destruction may be moot in the event the District Court orders destruction due to the failure to file new BVI proceedings within the deadlines set by the FSPO.

***Third,*** Hornbeam should not be permitted to file additional briefing. The discovery was granted for use in the BVI. Hornbeam has given up any pretense that new BVI proceedings will be brought; rather, Bracha and Shulman have brought domestic claims, as Symeou predicted all along. The discovery was not sought or obtained for use in a foreign proceeding, and will not be used in a foreign proceeding. It should be destroyed now.

The Honorable Vernon S. Broderick
Page 3
October 3, 2019

### b. Hornbeam's Position

Hornbeam does not believe that this Court should abate these proceedings in deference to the Florida Litigation, as if the Florida action merits some priority over the instant action. This Court should feel empowered to rule; however, Hornbeam urges the Court to consider the inextricable entwinement of the actions and the need for consistency in their treatment.  Ideally, the rulings emanating from each Court should be consistent in as much as the main issues in both center on the same alleged underlying scheme which led to the defrauding of Hornbeam, Vadim Shulman, and Bracha, but given the jurisdictional limits on Section 1782 actions—permitting discovery only as to evidence located and found in the "judicial district"—Hornbeam necessarily had to bring separate, albeit parallel actions, in New York, Florida, and Alabama.[1]

The cumulative discovery garnered in these cases, though directed to discovery focused on different aspects of the alleged scheme, forms a mosaic of information which supports the entirety of the claims which will be pursued.  It thus stands to reason that the treatment of discovery in one action should at least be consistent with the treatment of discovery in the other.  In real terms, this means Hornbeam should be afforded the opportunity to address this Court on the possibility of modifying the SAPO, in much the same way Hornbeam (together with Shulman and Bracha) has requested the Court in the Florida Litigation the opportunity to make a case for possibly modifying the SPO to allow the discovery to be utilized in a domestic action, with the state of Delaware being the most likely destination for bringing the defining lawsuit on the merits.

Although both this action and the Florida Litigation were brought contemplating filing suit in the BVI, over time the discovery, public revelations, and recently filed lawsuits in Delaware[2] have tilted the analysis away from the BVI in favor a domestic forum, most likely Delaware.  This Court has previously acknowledged the fluidity of the choice of forums noting that Hornbeam's original application sought discovery for use in **three** contemplated proceedings, including two to be brought by Shulman "or one of the entities to which he is the ultimate beneficial owner. . . in a jurisdiction currently unknown." (Doc. 132).

The length of time to reach this point in the instant action and the Florida Litigation does not diminish the importance of these matters. Indeed, the crescendo of recent litigation in Delaware, if anything, portends that Hornbeam should join the litigation in Delaware, which would mean the litigation *denouement* has yet to occur.  Until that decision is made, the discovery, which the parties have spent years gathering at the expense of substantial sums of money, should not be cast aside. At the very least, Hornbeam intends to request leave to preserve the discovery, at least long enough for Hornbeam and its new counsel to finally decide on the forum of choice and request

---

[1] *In re Application of Bracha Foundation*, Case No. 2:15-mc-00748-KOB (action brought in the United States District Court for the Northern District of Alabama Southern Division seeking discovery of records and documents from Regions Bank).

[2] Delaware Court of Chancery Case No. 2019-0377 (complaint filed by Joint Stock Company Commercial Bank PrivatBank); and Delaware Court of Chancery Case No. 2019-0678 (complaint filed by Shulman and Bracha Foundation).

The Honorable Vernon S. Broderick
Page 4
October 3, 2019

any potential modification of the SAPO and an opportunity to brief the court in response to Symeou's request to destroy the documents.[3]

        Sincerely,

        _____[s]_____

        *Bruce S. Marks*
For:   Marks & Sokolov, LLC
        Counsel for Intervenor Panikos Symeou

        _____[s]_____

        *Tucker H. Byrd*
For:   Byrd Campbell, P.A.
        Counsel for Applicant Hornbeam Corporation

---

[3] Symeou recently filed a letter motion requesting a directive from the Court to destroy the discovery. (Doc 157).