UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :
IN RE:                                                   :
                                                         :     14-MC-424 (Part 1)
                                                         :
APPLICATION OF HORNBEAM CORP.                            :     **OPINION & ORDER**
                                                         :
-------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __11/13/2019__

Appearances:

Carol Elder Bruce
Michael V. Rella
James K. Goldfarb
Sharon Anne O'Shaughnessy
Murphy & McGonigle PC
New York, New York

Henry Lee Saurborn, Jr
Kaiser Saurborn & Mair, P.C.
New York, New York

*Counsel for Applicant Hornbeam Corp.*

Bruce S. Marks
Thomas C. Sullivan
Marks & Sokolov, L.L.P.
Philadelphia, Pennsylvania

Steven Cooper
Reed Smith LLP
New York, New York

*Counsel for Intervenor Panikos Symeou*


VERNON S. BRODERICK, United States District Judge:

  Before me is Intervenor Panikos Symeou's motion to compel, (Doc. 180), and Murphy &

McGonigle, P.C.'s motion to withdraw as attorney of record for Applicant Hornbeam

Corporation ("Hornbeam"), (Doc. 155). I am also in receipt of Symeou's letter motion to

1

compel compliance with certain provisions of the Second Amended Protective Order, (Doc. 157),[1] which raised arguments that are substantially similar to the arguments presented in Symeou's motion to compel, (Doc. 180). For the reasons stated below, I grant Murphy & McGonigle, P.C.'s motion to withdraw, and deny Symeou's motion to compel.

## I. Factual and Procedural Background

On July 26, 2019, Murphy & McGonigle, P.C. ("Murphy & McGonigle") filed a motion to withdraw as attorney of record for Hornbeam. (Doc. 155.) Intervenor Panikos Symeou then filed an opposition to the motion, (Doc. 156), and Murphy & McGonigle filed a reply, (Doc. 158). Thereafter, I directed Murphy & McGonigle to file an affidavit setting forth with particularity its reasons for seeking to withdraw as counsel, and stating whether or not it was asserting a retaining or charging lien, as required by Local Civil Rule 1.4. (Doc. 161.) On September 6, 2019, Carol Bruce, one of the attorneys at Murphy & McGonigle representing Hornbeam, submitted the requested declaration in support of the motion to withdraw for in camera review, which was docketed on September 13, 2019 with partial redactions, (Doc. 169), after I granted attorney Bruce leave to file the unredacted declaration under seal, (*see* Docs. 163, 164).

On September 12, 2019, the parties appeared by telephone for a status conference. (*See* Doc. 177.) In light of the parties' submissions and additional representations during the conference, I held in abeyance the motion to withdraw pending receipt of declarations from attorney Bruce and Michael Rella, another attorney from Murphy & McGonigle representing Hornbeam, regarding, among other things, their knowledge of who had access to discovery in this case. (Doc. 170.) I also directed counsel's declarations to address Symeou's concern that

---

[1] Hornbeam Corporation filed a letter response to this motion, (Doc. 159), and Symeou filed a reply, (Doc. 160).

withdrawal of Hornbeam's counsel would prejudice Symeou's ability to wind up these proceedings pursuant to the Second Amended Protective Order ("SAPO"), which requires any person who has reviewed discovery in this proceeding to sign a Certification[2] and return or destroy such discovery at the conclusion of this matter. (Doc. 106, at ¶ 15(d).)

In requesting the declarations, I explicitly gave attorneys Bruce and Rella "permission to redact the names of [certain] individuals . . . so that incoming counsel [would] have an understanding" of who would need to file return or destroy certifications at the conclusion of this proceeding. (Doc. 177, at 17:11-13; *see also id.* at 23:6–20.) In accordance with my instructions, attorneys Bruce and Rella sought leave to file their declarations in redacted form, (Doc. 173), and I granted said leave after having considered the proposed redactions, (Doc. 174). The redacted declarations were then docketed, (Docs. 175, 176), and Symeou moved to compel production of unredacted versions of the declarations, (Doc. 180). Hornbeam opposed Symeou's motion, (Doc. 182), and Symeou filed a reply brief, (Doc. 183).

## II. Discussion

### A. *The Motion to Withdraw*

Whether to grant or deny a motion to withdraw as counsel falls to the discretion of the trial court. *United States v. Oberoi*, 331 F.3d 44, 47 (2d Cir. 2003); *Hernandez v. Fresh Diet Inc.*, No. 12-CV-4339 (ALC), 2018 WL 3491693, at *1 (S.D.N.Y. July 20, 2018). "When deciding whether to grant a motion for withdrawal, courts in this circuit consider (1) the reasons for withdrawal, and (2) the impact of the withdrawal on the timing of the proceeding." *Hernandez*, 2018 WL 3491693, at *1.

