# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

IN RE:
APPLICATION OF HORNBEAM CORP.

                                                  Case No.  1:14-MC-00424 (VSB)

_____/

## APPLICANT'S, HORNBEAM CORPORATION'S, MOTION TO AMEND SECOND AMENDED PROTECTIVE ORDER

Tucker H. Byrd
BYRD CAMPBELL, P.A.
180 Park Avenue North
Suite 2A
Winter Park, Florida 32789
Telephone: (407) 392-2285
Facsimile: (407) 392-2286
Email: TByrd@ByrdCampbell.com
*Admitted Pro Hac Vice*

and

HENRY L. SAURBORN, ESQ
KAISER SAURBORN & MAIR, P.C.
30 Broad Street, 37th floor
New York, New York 10004
Tel. 212-338-9100
Fax 646.607.9373
Email: saurborn@ksmlaw.com
*Attorneys for Applicant*

**TABLE OF CONTENTS**

**INTRODUCTION** .................................................................................................................1

**BACKGROUND** ..................................................................................................................2

    A.  The Background of the Parties. ...............................................................................2

    B.  Hornbeam's §1782 Application ..............................................................................3

**ARGUMENT AND MEMORANDUM OF LAW** .................................................................4

    A.  The Evolution of the Claims Points to Delaware as the Optimal Forum to File Suit.............4

# **TABLE OF AUTHORITIES**

**Cases**

*Bristol-Myers Squibb Co. v. Par Pharmaceutical, Inc.,*
  2001 WL 225044 (S.D.N.Y. March 2, 2001) .............................................................................. 5

*Deposit Insurance Agency v. Leontiev,*
  2018 WL 3536083 (S.D.N.Y. July 23, 2018) ............................................................................. 7

*Glock v. Glock, Inc.,*
  797 F. 3d 1002 (11th Cir. 2015) ................................................................................................. 6

*In re Accent Delight International Ltd.,*
  869 F. 3d 121 (2d. Cir. 2017) ..................................................................................................... 7

*Infineon Technologies AG v. Green Power Technologies Ltd.,*
  247 F.R.D. 1 (D.D.C. 2005) ....................................................................................................... 5

*Oracle Corp. v. SAP AG,*
  2010 WL 545842 (N.D. Cal. Feb. 12, 2010) .............................................................................. 6

Hornbeam Corporation ("Hornbeam") submits this memorandum in support of its Motion to Amend Second Amended Protective Order,[1] and states:

## I.   INTRODUCTION

Applicant, Hornbeam, has made a paradigmatic shift in its litigation strategy, opting to join Vadim Shulman ("Shulman") and Bracha Foundation ("Bracha") pursuing actions against Igor Kolomoisky ("Kolomoisky"), Gannady Bogolyubov ("Bogolyubov"), and others (the "Targeted Defendants") in Delaware,[2] and **specifically not** in the British Virgin Islands ("BVI"). A true and correct copy of the Verified Amended Complaint filed in the Delaware Action naming Hornbeam as an additional Plaintiff is attached hereto as **Exhibit "A."** Through the plethora of domestic[3] and foreign legal proceedings arising from the failed relationship between Shulman, Kolomoisky, Bogolyubov, and their respective entities; through public disclosures;[4] and with the benefit of hindsight, Hornbeam has developed a clearer understanding of how the Targeted Defendants perpetrated such a multi-faceted scheme to defraud and the optimal forum in which to pursue such a lawsuit. Moreover, Hornbeam's legal strategy has evolved, and what initially included filing a shareholder oppression claim in the BVI—the only venue where such a statutory claim could have been brought—has expanded to include a multitude of tort claims against an ever-increasing number of Targeted Defendants.

---

[1] This Court's Order invited the parties to submit a further showing of good cause to modify the Second Amended Protective Order. (Doc. 185.)

[2] Shulman and Bracha initially filed a lawsuit against Kolomoisky, Bogolyubov, and others in Delaware. Delaware Court of Chancery, Case No. 2019-0678 (the "Delaware Action"). Hornbeam has now joined as a party Plaintiff.

[3] A total of five §1782 actions have been filed in Alabama, Florida, Ohio, New York, and Delaware.

[4] *See Infra* Note 4; *see also* Delaware Court of Chancery Case No. 2019-0377.

Given the complexity of this developing legal strategy, the underlying issues of the proper jurisdiction and venue have become correspondingly complex. One thing has become clear, though; the BVI would not be the optimal forum for such an all-encompassing lawsuit. In fact, the inclusion of many parties and the addition of many claims primarily based upon events which occurred domestically involving U.S.-based parties makes the BVI a suboptimal jurisdiction.

