

April 17, 2020

*VIA ECF*
The Honorable Vernon S. Broderick
United States District Judge
40 Foley Square
New York, NY 10007

      RE:   *In Re Application of Hornbeam Corp., Case No. 1:14-MC-00424 (VSB)*

Dear Judge Broderick:

      We respond on behalf of Hornbeam Corporation ("Hornbeam") to the letter filed by Panikos Syemou ("Symeou") on March 18, 2020. Couched as a supplemental authority in support of his Letter Motion to destroy the Responsive Materials, Symeou really is rearguing the same points previously made to this Court, with one exception. Symeou also points to the recent ruling out of the Southern District of Florida ("SDFL") directing the destruction of responsive materials under the terms of the Stipulated Protective Order ("SPO') in effect in that case, but that decision [which Hornbeam is appealing] does not aid or assist this Court, and it certain does not constitute collateral estoppel. (Doc. 194.)

      Symeou has failed to meet his burden to establish collateral estoppel. *Roseman v. Bloomberg L.P.*, 2016 WL 3866375, at *3 (S.D.N.Y. June 17, 2016) ("[t]he party arguing for the application of collateral estoppel has the burden of establishing all four elements") (internal citations omitted). To establish that collateral estoppel applies, Symeou has to demonstrate: (1) the issues in both proceedings must be identical; (2) the issue in the prior proceeding must have been actually litigated and actually decided; (3) there must have been a full and fair opportunity for litigation in the prior proceeding; and (4) the issue previously litigated must have been necessary to support a valid and final judgment on the merits. *Id*.

      The instant action profoundly differs in fundamental ways from the SDFL action. In the SDFL action, the Eleventh Circuit reversed the original order granting the Section 1782 application, while the Second Circuit affirmed this Court's Order granting Hornbeam's Section 1782 application. Moreover, the stipulations in both actions, though similar, yielded dramatically different responsive materials. The SDNY discovery comprised financial information obtained from institutions which have not been named in the Delaware proceeding. By contrast, most of the discovery in the SDFL action came from persons/entities who are now parties in the Delaware action.

DALLAS
Phone: (214) 764-4106

ORLANDO
180 Park Avenue North, Suite 2A
Winter Park, FL 32789
Phone: (407) 392-2285
Fax:  (407) 392-2286

PENSACOLA
Phone: (850) 308-7440
By appointment only

Judge Vernon S. Broderick
April 17, 2020
Page 2

      Most importantly, the decision about whether to the amend the SAPO to allow the responsive materials to be deployed in a domestic proceeding (Delaware) rests in the discretion of this Court. *Bristol-Myers Squibb Co. v. Par Pharmaceutical, Inc.*, 2001 WL 225044, at *1 (S.D.N.Y. March 2, 2001). By its very nature, the exercise of discretion cannot be collaterally estopped by another court's discretion. Otherwise, judgment would be wrested from this Court. Even if the SDFL's decision to disallow the use of the response materials from that case stands, this Court may well conclude that the financial information obtained in this case, which if ordered to be destroyed, would place an inordinate burden on those nonparty financial institutions to recreate or reproduce in the Delaware, and would be unreasonably burdensome. In sum, this Court would be well within its discretion to order discovery at issue herein differently from the SDFL and should do so without restraint.

      Thank you for your consideration.

                                            Very truly yours,

                                            *Tucker H. Byrd*

                                            Tucker H. Byrd, Esq.