USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/13/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
:
IN RE:                                                    :
:                    14-MC-424 (Part 1)
APPLICATION OF HORNBEAM CORP.       :                    **OPINION & ORDER**
:
----------------------------------------------------------X

Henry Lee Saurborn, Jr.
Kaiser Saurborn & Mair, P.C.
New York, NY

Tucker H. Byrd
Tucker H. Byrd & Associates, P.A.
Winter Park, FL
*Counsel for Applicant Hornbeam Corporation*

Bruce S. Marks
Thomas Christopher Sullivan
Marks & Sokolov, L.L.P.
Philadelphia, PA

Steven Cooper
Reed Smith LLP
New York, NY
*Counsel for Intervenor Panikos Symeou*

VERNON S. BRODERICK, United States District Judge:

Before me is Intervenor Panikos Symeou's ("Symeou") letter motion to enforce the May 12, 2017 Second Amended Protective Order ("SAPO"), (Doc. 157), seeking the destruction of all Responsive Materials pursuant to Section 15 of the SAPO, as well as Applicant Hornbeam Corporation's ("Hornbeam") Motion to Amend the SAPO, (Doc. 186), seeking modification of the SAPO to permit Hornbeam to preserve and use Responsive Materials in a lawsuit it has joined in the Delaware Court of Chancery (the "Delaware Action").[1]  Because Hornbeam has

---

[1] The Delaware Action is captioned *Shulman v. Kolomoisky, et al.*, C.A. No. 2019-0678-JRS, and was filed in the Court of Chancery of the State of Delaware.

1

failed to demonstrate good cause for modification of the SAPO, Symeou's letter motion is GRANTED and Hornbeam's motion is DENIED.

## I. Background

This Order assumes familiarity with and incorporates by reference the factual background presented in my Order authorizing the taking of discovery in this district pursuant to 28 U.S.C. § 1782 ("Authorizing Order"), (Doc. 5), as well as my Memorandum & Order dated September 17, 2015, (Doc. 35), Memorandum & Order dated February 17, 2017, (Doc. 83), Memorandum & Opinion dated May 22, 2017, (Doc. 112), Memorandum & Opinion dated July 7, 2017, (Doc. 132), Memorandum & Opinion dated August 14, 2017, (Doc. 140), and Opinion & Order dated November 13, 2019, (Doc. 185).

The parties entered into a protective order on June 29, 2015, (Doc. 27), and entered into an Amended Protective Order on February 1, 2016, (Doc. 71). The Amended Protective Order provided that all "Responsive Materials" discovered pursuant to the Amended Protective Order "must be destroyed if Hornbeam [did] not initiate the [British Virgin Islands ("BVI")] Litigation within one year," but further provided that "[a]ny party may request an extension of this one-year deadline by letter motion to this Court." (*Id.* ¶ 15.c). On January 17, 2017, Applicant filed a letter motion seeking an extension of this deadline, representing that it needed additional time to obtain discovery in related 28 U.S.C. § 1782 proceedings "to gather the information it need[ed] to pursue foreign litigation." (Doc. 77.) I granted Applicant's request for extension on January 31, 2017. (Doc. 79.)

The parties entered into the SAPO on May 12, 2017, (Doc. 106). The SAPO included amendments "to provide Symeou with additional assurances limiting the use of the [Responsive M]aterials." (Doc. 112, at 5.) The SAPO contemplated using the instant discovery "solely in

connection with Permitted Uses and Permitted Litigations." (Doc. 106 ¶ 2.c.) The SAPO defined "Permitted Litigation(s)" as "this Proceeding, the other 28 U.S.C. § 1782 proceedings brought by Hornbeam in this Court, and to the actions contemplated by the second bullet point on page 21 of [my order dated September 17, 2015, (Doc. 35),] and to any action in the British Virgin Islands related to this dispute brought by Symeou and/or related entities/individuals by or against Hornbeam or Bracha Foundation, including appeals," (Doc. 106 ¶ 1.e). The SAPO further defined "Permitted Use(s)" as "use of the Responsive Material in the Permitted Litigations, and any other use allowed by the Court in this Proceeding," (Doc. 106 ¶ 1.f). Relevant to these protections, my September 17, 2015 order stated, in no uncertain terms, that aside from possible BVI proceedings, "Hornbeam may not use the Responsive Materials in any other litigation without demonstrating good cause to me." (Doc. 35, at 21.)

