UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:

APPLICATION OF HORNBEAM CORP**.**

14 Misc. 424 (VSB)

**INTERVENOR/MOVANT PANIKOS SYMEOU'S
NOTICE OF 30(b)(6) DEPOSITION OF
HOGAN LOVELLS US LLP**

PLEASE TAKE NOTICE that Intervenor/Movant Panikos Symeou ("Symeou") intends to take the deposition upon oral examination of HOGAN LOVELLS US LLP, pursuant to the Federal Rules of Civil Procedure 30(b)(6), commencing at **10:00 a.m.** on December __, 2020, and continuing as needed day to day for a maximum of 7 hours until completion, at the offices of **Reed Smith, 599 Lexington Avenue, New York, New York 10022**, or otherwise at a location or via Zoom, as agreed by the parties.

The deposition will take place before a disinterested, duly qualified Notary Public or other officer authorized by law to administer oaths. The deposition will be recorded by stenographic means, and may be videotaped.

The deponent will be questioned concerning his knowledge of matters identified in Schedule 1 attached hereto. At least fourteen (14) days prior to the scheduled deposition, the deponent shall produce documents identified in Schedule 2 attached hereto. Definitions and instructions are set forth in Schedule 3 attached hereto.

Dated: November __, 2020

                                                                REED SMITH LLP

                                                                By: */s/ Steven Cooper*
                                                                 Steven Cooper
                                                                 Samuel Kadosh
                                                                 599 Lexington Avenue
                                                                 New York, New York 10022
                                                                 Telephone: (212) 521-5400
                                                                 scooper@reedsmith.com
                                                                 Skadosh@reedsmith.com

*and*

MARKS & SOKOLOV, LLC

By: */s/ Bruce S. Marks*
Bruce S. Marks
1835 Market Street, 28th Floor
Philadelphia, PA 19103
Telephone: (215)569-8901
marks@mslegal.com

*Attorneys for Intervenor/Movant Panikos Symeou*

## SCHEDULE 1[1]

1. The name of each person that accessed or received Responsive Materials, including but not limited to persons at HL, HL Int'l, and Herbert Smith, the date(s) Responsive Materials were accessed or received, the reason(s) for each person accessing or receiving Responsive Materials, the manner in which Responsive Materials were stored, the name(s) of the person(s) who provided or allowed access of Responsive Materials, and the reason(s) for the failure to certify destruction of Responsive Materials by HL Int'l and Herbert Smith.

2. The names of all HL and HL Int'l counsel and consultants that worked on preparing Hornbeam's claims for the BVI Proceeding, documents prepared for the BVI Proceeding, and billing records from HL and HL Int'l for any work performed for the BVI Proceeding after October 2016.

3. Policies and procedures for how HL and HL Int'l stored, managed and maintained Responsive Materials, including location of storage (*e.g.*, offices, clouds, networks, servers, file paths), limitations on access and record retention and destruction.

---

[1] Capitalized terms not defined herein are defined in the attached "Definitions."

## SCHEDULE 2

### Document Requests *Duces Tecum*

**1.** All documents and communications concerning each person that accessed or received Responsive Materials, including persons at HL Int'l and Herbert Smith, the date(s) Responsive Materials were accessed or received, the reason(s) for each person accessing or receiving Responsive Materials, the manner in which Responsive Materials were stored, the name(s) of the person(s) who provided or allowed access of Responsive Materials, and the reason(s) for the failure to certify destruction of Responsive Materials by HL Int'l and Herbert Smith.

**2.** All documents and communications concerning HL, HL Int'l, and consultants who worked on preparing Hornbeam's claims for the BVI Proceeding, documents prepared for the BVI Proceeding, billing records from HL and HL Int'l for any work performed for the BVI Proceeding, and documents evidencing access, receipt and/or review of Responsive Materials after October 2016.

**3.** All documents concerning policies and procedures for how HL and HL Int'l stored, managed and maintained Responsive Materials, including location of storage (*e.g.*, offices, clouds, networks, servers, file paths), limitations on access and record retention and destruction.

**4.** A log report showing the dates/times that any Responsive Materials were accessed by any HL or HL Int'l attorneys, time-keepers and other employees.

**5.** All engagement letters of Bracha Foundation, Hornbeam Corp., and Shulman with HL and HL Int'l.

## SCHEDULE 3

## DEFINITIONS

1.      **"*Ex Parte* Order"** shall mean the Court granting on December 24, 2014 (ECF 5) Hornbeam's December 19, 2014 *ex parte* Application (ECF 1) under 28 U.S.C. §1782 requesting discovery for use in future BVI proceedings.

2.      **"BVI Proceeding"** shall mean the potential future BVI proceeding referred to and contemplated in Hornbeam's December 19, 2014 *ex parte* Application (ECF 1) under 28 U.S.C. §1782 requesting discovery for use in future BVI proceedings, the *Ex Parte* Order (ECF 5) and the Protective Orders.

3.      **"Responsive Materials"** shall mean the 14,000 bank records produced in response to Hornbeam's subpoenas on New York banks containing confidential business and personal financial information of Halliwel's beneficial owners – Gennady Bogolyubov ("Bogolyubov") and Igor Kolomoisky ("Kolomoisky").

4.      **"Protective Orders"** shall mean collectively the Court's August 4, 2015 Protective Order (ECF 27), February 1, 2016 Amended Protective Order ("APO") (ECF 71) and May 12, 2017 Second Amended Protective Order ("SAPO") (ECF 106).

5.      **"Permitted Litigations"** shall mean this §1782 proceeding, any "Hornbeam initiate[d] proceedings in the BVI … [and none other because] Hornbeam may not use the Responsive Materials in any other litigation…"  *See* APO/SAPO, ¶1(e) (citing the September 17, 2015 Order at 21).