---

[2] Under the SAPO, "Certifications will be produced to and kept on file by the Court, and the non-disclosing Party may make an application to have the Certifications produced for good cause." (*See* Doc. 106 ¶6(f).)

As I stated during the September 12, 2019 telephone conference, "I reviewed the submission" made by attorney Bruce, (Doc. 169), "concerning the bases for [Murphy & McGonigle's] withdrawal," and made "a finding that [attorney Bruce demonstrated] sufficient bases to withdraw." (Doc. 177, at 18:7–12.) However, I reserved granting the motion until attorneys Bruce and Rella submitted declarations detailing aspects of their institutional knowledge of the case. (*Id.*) Having received said declarations, and having further considered the parties' arguments supporting and opposing Murphy & McGonigle's motion to withdraw, I again find that there are "satisfactory reasons" supporting withdrawal, and now grant the motion. *See* Local Civ. R. 1.4.

Symeou raises three arguments in opposing withdrawal, each of which are unavailing. First, Symeou argues that the withdrawal would leave Hornbeam without counsel. This argument has been mooted by the filing of a notice of appearance by Hornbeam's new counsel of record. (*See* Doc. 165, 168.) Second, Symeou argues that the withdrawal is not consistent with Local Civil Rule 1.4. Symeou is incorrect. Murphy & McGonigle, in accordance with my instruction and contrary to Symeou's contention, complied with Local Civil Rule 1.4 and outlined satisfactory reasons why I should grant the withdrawal request. (*See* Doc. 169; Doc. 177, at 18:7–12.) Third, Symeou claims that "[i]f [counsel] is permitted to withdraw, [he] will likely have no realistic means to enforce" the provisions of the SAPO. (Doc. 156, at 2.) I find this assertion unpersuasive in light of my order that Murphy & McGonigle provide replacement counsel with "all documents related to their representation of Hornbeam in this matter," (Doc. 170, at 2), and my review of the declarations submitted by attorneys Bruce and Rella.

**B.** *Intervenor Panikos Symeou's Motion to Compel*

1. **Production of the Bruce and Rella Declarations**

In Symeou's motion to compel, (Doc. 180), Symeou argues that the redacted Bruce and Rella declarations must now be produced in unredacted form because "a court may not dispose of the merits of a case on the basis of *ex parte*, in camera submissions." (Doc. 180, at 11.) Symeou further argues that the declarations constitute "judicial documents" triggering both a common law and First Amendment right of public access. (*See* Doc. 180, at 11–14.) These arguments are inapposite, and thus I deny Symeou's motion.

As an initial matter, the declarations were not exclusively filed under seal, but were also filed on the public docket in partially redacted form, weakening Symeou's right of public access argument. *Cf. Application of Newsday, Inc.*, 895 F.2d 74, 80 (2d Cir. 1990) (describing wholesale redactions and the sealing of documents as more "drastic restrictions on the common law right of access"). Additionally, I ordered attorneys Bruce and Rella to submit declarations to address Symeou's concern that withdrawal of Hornbeam's counsel would prejudice the Court's ability to wind up these proceedings pursuant to the SAPO. (*See* Doc. 156, at 1–2 (wherein Symeou argued that "[i]f Hornbeam Counsel is permitted to withdraw, [he] will likely have no realistic means to enforce" provisions of the SAPO)). At the time I directed the filing of the declarations it was understood that the declarations might contain information protected by the attorney-client privilege. Accordingly, I gave counsel permission to file the declarations with redactions if necessary, to which Symeou did not object. (*See* Doc. 177, at 21:1–3 (instructing attorneys Bruce and Rella that "if they see fit, because they believe it's attorney client privilege or something like that, they can submit [the information] in redacted form"); 21:24–25 ("and, again, to the extent it's privileged, they should feel free to submit [the information] in redacted

5

form"); 32:6–7 ("I just gave permission . . . to file [the declarations] under seal.").) Indeed, documents considered in support of motions to withdraw are routinely filed and considered under seal and in camera, which is the accepted procedure. *See, e.g.*, *Callaway Golf Co. v. Corp. Trade Inc.*, No. 10 Civ. 1676(GBD)(JCF), 2011 WL 2899192, at *5 (S.D.N.Y. July 6, 2011); *ISC Holding AG v. Nobel Biocare Invs., N.V.*, 759 F. Supp. 2d 289, 293–94 (S.D.N.Y. 2010), *aff'd sub nom. ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98 (2d Cir. 2012); *Weinberger v. Provident Life & Cas. Ins. Co.*, No. 97 Civ. 9262(JGK), 1998 WL 898309, at *1 (S.D.N.Y. Dec. 23, 1998). Symeou has not demonstrated why I should deviate from accepted practice.