Hornbeam's decision to join Shulman and Bracha in carrying the fight to the Targeted Defendants in Delaware necessitates this request for the Court to allow the documents acquired through discovery in the instant action to be used in the Delaware Action. Even though the courtroom in which the documents might be used will change, the truth that the documents represents has not. Moreover, the process followed in this proceeding which ferreted out the documents cannot be seriously challenged.

The interests of justice, including an overwhelming justification based upon judicial economy, substantiates not just good cause, but a great cause, to amend the Second Amended Protective Order ("SAPO") in allowing the documents so derived to be utilized in the Delaware Action.

## II.   BACKGROUND

### A.   The Background of the Parties.

In 2001, Shulman, Kolomoisky, and Bogolyubov entered a joint venture to purchase a steel factory in Warren, Ohio. They formed Warren Steel Holdings, LLC ("Warren Steel"), a Delaware entity, to own the factory. Warren Steel's beneficial owners were Shulman, Kolomoisky, and Bogolyubov. In April of 2008, ownership of Warren Steel was transferred to Halliwel Assets, Inc. ("Halliwel"). Halliwel, in turn, has three registered shareholders: Hornbeam Corporation (a Panamanian entity held in trust for Shulman), Mr. Symeou (which holds shares in trust for

Kolomoisky), and Marigold Trust Company Limited (which holds shares in trust for Bogolyubov). Although Hornbeam appeared as the Applicant in this proceeding, the beneficial interest of the shares in Halliwel rests in Shulman and Bracha Foundation.[5]

### B. Hornbeam's §1782 Application.

Hornbeam initiated this action on December 19, 2014, seeking discovery under 28 U.S.C. §1782 for use in several contemplated foreign lawsuits relating to Warren Steel. Hornbeam's application arose in the context of a fraudulent and oppressive scheme coordinated by Kolomoisky and Bogolyubov who had been operating Warren Steel for their own benefit and to the detriment of Hornbeam and Shulman, and who failed to honor their commitment to share equally in the Warren Steel investment under a Joint Venture Agreement. Hornbeam's Application contemplated filing claims: (1) against Halliwel and its other shareholders Marigold Trust Company Limited, and Symeou, as agent/trustee for Kolomoisky for violation of the BVI Business Companies Act of 2004; (2) against Symeou, in both his capacity as the Director of Halliwel and Secretary of Warren Steel for breach of contract and breach of fiduciary duty; and (3) by Shulman, or one of his entities to which he is the ultimate beneficial owner, against Kolomoisky and/or Bogolyubov, or one or more of their entities to which either or both are the ultimate beneficial owner(s), for breach of a Joint Venture Agreement by and between Shulman, Kolomoisky, and Bogolyubov. (Doc 1.) Hornbeam stated in its application that it had not yet determined the forum in which it would bring its second and third contemplated actions. *Id*.

On December 24, 2014, this Court issued an order granting Hornbeam's application and authorizing Hornbeam to serve subpoenas on certain New York based banks concerning an enumerated list of individuals and entities (the "Authorizing Order"). (Docs. 1-3.) Hornbeam

---

[5] Bracha Foundation is a Liechtenstein foundation owned by Shulman.

3

served subpoenas to Bank of America N.A.; Bank of NY Mellon; BNP Paribas S.A.; Citibank N.A.; Commerzbank AG; Deutsche Bank AG; HSBC Bank (USA) NA; JP Morgan Chase Bank N.A.; Royal Bank of Scotland PLC; Standard Chartered Bank; UBS AG; and Wells Fargo Bank, N.A., seeking the production of wire transfer records under the Authorizing Order. (Doc 5.)  The subpoenas yielded a prodigious number of documents.

### III.     ARGUMENT AND MEMORANDUM OF LAW

#### A.     The Evolution of the Claims Points to Delaware as the Optimal Forum to File Suit.

While Hornbeam initially contemplated a lawsuit in the BVI based upon a specific, statutory-based claim for shareholder oppression, what Hornbeam has gleaned over the past five years has led to a change in legal strategy.  Through discovery, public disclosures,[6] and recent lawsuits, Hornbeam has been made aware of critical facts leading Hornbeam to conclude that