On June 8, 2017, Symeou submitted a letter asking me to restore the February 1, 2017 deadline by which Hornbeam was previously required to use or destroy Responsive Materials under the February 1, 2016 Amended Protective Order, and to order Hornbeam to immediately destroy the materials. (Doc. 120.) The motivation for Symeou's letter was based on the filing of claims in London, which arguably extended beyond the permitted uses for discovery under the SAPO, and indicated that Hornbeam no longer contemplated initiating BVI proceedings. I denied Symeou's request on July 7, 2017, stating that "although [this] litigation . . . focused on the contemplated BVI proceedings . . . Hornbeam's original application stated that it sought discovery for use in three contemplated proceedings, including two to be brought . . . in a jurisdiction currently unknown." (Doc. 132, at 3.) I further stated that "ordering the immediate destruction of the discovery produced at th[at] point would be an extraordinary measure." (*Id*.)

After my additional extension to the discovery destruction deadline, (*see* Doc. 139), on

August 9, 2019, Symeou renewed its motion to compel destruction of the Responsive Materials, which Hornbeam opposed, (*see* Docs. 157, 159, 160).  On November 13, 2019, I ordered the parties to inform me of any additional information relevant to my determination of whether to enforce Section 15 of the SAPO, (Doc. 185).  On November 27, 2019, Hornbeam filed its motion to amend the SAPO to permit the preservation of the Responsive Materials and their use in the Delaware Action, which Symeou opposed.  (*See* Docs. 186–92.)  On February 27, 2020 and March 18, 2020, Symeou filed two letters outlining recent Eleventh Circuit and Southern District of Florida decisions involving Hornbeam, in which Hornbeam requested but was denied substantively identical protective order modifications in connection with its Section 1782 proceedings in the Southern District of Florida.  (Docs. 193–94.)  On July 23, 2020, Symeou filed an additional letter and attached a United States District Court for the Northern District of Alabama decision granting Symeou's motion to compel destruction of §1782 materials collected in that action, under the terms of the applicable protective order, (Doc. 204), to which Hornbeam responded on July 31, 2020, (Doc. 207).

## II.   Discussion

### A.   *Applicable Law*

As the Second Circuit has held, "Section 1782 does not prevent an applicant who lawfully has obtained discovery under the statute with respect to one foreign proceeding from using the discovery elsewhere unless the district court orders otherwise." *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 135 (2d Cir. 2017).  Similarly, as the Eleventh Circuit has concluded, "Section 1782 'does not preclude, as a matter of law, the use of evidence procured pursuant to it in subsequent United States civil litigation' absent a protective order commanding otherwise." *Id.* (quoting *Glock v. Glock, Inc.*, 797 F.3d 1002, 1010 (11th Cir. 2015)).  However, in the

context of 28 U.S.C. § 1782 proceedings, "the role of the district courts as gatekeepers is paramount," and "Section 1782 leaves to the district courts' discretion both the decision to grant discovery and to 'prescribe the practice and procedure' for its production." *In re Accent Delight Int'l Ltd.*, 869 F.3d at 134 (quoting 28 U.S.C. § 1782(a)). Indeed, "Section 1782 entrusts to the district courts many decisions about the manner in which discovery under the statute is produced, handled, and used." *Id.*; *see also In re Hornbeam Corp.*, 722 F. App'x 7, 11 (2d Cir. 2018) ("A district court has broad latitude to determine the scope of discovery and to manage the discovery process." (quoting *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012)). This discretion includes a district court's power to "impose [the] conditions [on Section 1782 discovery] it deems desirable.'" *In re Accent Delight Int'l Ltd.*, 869 F.3d at 134 (quoting S. Rep. No. 88-1580 (1964), as reprinted in 1964 U.S.C.C.A.N. 3782, 3788).