6.      **"English Litigation"** shall mean the action commenced in England's High Court of Justice Chancery Division on May 12, 2017 against Messrs. Kolomoisky and Bogolyubov.

7.      **"Non-Certifying Recipients"** means those persons that did not certify destruction of the Responsive Materials, including Vadim Shulman, Hornbeam Corporation ("Hornbeam");

5

HL Int'l, Herbert Smith; Natalya Luchnikova; Carol Bruce (who was no longer at Murphy & McGonigle PC as of late 2019); and Holland & Knight LLP attorneys, James Power and Sean Barry.

8. **"PrivatBank"** shall mean Joint Stock Company Commercial Bank PrivatBank.

9. **"PrivatBank Action"** shall mean the action PrivatBank brought in England in which, on December 19, 2017, HL Int'l applied for a Worldwide Freezing Order against Kolomoisky and Bogolyubov, on behalf of PrivatBank.

10. **"HL"** shall mean Hogan Lovells US LLP.

11. **"HL Int'l"** shall mean Hogan Lovells International LLP.

12. **"Herbert Smith"** shall mean Herbert Smith Freehills LLP.

13. **"RM Files"** shall mean all copies of Responsive Materials in both electronic and non-electronic formats (hard copies).

14. **"Communication"** shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and includes but is not limited to all correspondence, emails, texts, recordings and messages.

15. **"Concerning"** shall mean regarding, relating to, referring to, pertaining to, alluding to, responding to, commenting upon, describing, discussing, showing, disclosing, explaining, evidencing, mentioning, analyzing, comprising, constituting, characterizing, setting forth, or summarizing, either directly or indirectly in whole or in part.

16. "**Document(s)**" shall be interpreted in the broadest possible sense and is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A) and includes, but is not limited to, all hardcopies, all electronic data (*e.g.*, emails, texts) and all communications which are stored

or retrievable or recorded in any manner. "Document" also includes drafts or revisions or non-identical copies and each such copy is a separate document within the meaning of this term.

17. "**Person**" shall mean any natural person or any legal entity, including, without limitation, any proprietorship, partnership, corporation, association, organization, trust, joint venture, firm, group, other business enterprise, governmental body, group of natural persons or other entity and the parent entities, affiliates, divisions, subgroups, subsidiaries, predecessors-in-interest, successors, assigns, representatives, attorneys, financial advisors, accountants, trustees, consultants, agents, officers, directors, employees thereof.

18. "**Relevant Time Period**" shall mean the time period from **December 24, 2014** through the present, unless otherwise stated.

19. "**State**," or "**Describe**," or "**Identify**," "**Identity**," or "**Identification**" shall have the following meanings as the context shall make appropriate:

    **a.**    When applied to persons means that You are to state the person's: (i) full name; (ii) current or last known business address and telephone numbers; (iii) title/position (if any); and (iv) subject matter of which the person has knowledge related to this action.

    **b.**    When used with reference to a communication means that You are to state: (i) the parties to the communication; (ii) the date (or approximate date if the exact date cannot be remembered) of the communication; (iii) whether the communication was written or oral; (iv) the substance of the communication; (v) the identity of any documents relating to the communication; and (vi) the location of the notes or other documents.

    **c.**    When used with reference to a document means You are to state: (i) the type of document (*e.g.*, letter, photograph); (ii) each person who wrote, signed, initialed or otherwise participated in the creation of the document; (iii) the document's addressee, recipient, and any other person to whom it was directed or made available; (iv) the date (or approximate date if the exact date cannot be remembered) the document was created; (v) the document's language, text or substance (to the best that it can be recalled); and (vi) if the document is no longer in existence or in Your control, the disposition that was made of it and the document's present location or the location of any copies known to the party.

20. **"You"** and **"Your"** shall mean the deponent and all of his present or former agents, attorneys, consultants, employees, representatives and/or anyone acting or purporting to act on his behalf.

## INSTRUCTIONS

1. The following rules of construction apply:

    a. **All/Any/Each**. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

    b. **And/Or**. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

    c. **Number**. The use of the singular form of any word includes the plural and vice versa.

    d. **Including**. The term "including" shall be deemed to be always followed by the phrase "but not limited to" whether or not it is written as such.

2. The use of the masculine shall include the feminine, or neuter, as appropriate, in the context.

3. If You claim privilege or any other objection with regard to only part of a document or request, respond to or produce the part to which there is no objection. With regard to the portion objected to, or if a complete document, please prepare a privilege log setting forth the subject matter of the document, date made, length of pages, identity of senders and recipients, and nature of the objection.

4. Where a complete answer to a particular request is not possible, answer the request to the extent possible and state why only a partial answer is given. In the event you object to any request or instruction on the basis of a contention that it is vague, ambiguous, or overbroad, set forth as part of Your response, the language You claim is vague, ambiguous, or overbroad, and the interpretation You used in order to respond.

5. In the event file(s) or document(s) has/have been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each sub-file, if any, maintained within the file, and the

present location of the file.

      **6.**      If any document responsive to a request was, but no longer is, in Your possession, custody or subject to Your control, or has been destroyed, discarded or otherwise incapable of production, state: (a) the date; (b) the sender, recipient and persons to whom copies were provided, together with their job titles; (c) the information contained therein; (d) the date upon which it ceased to exist; (e) the efforts made to recover the document or information; (f) the circumstances under which it was discarded, lost or destroyed; (g) the disposition that was made of it; and (h) the identity of all persons having knowledge of the contents.

      **7.**      Electronic data shall be produced in native format with load files and all metadata included.

      **8.**      Unless otherwise specified, documents and information are requested for the Relevant Time Period.