In any event, even if the declarations could be construed as judicial documents triggering a presumption of public access, any such presumption here is incredibly weak. *Cf. Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004) (stating that the presumption "is at its apogee when asserted with respect to documents relating to 'matters that directly affect an adjudication'" (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995))).[3] Here, I used the declarations in connection with counsel's withdrawal application, not to decide a substantive issue related to this case. *Cf. Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12 CIV. 6608 PKC JCF, 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014) (stating that "the weight of the presumption [of public access] is not particularly great [because] [t]he documents are not to be submitted in connection with a dispositive motion"); *Stern v. Cosby*, 529 F. Supp. 2d 417, 422 (S.D.N.Y. 2007) (same). Weighing such a minimal public interest in the documents against attorneys Bruce and Rella's countervailing interests in maintaining attorney-client privilege, I find that the declarations should not be produced in unredacted form.

---

[3] Similarly, under the First Amendment "experience and logic" test, the Court finds that the Bruce and Rella declarations are not documents that "have historically been open to the press and the general public," or to which "public access plays a significant positive role in the functioning of the particular process in question." *Press-Enter. Co. v. Superior Court*, 478 U.S. 1, 8 (1986).

## 2. Production of the Certifications

Symeou next argues in his motion to compel that good cause exists to compel production of the Certifications that detail who has had access to discovery in this case. (*See* Doc. 180, at 16.) Under the SAPO, although Certifications are initially filed under seal and kept with the Court, "the non-disclosing Party may make an application to have the Certifications produced for good cause." (Doc. 106, at ¶6(f).) However, because Symeou's two arguments as to why good cause exists are unpersuasive, I deny this aspect of Symeou's motion to compel.[4]

Symeou first argues that the Certifications might demonstrate that Hornbeam never shared discovery with attorneys in the British Virgin Islands ("BVI"), which could confirm Symeou's theory that Hornbeam does not intend to use the discovery in BVI proceedings. (Doc. 180, at 16.) However, Hornbeam has already advised that "the state of Delaware [is] the most likely destination for bringing the defining lawsuit on the merits," and basically concedes that it does not foresee any future BVI proceedings. (Doc. 181, at 3.) Even Symeou acknowledges in separate filings that "Hornbeam no longer maintains the charade that it will file in the BVI." (Doc. 160, at 1; *see also* Doc. 162 (presenting what Symeou characterizes as "conclusive evidence that Hornbeam Corp. does not intend to file new proceedings in the BVI").) Thus, Symeou merely seeks to confirm what is already apparent in the case, which falls short of establishing good cause.

Second, Symeou argues that the Certifications might show that unauthorized persons received discovery in violation of the SAPO. (Doc. 180, at 17.) However, curiosity as to whether the SAPO's disclosure provisions were violated cannot by itself constitute good cause, or else there would always exist grounds for unsealing the Certifications. Although Symeou has

---

[4] Tellingly, Symeou has not supported either of his good cause arguments with any legal authority.

7

presented some evidence in support of his allegation that the SAPO was violated, (*see* Doc. 157, at 2), I find this evidence insufficient to warrant unsealing. The most persuasive evidence Symeou presents in support of his motion is a text message containing a detail allegedly derived from documents marked "Attorney's Eyes Only" under the SAPO. (*See* Doc. 157, at 2 n.5.) I note that neither party has provided me with copies of the "Attorney's Eyes Only" documents. In any event, as Hornbeam notes, Symeou's theory that other lawsuits have been filed based upon discovery produced in connection with this matter is belied by the extensive information in the public record regarding Igor Kolomoisky and his alleged activities. (*See* Doc. 182, at 7.) Therefore, Symeou has failed to demonstrate good cause sufficient to support unsealing the Certifications.

### III. Conclusion

For the foregoing reasons, it is hereby:

ORDERED that Murphy & McGonigle's motion to withdraw as attorney of record for Hornbeam Corporation, (Doc. 155), is GRANTED.

IT IS FURTHER ORDERED that Intervenor Panikos Symeou's motion to compel, (Doc. 180), is DENIED.

IT IS FURTHER ORDERED that, considering the parties' joint status update, (Doc. 181), the Court will not postpone ruling on Intervenor Panikos Symeou's letter motion to compel, (Doc. 157), until resolution of the Florida Litigation. Accordingly, the parties must advise the Court within fourteen (14) days of this order of any additional information the Court should consider in deciding whether good cause exists for modifying the SAPO, or whether Symeou's requested relief—winding up these proceedings in accordance with SAPO Sections 15(c) and (d)—is appropriate.

The Clerk of Court is respectfully directed to terminate the open motions at Documents 155 and 180.

SO ORDERED.

Dated:   November 13, 2019
         New York, New York

Vernon S. Broderick
United States District Judge