---

[6] *See Joint Stock Company Commercial Bank PrivatBank v. Igor Valeryevich Kolomoisky, et al.*, Case No. 2019-0377 (filed May 21, 2019); Sam Allard, **CleveScene.com**, *How Ukrainian Oligarchs Secretly Became the Largest Real Estate Owners in Downtown Cleveland*, https://www.clevescene.com/scene-and-heard/archives/2019/06/11/how-ukrainian-oligarchs-secretly-became-the-largest-real-estate-owners-in-downtown- cleveland (June 11, 2019); Igor Kossov, **Kyiv Post**, *PrivatBank sues Kolomoisky in US court*, https://www.kyivpost.com/business/privatbank-sues-kolomoisky-in-u-s-court.html (May 23, 2019); Andrew E. Kramer, **The New York Times**, *Oligarch's Return Raises Alarm in Ukraine*, https://www.nytimes.com/2019/05/16/world/europe/ukraine-zelensky-kolomoisky.html (May 16, 2019); Nadiya Burdey, **Kyiv Post**, *Who controls oligarch Ihor Kolomoisky's offshore assets?*, https://www.kyivpost.com/ukraine-politics/who-controls-oligarch-ihor-kolomoiskys-offshore-assets.html (May 16, 2019); *Vijai Maheshwari,* **Politico***, The comedian and the oligarch,* https://www.politico.eu/article/volodomyr-zelenskiy-ihor-kolomoisky-the- comedian-and-the-oligarch-ukraine-presidential-election/ (April 17, 2019); Eric Heisig, **Cleveland.com**, *Ukrainian oligarch with ties to downtown Cleveland real estate under FBI investigation*, https://www.cleveland.com/court-justice/2019/04/ukrainian-oligarch-with-ties-to-downtown-cleveland-real-estate-under-fbi-investigation.html (April 8, 2019); Daria Shulzhenko, **Kyiv Post**, *Kyiv court imposes new arrest on Kolomoisky's Privat assets*, https://www.kyivpost.com/ukraine-politics/kyiv-court-imposes-new-arrest-on-kolomoiskys-privat-assets.html (ApriL 2, 2019); John Helmer, *A GOOD NIGHT'S REST IN CLEVELAND, OHIO – IGOR KOLOMOISKY HAS BEEN SECRETLY INVESTING IN MIDWEST REAL ESTATE, AND IN KENTUCKY, TEXAS, FLORIDA TOO*, http://johnhelmer.net/a-good-nights-rest-in-cleveland-ohio-igor-kolomoisky-has-been-secretly-investing-in-midwest-real-estate-and-in-kentucky-texas-florida-too/ (Apr. 13, 2015); Michelle Jarboe, **The Plain Dealer**, *The most important guy you've never heard of; Chaim Schochet, 25, builds downtown Cleveland empire*, https://www.cleveland.com/business/2012/02/the_most_important_guy_youve_n.html (February 5, 2012).

joining Shulman and Bracha in the Delaware Action presents the optimal legal strategy. Playing a particularly important part in this decision was the fact that Joint Stock Company Commercial Bank PrivatBank ("PrivatBank") filed a lawsuit on May 21, 2019, against Kolomoisky, Bogolyubov, and several other defendants for their role in "brazen fraudulent schemes" to acquire hundreds of millions of dollars' worth of United States assets—including Warren Steel—through the laundering and misappropriation of corporate loan proceeds issued by PrivatBank.[7] Seizing upon this revelation, and the seeming confession by PrivatBank that it had been utilized in the very fraud perpetrated on Shulman and Bracha (and by implication, Hornbeam), Shulman and Bracha on August 23, 2019, filed suit in Delaware against Kolomoisky, Bogolyubov, PrivatBank, and other related entities[8] seeking millions of dollars in damages arising in connection with claims for fraud, unjust enrichment, conversion, breach of fiduciary duty, alter ego/piercing the corporate veil, violation of Ohio's RICO statute, and civil conspiracy. Hornbeam now joins the Delaware Action for all the same reasons.

The SAPO originally prescribed Hornbeam's use of the discovery to a BVI proceeding because that is where Hornbeam originally contemplated it would file. Since then, the anticipated forum has changed, and the dictate of the SAPO no longer serves the interests of justice contemplated. To restrict the use of the discovery to a BVI action, when that forum no longer presents a viable option, actually disserves the interest of justice.

The ability to "lift or modify a protective order is committed to the sound discretion of the trial court." *Bristol-Myers Squibb Co. v. Par Pharmaceutical, Inc.*, 2001 WL 225044, at *1

---

[7] *Joint Stock Company Commercial Bank PrivatBank v. Igor Kolomoisky, et al.,* Docket No.: 2019-0377 (Del. Ch. May 21, 2019).
[8] Additional Defendants include: Optima Acquisitions, LLC; Optima Group, LLC; CC Metals and Alloys, LLC; Felman Production, LLC; Optima Fixed Income, LLC; Optima Ventures, LLC; 5251 36th Street, LLC; and Georgian American Alloys, Inc. See **Exhibit "A."**

(S.D.N.Y. March 2, 2001). Further, modification of a protective order requires a showing of good cause, which implies changed circumstances or new situations. *Infineon Technologies AG v. Green Power Technologies Ltd*., 247 F.R.D. 1, 2 (D.D.C. 2005) (internal citations omitted). Hornbeam's request for modification has that in abundance.