In this Circuit, there is a strict standard for modification of a protective order entered by a district court. *See In re Teligent, Inc.*, 640 F.3d 53, 59 (2d Cir. 2011). Under this strict standard, "it is 'presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied.'" *AT & T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) (quoting *S.E.C. v. TheStreet.com,* 273 F.3d 222, 230 (2d Cir. 2001)). "Once a court enters a protective order and the parties rely on that order, it cannot be modified 'absent a showing of improvidence in the grant' of the order or 'some extraordinary circumstance or compelling need.'" *Id.* (quoting *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 296 (2d Cir. 1979)); *see also FDIC v. Ernst & Ernst*, 677 F.2d 230, 232 (2d Cir. 1982) (per curiam).

  **B.**  *Application*

My September 17, 2015 order stated in unambiguous terms that aside from proceedings

in the British Virgin Islands, "Hornbeam may not use the Responsive Materials in any other litigation without demonstrating good cause to me." (Doc. 35 at 21.) Additionally, the SAPO states that "[t]he Responsive Materials must be destroyed if Hornbeam does not initiate the BVI Litigation within one year." (Doc. 106 ¶ 15.c.) As an initial matter, the Second Circuit has already assessed and upheld my entry of protective measures to govern discovery in this proceeding. *See In re Hornbeam Corp.*, 722 F. App'x at 11 ("The record shows that the district court carefully considered Hornbeam's discovery request and gave proper attention to its scope, narrowing the range of documents initially sought in the § 1782 application and later entering a protective order covering certain responsive materials. We conclude that the district court's discovery orders and these subsequent actions manifest no abuse of discretion."). However, Hornbeam has admitted to changing its litigation strategy, and now concedes that it will not be initiating litigation in the British Virgin Islands. (Doc. 187, at 1–2; 4–5.) Instead, Hornbeam seeks modifications to the SAPO to permit the use of Responsive Materials in the Delaware Action. Hornbeam argues that such modifications are necessary because requiring it to rediscover the same documents already produced here would be contrary to the interests of justice and judicial economy. (Doc. 187, at 7–8.) I disagree.

Based on Hornbeam's representation that it no longer intends to pursue foreign litigation, the Eleventh Circuit recently vacated Hornbeam's Southern District of Florida Section 1782 proceedings and remanded to the district court to decide whether discovery obtained in those proceedings should be destroyed in accordance with that court's similar protective order. *See In re Hornbeam Corp.*, 790 F. App'x 199, 201 (11th Cir. 2020). The protective order in the Florida proceedings stated, like the SAPO in this case, that "[t]he Responsive Materials must be destroyed if Hornbeam does not initiate the BVI Litigation within one year." *In re Hornbeam*

6

*Corp.*, No. 14-CV-24887, 2020 WL 1302217, at *1 (S.D. Fla. Mar. 17, 2020). On remand, the court concluded that "[b]y the express terms of the [protective order], because th[e] BVI Litigation is no longer proceeding nor is it even any longer contemplated, the materials should be destroyed." *Id.* at *3. The court further stated that "[w]hile the ends of justice and judicial economy are important, the Court finds that it is outweighed by Respondents reliance on and agreement to the [protective order]. If the Court were to allow parties to unilaterally not follow the terms of a stipulated protective order it would erode the confidence which parties place in the orders when the parties agree to adhere to them." *Id.*