Redeploying documents obtained in a §1782 action in a domestic proceeding is not a novel concept. Federal courts have ruled that documents obtained in a §1782 proceeding may be used in a proceeding initiated in the United States. In *Glock v. Glock, Inc*., the Eleventh Circuit indicated its leaning toward a permissive attitude about the use of responsive materials, holding that evidence obtained under §1782 for use in a foreign proceeding does not preclude the use of that evidence in subsequent litigation in the United States. 797 F. 3d 1002, 1009 (11th Cir. 2015). In making this decision, the court noted that prohibiting evidence obtained in a §1782 from use in a domestic litigation is simply not supported by statutory text, legislative history, conventional discovery practice, or policy considerations. *Id*. at 1010 (finding that "a rule that would categorically hold that documents lawfully obtained under §1782 can never be used in United States litigation lacks a basis in statutory language and has significant potential to adversely affect the goals and efficiency of United States litigation"); *see also Oracle Corp. v. SAP AG*, 2010 WL 545842, at *1 (N.D. Cal. Feb. 12, 2010) ("[a]llowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery.")

The *Glock* court further explained that as a "general rule" in U.S. litigation, "parties may use any evidence they lawfully possess" and the law does not require them to "***rediscover***" the documents in a subsequent case. *Id.* at 1007-08 (noting the "goals of our system of litigation" under the Federal Rules of Civil Procedure (Fed. R. Civ. P. 1) include "secur[ing] the just, speedy,

6

and inexpensive determination" of the proceeding and that "[a]llowing parties to use, for purposes of litigation, documents they have lawfully obtained, regardless of whether they could have obtained them through discovery in the case in which they use them, furthers these goals.") While the *Glock* court does explain that a protective order under §1782 can limit the use of responsive materials, it also rejected the argument that documents obtained under §1782 may never be used in domestic litigation. *Id*. at 1011.

The Second Circuit has also held that §1782 "does not prevent an applicant who lawfully obtained discovery under the statute with respect to one foreign proceeding from using the discovery elsewhere unless the district court orders otherwise." *In re Accent Delight International Ltd*., 869 F. 3d 121, 135 (2d. Cir. 2017); *see also Deposit Insurance Agency v. Leontiev*, 2018 WL 3536083, at *3 (S.D.N.Y. July 23, 2018).

Here, Hornbeam has demonstrated good cause to modify the parties' SAPO to allow it to use the documents in the Delaware Action because developments have led Hornbeam to revise its legal strategy. In contrast, the Intervenors cannot point to any prejudice. The Intervenors no doubt, as has been their practice, will attempt to argue that Hornbeam never intended to file suit in the BVI, as if this five-year discovery saga were a facade for obtaining documents to be used domestically. This argument strains credulity to a breaking point. If Hornbeam had known then what it knows now, it would have been infinitely easier to get the documents through a domestic proceeding.

Forcing Hornbeam to start over in Delaware and "rediscover" the same documents produced in this action would discredit the efforts by the parties and this Court in bringing to light documents which no doubt will be relevant in the legal proceeding brought by Hornbeam, Shulman, and Bracha, in its now-determined Delaware forum. In the interest of justice and judicial

7

economy, this Court should amend the SAPO and permit Hornbeam to use the documents in the Delaware Action.

WHEREFORE, Hornbeam requests that this Court enter an Order modifying the Second Amended Protective Order allowing Hornbeam to use the documents obtained in this action in the Delaware Action.

Dated: November 27, 2019.

        *s/ Tucker H. Byrd*
        Tucker H. Byrd
        Florida Bar No. 381632
        BYRD CAMPBELL, P.A.
        180 Park Avenue North, Suite 2A
        Winter Park, Florida 32789
        Telephone: (407) 392-2285
        Facsimile: (407) 392-2286
        Primary Email: TByrd@ByrdCampbell.com
        Secondary Email: Paralegal@ByrdCampbell.com
        *Attorneys for Applicant*

and

        *s/ Henry L. Saurborn*
        HENRY L. SAURBORN, ESQ
        KAISER SAURBORN & MAIR, P.C.
        30 Broad Street, 37th floor
        New York, New York 10004
        Tel. 212-338-9100
        Fax 646.607.9373
        Email: saurborn@ksmlaw.com
        *Attorneys for Applicant*