Given the Second Circuit's relatively strict standard for granting modifications to protective orders, I agree with the Southern District of Florida's decision denying the relief Hornbeam seeks.[2] Hornbeam's only explanation for not pursuing litigation in the British Virgin Islands does not amount to an extraordinary circumstance or evidence a compelling need for modification of the SAPO. Hornbeam's decision to pursue litigation in Delaware was the result of a "developing legal strategy" in which "the underlying issues of [] proper jurisdiction and venue have become [] complex." (Doc. 187, at 2.) Hornbeam further represents that "the BVI would not be the optimal forum" for its now "all-encompassing lawsuit." (*Id.*) However, the mere pursuit of a changed litigation strategy cannot serve as the basis to grant Hornbeam's modification request, or the protections afforded by a protective order's restriction on the use of Section 1782 discovery would be reduced to nothing. This is because, as the Supreme Court has made clear, a proceeding before a foreign or international tribunal need not be pending or imminent before an applicant can obtain Section 1782 assistance; instead, the proceeding need

---

[2] I note that the Southern District of Florida stated that, "[a]s a general matter, there is no definitive test to modify a protective order in the Eleventh Circuit," but that "there is a strong presumption against modification." *Id.* (internal quotations and citation omitted).

only be within "reasonable contemplation." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 259 (2004). Because an applicant's litigation strategy need not be certain prior to obtaining Section 1782 assistance, a mere change in litigation strategy at a later point should not be sufficient to unwind a protective order, especially where—as here—the protections were seriously contested, twice amended, and ultimately agreed to by the parties. Tellingly, the Delaware Action has already been filed, and therefore the Responsive Materials were not necessary in order to commence the Delaware Action. Instead, Hornbeam seeks modification of the SAPO for the sake of convenience and to reduce its own costs. This argument rings hollow in light of Hornbeam's actions in this proceeding where Hornbeam has already imposed substantial costs on Symeou and related parties by initially expressing its desire to pursue BVI proceedings, and by seeking and obtaining Section 1782 assistance in connection with that strategy, a process that has spanned over five years, included substantial motion practice, and resulted in my issuing at least six decisions. Moreover, courts have "acknowledge[d] that a § 1782 applicant could attempt to abuse the statute to obtain documents outside the discovery procedures set forth in the Federal Rules of Civil Procedure," and identified as a remedy the entry of a protective order to "control[] discovery abuse in domestic litigation." *Glock*, 797 F.3d at 1009. Ignoring the SAPO's provisions and granting a post hoc motion to amend based on an applicant's pursuit of a domestic litigation strategy would reward such "chicanery." *Id.*

      I note that Hornbeam is unlikely to be prejudiced by my ruling. Symeou represents in a recently filed declaration that "[t]he 'Responsive Materials' produced pursuant to the subpoenas issued in accordance with the [Authorizing Order, (Doc. 5)], will be preserved for potential discovery to be taken in the Delaware Action." (Declaration of Bruce S. Marks, (Doc. 191) ¶ 3.) Accordingly, although Hornbeam may need to expend additional resources seeking discovery of

8

these documents in the Delaware Action—as it will with the discovery produced in connection with the Florida proceedings—these documents will still be available for discovery.[3]

### III.    Conclusion

For the foregoing reasons, it is hereby:

ORDERED that Intervenor Panikos Symeou's letter motion to compel, (Doc. 157), is GRANTED, and Applicant Hornbeam Corporation's motion to amend the Second Amended Protective Order, (Docs. 186, 187), is DENIED;

IT IS FURTHER ORDERED that, in accordance with ¶¶ 15(c) and (d) of the SAPO, Applicant shall destroy the Responsive Materials within fourteen (14) days, and certify such destruction to counsel for Symeou;

IT IS FURTHER ORDERED that, consistent with the representation in the Declaration of Bruce S. Marks, (Doc. 191), the Responsive Materials shall be preserved by counsel for Symeou for potential discovery in the Delaware Action.

The Clerk of Court is respectfully directed to terminate the open motions at Documents 157, 186, 187, and 195.

SO ORDERED.

Dated:     August 13, 2020
           New York, New York

*Vernon S. Broderick*
United States District Judge

---

[3] My ruling is not to be construed as a finding as to the relevance of the Section 1782 materials in any other action. Any determination as to the discoverability of these materials in another case is left to the judge overseeing that case.